**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ENVISION HEALTHCARE CORPORATION, *et al.*,[1] | ) ) | Case No. 23-90342 (CML) |
| | ) | |
| Debtors. | ) ) | (Joint Administration Requested) (Emergency Hearing Requested) |

**DEBTORS' <u>EMERGENCY</u> MOTION FOR
ENTRY OF AN ORDER (I) AUTHORIZING THE PAYMENT
OF CERTAIN TAXES AND FEES AND (II) GRANTING RELATED RELIEF**

---

**Emergency relief has been requested. Relief is requested not later than 4:00 p.m. (prevailing Central Time) on May 15, 2023.**

**If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

**A hearing will be conducted on this matter on May 15, 2023 at 4:00 p.m. (prevailing Central Time) in Courtroom 401, 4th floor, 515 Rusk Street, Houston, Texas 77002. Participation at the hearing will only be permitted by an audio and video connection.**

**Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Lopez's home page. The meeting code is "JudgeLopez". Click the settings icon in the upper right corner and enter your name under the personal information setting.**

**Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Lopez's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

---

[1]   A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/Envision. The Debtors' service address is 1A Burton Hills Boulevard, Nashville, Tennessee 37215.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion:

## Relief Requested

1.     The Debtors seek entry of an order, substantially in the form attached hereto (the "Order"), (a) authorizing the Debtors to (i) remit and pay (or use tax credits to offset) Taxes and Fees (as defined herein) in the ordinary course of business that are payable or become payable during these chapter 11 cases (including any obligations subsequently determined upon audit or otherwise to be owed for periods prior to, including, or following the Petition Date) and (ii) undertake the Tax Planning Activities (as defined herein), and (b) granting related relief.

## Jurisdiction and Venue

2.     The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  The Debtors confirm their consent to the Court's entry of a final order.

3.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.     The bases for the relief requested herein are sections 105(a), 363(b), 507(a)(8), and 541 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 6003, and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## Background

5.     Envision Healthcare Corporation ("EVHC" and together with certain of its Debtor and non-Debtor affiliates and subsidiaries, "Envision" or the "Company") is a leading national medical group that works in collaboration with healthcare partners, payors, and others in the healthcare industry to ensure the delivery of high-quality, accessible, and affordable patient care.

6.      On the date hereof (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  A detailed description of the Debtors and their businesses, including facts and circumstances giving rise to these chapter 11 cases is set forth in the First Day Declarations,[2] filed contemporaneously with this motion and incorporated by reference herein.

7.      The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Concurrently with the filing of this motion, the Debtors have requested procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

**Taxes and Fees Overview**

8.      In the ordinary course of business, the Debtors collect, withhold, and incur taxes and fees related to property taxes, sales and use taxes, income and related taxes, regulatory and other taxes and fees, franchise and privilege taxes, healthcare provider taxes and fees, and audits, as well as other governmental taxes, fees, and assessments (collectively, the "Taxes and Fees").[3]

---

[2]   Capitalized terms used but not otherwise defined in this motion shall have the meanings ascribed to them in (a) the *Declaration of Paul Keglevic, Chief Restructuring Officer of Envision Healthcare Corporation, in Support of the Debtors' Chapter 11 Petitions* (the "Keglevic First Day Declaration") and (b) the *Declaration of Dennis Stogsdill, Managing Director of Alvarez & Marsal North America, LLC, in Support of (I) the Debtors' First Day Motions and (II) the Debtors' Emergency Motion for Entry of Interim and Final Orders (A) Authorizing the Debtors to Use Cash Collateral, (B) Granting Adequate Protection to Prepetition Secured Parties, (C) Scheduling a Final Hearing, (D) Modifying the Automatic Stay, and (E) Granting Related Relief* (the "Stogsdill First Day Declaration," and together with the Keglevic First Day Declaration, the "First Day Declarations").

[3]   This motion does not seek relief with respect to the Debtors' collection and remittance of employee-related taxes and withholdings, which are instead addressed in the *Debtors' Emergency Motion for Entry of an Order (I) Authorizing the Debtors to (A) Pay Prepetition Wages, Salaries, Other Compensation, and Reimbursable Expenses and (B) Continue Employee Benefits Programs, and (II) Granting Related Relief*, filed contemporaneously herewith.

The Debtors pay or remit, as applicable, Taxes and Fees to various governmental authorities (each, an "Authority," and collectively, the "Authorities") on a periodic basis (monthly, quarterly, semi-annually, or annually) depending on the nature and incurrence of a particular Tax and Fee and as required by applicable laws and regulations.  A schedule identifying the Authorities is attached hereto as **Exhibit A**.[4]  The Debtors generally pay and remit Taxes and Fees through checks and electronic transfers that are processed through their banks and other financial institutions or service providers.  From time to time, the Debtors may also receive tax credits for overpayments or refunds in respect of Taxes or Fees.  The Debtors generally use these credits in the ordinary course of business to offset against future Taxes or Fees or have the amount of such credits refunded to the Debtors.

9.      Additionally, the Debtors may become subject to routine audit investigations on account of tax returns and/or tax obligations in respect of prior years ("Audits") during these chapter 11 cases.  Audits may result in additional prepetition Taxes and Fees being assessed against the Debtors (such additional Taxes and Fees, "Assessments").[5]  By this motion, the Debtors seek authority to pay or remit Assessments as they arise in the ordinary course of the Debtors' business.

10.     The Debtors seek authority to pay and remit all prepetition and postpetition obligations on account of Taxes and Fees (including any obligations subsequently determined upon Audit or otherwise to be owed), including:  (a) where Taxes and Fees accrue or are incurred postpetition; (b) Taxes and Fees that have accrued or were incurred prepetition but were not paid

---

[4]   Although **Exhibit A** to this motion is intended to be comprehensive, the Debtors may have inadvertently omitted Authorities from **Exhibit A**.  The Debtors request relief with respect to Taxes and Fees payable to all Authorities, regardless of whether such Authority is specifically identified in **Exhibit A**.

[5]   Nothing in this motion, or any related order, constitutes or should be construed as an admission of liability by the Debtors with respect to any Audit or Assessment.  The Debtors expressly reserve all rights with respect to any Audit and the right to contest any Assessments claimed to be due as a result of any Audit.

prepetition or were paid in an amount less than actually owed; (c) where payments made prepetition by the Debtors were lost or otherwise not received in full by any of the Authorities; and (d) Taxes and Fees incurred for prepetition periods that become due and payable after the commencement of these chapter 11 cases.  In addition, for the avoidance of doubt, the Debtors seek authority to pay Taxes and Fees for so-called "straddle" periods.[6]

11.     Finally, the Debtors seek authority to undertake certain typical activities related to tax planning, including:  (a) converting Debtor entities from one form to another (*e.g.*, converting an entity from a corporation to a limited liability company) via conversion, merger, or otherwise ("Entity Conversions"); (b) making certain tax elections (including with respect to the tax classification of Debtor entities) ("Entity Classification Elections"); (c) changing the position of Debtor entities within the Debtors' corporate structure ("Entity Movements"); and (d) modifying or resolving intercompany claims and moving assets or liabilities among Debtor entities if doing so will not alter the substantive rights of the Debtors' stakeholders in these chapter 11 cases ("Asset and Liability Movements" and, together with the Entity Conversions, Entity Classification Elections, and Entity Movements, the "Tax Planning Activities").

12.     Any failure by the Debtors to pay the Taxes and Fees could materially disrupt the Debtors' business operations in several ways, including (but not limited to):  (a) the Authorities may initiate Audits of the Debtors, which would unnecessarily divert the Debtors' attention from these chapter 11 cases; (b) the Authorities may attempt to suspend the Debtors' operations, file liens, seek to lift the automatic stay, and/or pursue other remedies that will harm the estates; and (c) in certain instances, the Debtors' directors and officers could be subject to claims of personal

---

[6]     The Debtors reserve their rights with respect to the proper characterization of any "straddle" Taxes and Fees and to seek reimbursement of any portion of any payment made that ultimately is not entitled to administrative or priority treatment.

liability, which would distract those key individuals from their duties related to the Debtors'
restructuring.  Taxes and Fees not paid on the due date as required by law may result in fines and
penalties, the accrual of interest, or both.  The Debtors also collect and hold certain outstanding
tax liabilities in trust for the benefit of the applicable Authorities, and these funds may not
constitute property of the Debtors' estates.  Accordingly, the Debtors seek authority to pay, in their
reasonable discretion, the Taxes and Fees (including Assessments) in the ordinary course as they
become due and to engage in Tax Planning Activities as necessary.

13.     The Debtors estimate that approximately $6.4 million in Taxes and Fees is
outstanding as of the Petition Date.

| Category | Description | Approximate Amount Accrued and Unpaid as of Petition Date |
|---|---|---|
| Property Taxes | Taxes related to real and personal property holdings, generally payable on an annual basis. | $250,000 |
| Sales and Use Taxes | Taxes on goods and services sold or used, assessed based on the value of such goods and services, generally payable on a monthly or quarterly basis. | $90,000 |
| Income and Related Taxes | Income taxes incurred in the ordinary course of business based on the jurisdictions in which the Debtors do business, payable on an annual basis, as well as other taxes, incurred in the ordinary course of business. | $3,300,000 |
| Regulatory Taxes and Fees | Taxes and Fees related to compliance with periodic licensing, permitting, reporting, and similar requirements, generally payable on an annual basis, depending on the specific Tax or Fee. | $900,000 |
| Annual Reporting and Other Fees | Fees related to annual reporting, permitting, and licensing fees in connection with chartering or operating in those states. | $200,000 |
| Franchise and Business Privilege Taxes | Taxes related to licenses to operate in Alabama, California, Delaware, Oklahoma, and Tennessee, among others. | $320,000 |
| Healthcare Provider Taxes and Fees | Fees paid by third-party payors to Company healthcare partners that provide ambulatory care. | N/A |

| Category | Description | Approximate Amount Accrued and Unpaid as of Petition Date |
|---|---|---|
| Audits & Assessments | Additional Taxes and Fees being assessed as a result of routine investigations by relevant Authorities. | $1,300,000 |
| **Total** | | $6,360,000 |

## I.    Property Taxes.

14.    State and local laws in the jurisdictions where the Debtors operate generally grant Authorities the power to levy property taxes against the Debtors' real and personal property (collectively, the "Property Taxes"). To avoid the imposition of statutory liens on their real and personal property, the Debtors typically pay the Property Taxes in the ordinary course of business on a monthly, quarterly, or annual basis, depending on the specific Taxes or Fees. This includes Property Taxes collected from certain third parties and paid to the applicable Authorities. As of the Petition Date, the Debtors estimate that they have accrued approximately $250,000 in Property Taxes that have not been remitted to the relevant Authorities. The Debtors request authority to pay prepetition Property Taxes as they become due and owing and to continue paying their Property Taxes obligations on a postpetition basis in the ordinary course of business.

## II.    Sales and Use Taxes.

15.    The Debtors incur, collect, and remit sales and use taxes to the Authorities in connection with the sale, purchase, and use of goods and services (collectively, the "Sales and Use Taxes"). The Debtors generally remit Sales and Use Taxes on a monthly, quarterly, or annual basis, depending upon the jurisdiction. In 2022, the Debtors remitted approximately $500,000 in aggregate Sales and Use Taxes to the Authorities. As of the Petition Date, the Debtors estimate that they have incurred or collected approximately $90,000 in Sales and Use Taxes that have not been remitted to the relevant Authorities.

16.     Part of the Debtors' Sales and Use Taxes include gross receipts taxes and commercial activity taxes.  The gross receipt taxes are applied to the Company's gross sales and apply to buyer-to-buyer transactions, as well as to consumer purchases.  These taxes are unique to the state of Washington and are levied upon sellers of goods and services.  The Company's gross receipts taxes are paid quarterly.  The commercial activity taxes are measured by gross sales from general business activity before business expenses.  These taxes are unique to Ohio and Oregon and are levied upon sellers of goods and services.  The Company's commercial activity taxes are paid quarterly.

17.     The Debtors request authority to pay prepetition Sales and Use Taxes as they become due and owing and to continue paying their Sales and Use Taxes obligations on a postpetition basis in the ordinary course of business.

## III.     Income and Related Taxes.

18.     The Debtors incur and are required to pay various state, local, and federal income taxes or corporate taxes, including gross receipts taxes (collectively, "Income and Related Taxes").  Generally, Income and Related Taxes are calculated as a percentage of net income (*i.e.*, the difference between gross receipts and expenses after accounting for additional write-offs).  In certain jurisdictions, the Debtors remit estimated amounts in respect of Income and Related Taxes, resulting in tax credits or overpayments that may be set off against future Income and Related Taxes or in certain circumstances may be refunded to the Debtors or non-Debtor affiliates.  The Debtors generally remit Income and Related Taxes to the relevant Authorities in accordance with the statutory requirements of each applicable jurisdiction (*e.g.*, on a quarterly or annual basis).[7]

---

[7]     Note that different types of Taxes are included on the Debtors' state income tax return for certain jurisdictions. For the avoidance of doubt, the Debtors are seeking authority to continue remitting these taxes, which are included on income tax returns in the ordinary course of business and consistent with past practices.

19.     As of the Petition Date, the Debtors owe $3.3 million prepetition Income and Related Taxes to the applicable Authorities.  The Debtors request authority to pay prepetition Income and Related Taxes as they become due and owing and to continue paying their Income and Related Taxes obligations on a postpetition basis in the ordinary course of business.

## IV.     Regulatory Taxes and Fees

20.     The Debtors incur and remit Taxes and Fees related to compliance with licensing, permitting, reporting, and similar requirements (the "Regulatory Fees").  The Regulatory Fees are generally payable on an annual basis.  As of the Petition Date, the Debtors estimate that they have accrued approximately $900,000 in Regulatory Fees (the "Regulatory Fee Obligations") that have not been remitted to the relevant Authorities.  The Debtors request authorization to pay prepetition Regulatory Fees as they become due and owing and to continue paying their Regulatory Fee Obligations on a postpetition basis in the ordinary course of business.

## V.     Annual Reporting and Other Fees.

21.     The Debtors incur and remit annual reporting, permitting, and licensing fees in connection with operating in every state, except Hawaii ("Fees").  As of the Petition Date, the Debtors estimate that they have accrued approximately $200,000 in Fees (the "Fee Obligations") that have not been remitted to the relevant Authorities.  The Debtors request authorization to pay prepetition Fees as they become due and owing and to continue paying their Fee Obligations on a postpetition basis in the ordinary course of business.

## VI.     Franchise and Business Privilege Taxes.

22.     The Debtors are required to pay state franchise taxes, independent of income taxes, in Alabama, California, Oklahoma, and Tennessee in order to continue conducting their business pursuant to applicable law ("Franchise Taxes").  State and local Authorities in Alabama, Arizona, Colorado, Florida, Kentucky, Missouri, New Mexico, and Virginia also impose taxes on the

Debtors for, among other things, operating licenses and additional business privileges, including healthcare credit programs (together with Franchise Taxes, "Franchise and Privilege Taxes"). Failure to pay Franchise and Privilege Taxes as they become due in the ordinary course could cause the Debtors to lose their ability to conduct business in the applicable jurisdictions. The Debtors pay their Franchise and Privilege Taxes in accordance with the statutory requirements of each applicable jurisdiction (*e.g.*, on a quarterly or annual basis).[8]

23.     As of the Petition Date, the Debtors estimate that they have accrued approximately $320,000 on account of prepetition Franchise and Privilege Taxes that have not been remitted to the relevant Authorities.  The Debtors request authorization to pay prepetition Franchise and Privilege Taxes and to continue paying the Franchise and Privilege Taxes on a postpetition basis in the ordinary course of business.

**VII.    Healthcare Provider Taxes and Fees**

24.     In the ambulatory surgery business segment ("AMSURG"), the Debtors provide certain healthcare-related services, which result in fees paid to the Company's healthcare partners by third-party payors ("Healthcare Provider Taxes and Fees").  The Debtors generally remit Healthcare Provider Taxes and Fees in accordance with the statutory requirements of each applicable jurisdiction (*e.g.*, on a quarterly or annual basis).

25.     As of the Petition Date, the Debtors do not owe any amounts in Healthcare Provider Taxes and Fees.  However, out of an abundance of caution, the Debtors request authorization to pay prepetition Healthcare Provider Taxes and Fees, if any, as they become due and owing and to

---

[8]     Different types of Taxes and Fees are included on the Debtors' state franchise tax return for certain jurisdictions. For the avoidance of doubt, the Debtors are seeking authority to continue remitting these taxes, which are included on franchise tax returns in the ordinary course of business.

continue paying their Healthcare Provider Taxes and Fees obligations on a postpetition basis in the ordinary course of business.

## VIII.   Audits and Assessments.

26.      The Debtors are currently involved in ongoing Audits and may be subject to further investigations on account of tax returns and/or tax obligations in prior years.  Additionally, the Debtors may be subject to Assessments.  Further, the Debtors routinely review their books and records and perform other related activities in connection with their Taxes and Fees in the ordinary course of business, which could give rise to additional liabilities that are not associated with an Audit or Assessment.

27.      As of the Petition Date, the Debtors have $1.3 million in outstanding Assessments, which amount includes certain taxes and fees that are being disputed in the appropriate judicial or administrative proceeding.  The Debtors request authorization to pay undisputed prepetition and postpetition Assessments and to continue to negotiate and pay obligations due and payable on account of settlements or resolutions with the applicable Authority regarding any disputed Assessments on a postpetition basis in the ordinary course of business.

## <u>Basis for Relief</u>

## I.      Certain of the Taxes and Fees May Not Be Property of the Debtors' Estates.

28.      Section 541(d) of the Bankruptcy Code provides, in relevant part, that "[p]roperty in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest . . . becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtors' legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold."  Certain of the Taxes and Fees are collected or withheld by the Debtors on behalf of the applicable Authorities and are held in trust by the Debtors. *See, e.g.*, 26 U.S.C § 7501 (stating that certain taxes and fees are held in trust); *Begier v. Internal*

*Revenue Serv.*, 496 U.S. 53, 57–60 (1990) (holding that certain taxes are property held by the debtor in trust for another and, as such, do not constitute property of the estate); Tex. Tax Code Ann. § 111.016(a) (Vernon 2007) ("Any person who receives or collects a tax or any money represented to be a tax from another person holds the amount so collected in trust for the benefit of the state and is liable to the state for the full amount collected plus any accrued penalties and interest on the amount collected."). These Taxes and Fees are not property of the Debtors' estates under section 541 of the Bankruptcy Code. *See, e.g.*, 11 U.S.C. § 541(d); *Begier*, 496 U.S. at 56 (holding that any prepetition payment of trust fund taxes is not an avoidable preference because the funds are not the debtor's property); *In re Equalnet Comm. Corp.*, 258 B.R. 368, 370 (Bankr. S.D. Tex. 2000) ("[C]ertain prepetition tax claims, such as sales taxes, could be trust fund claims."). For example, all U.S. federal internal revenue tax withheld is considered to be held in a special fund in trust for the United States. *Begier*, 496 U.S. at 60. Because the Debtors may not have an equitable interest in funds held on account of such "trust fund" Taxes and Fees, the Debtors should be permitted to pay those funds to the applicable Authorities as they become due in the ordinary course of business.[9]

## II.    Certain of the Taxes and Fees May Be Priority Claims Entitled to Priority Treatment Under the Bankruptcy Code.

29.    Claims on account of certain of the Taxes and Fees may be priority claims entitled to payment before general unsecured claims. *See* 11 U.S.C. § 507(a)(8) (describing taxes entitled to priority treatment). To the extent that such amounts are entitled to priority treatment under the Bankruptcy Code, the respective Authorities may attempt to assess interest and penalties if such amounts are not paid. *See* 11 U.S.C. § 507(a)(8)(G) (granting eighth priority status to "a penalty

---

[9]    For clarity, the Debtors are requesting authority to pay the Taxes and Fees as provided herein regardless of whether such Taxes and Fees constitute trust fund obligations.

related to a claim of a kind specified in this paragraph and in compensation for actual pecuniary loss"). Claims entitled to priority status pursuant to section 507(a)(8) of the Bankruptcy Code must be paid in full under a confirmable plan pursuant to section 1129(a)(9)(C) of the Bankruptcy Code. The payment of certain Taxes and Fees (*i.e.*, the ones that may be entitled to priority) at this time only affects the timing of the payment for the amounts at issue and will not unduly prejudice the rights and recoveries of junior creditors. Payment of such Taxes and Fees likely will give Authorities no more than that to which they otherwise would be entitled under a chapter 11 plan and will save the Debtors the potential interest expense, legal expense, and penalties that might otherwise accrue on the Taxes and Fees during these chapter 11 cases.

30. It is also possible that at least some of the Taxes and Fees may be entitled to secured status with respect to the property that the Debtors own. As secured claims, these Taxes and Fees would be entitled to priority treatment when the Debtors sell the property that these Taxes and Fees are recorded against or when the Debtors confirm a plan of reorganization. *See* 11 U.S.C. §§ 506(a); 1129(a)(9)(C); 1129(b)(2)(A) (requiring that any plan of reorganization "crammed down" over a class of secured creditors pay those creditors in full or allow those creditors to retain their liens). Authority to pay the Taxes and Fees only affects the timing of the payments and will not unduly prejudice the rights and recoveries of other creditors of the Debtors.

## III. Payment of the Taxes and Fees and Undertaking the Tax Planning Activities as Provided Herein Is a Sound Exercise of the Debtors' Business Judgment.

31. Courts in the Fifth Circuit and elsewhere have recognized that it is appropriate to authorize the payment of prepetition obligations where necessary to protect and preserve the estate, including an operating business's going-concern value. *See, e.g.*, *In re CoServ, L.L.C.*, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002); *see also In re Ionosphere Clubs, Inc.*, 98 B.R. 174, 175–76 (Bankr. S.D.N.Y. 1989) ("The ability of a Bankruptcy Court to authorize the

payment of pre-petition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept.").  In doing so, these courts acknowledge that several legal theories rooted in sections 105(a) and 363(b) of the Bankruptcy Code support the payment of prepetition claims.

32.     Section 363(b) of the Bankruptcy Code permits a bankruptcy court, after notice and a hearing, to authorize a debtor to "use, sell, or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b)(1).  "In determining whether to authorize the use, sale or lease of property of the estate under this section, courts require the debtor to show that a sound business purpose justifies such actions."  *In re Montgomery Ward Holding Corp.*, 242 B.R. 147, 153 (D. Del. 1999) (collecting cases); *see also In re James A. Phillips, Inc.*, 29 B.R. 391, 397 (S.D.N.Y. 1983) (relying on section 363 to allow contractor to pay prepetition claims of suppliers who were potential lien claimants because the payments were necessary for general contractors to release funds owed to debtors).

33.     Courts also authorize payment of prepetition claims in appropriate circumstances based on section 105(a) of the Bankruptcy Code.  Section 105(a) of the Bankruptcy Code codifies a bankruptcy court's inherent equitable powers to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  Under section 105(a), courts may authorize pre-plan payments of prepetition obligations when essential to the continued operation of a debtor's businesses.  *See In re Just for Feet, Inc.*, 242 B.R. 821, 825–26 (D. Del. 1999).  Specifically, a court may use its power under section 105(a) of the Bankruptcy Code to authorize payment of prepetition obligations pursuant to the "necessity of payment" rule (also referred to as the "doctrine of necessity").  *See, e.g.*, *Ionosphere Clubs*, 98 B.R. at 176; *In re Lehigh & New England Ry Co.*, 657 F.2d 570, 581 (3d Cir. 1981) (stating

that courts may authorize payment of prepetition claims when there "is the possibility that the creditor will employ an immediate economic sanction, failing such payment"); *In re Mirant Corp.*, 296 B.R. 427, 429 (Bankr. N.D. Tex. 2003) (noting that non-payment of prepetition claims may seriously damage a debtor's business).  A bankruptcy court's use of its equitable powers to "authorize the payment of prepetition debt when such payment is needed to facilitate the rehabilitation of the debtor is not a novel concept." *Ionosphere Clubs*, 98 B.R. at 175–76 (citing *Miltenberger v. Logansport, C. & S.W. Ry. Co.*, 106 U.S. 286 (1882)).  Indeed, at least one court has recognized that there are instances when a debtor's fiduciary duty can "only be fulfilled by the preplan satisfaction of a prepetition claim." *CoServ*, 273 B.R. at 497.

34.    The Debtors' timely payment of the Taxes and Fees is critical to their continued and uninterrupted operations.  If certain Taxes and Fees remain unpaid, the Authorities may seek to recover such amounts directly from the Debtors' directors, officers, or employees, thereby distracting such key personnel from the administration of these chapter 11 cases.  *See, e.g.,* Tex. Tax Code Ann. § 111.016 (Vernon 2007) (persons who hold money paid as a tax for the benefit of the state are liable to the state for the full amount); *In re Tex. Pig Stands, Inc.*, 610 F.3d 937, 941 (5th Cir. 2010) (noting that corporate officers may be held responsible for payment of certain corporate taxes).  Any collection action on account of such amounts, and any potential ensuing liability, would distract the Debtors and their personnel to the detriment of all parties in interest.  The dedicated and active participation of the Debtors' officers and employees is integral to the Debtors' continued operations and essential to the orderly administration and, ultimately, the success of these chapter 11 cases.

35.     Finally, the Debtors' failure to timely pay Taxes and Fees may result in increased tax liability for the Debtors if interest and penalties accrue on the unpaid Taxes and Fees.  Such a result would be contrary to the best interests of the Debtors' estates and all stakeholders.

36.     For the foregoing reasons, the Court should authorize the Debtors to pay all prepetition and postpetition obligations on account of Taxes and Fees, including any Assessments, and undertake Tax Planning Activities.

### Emergency Consideration

37.     Bankruptcy Rule 6003 empowers a court to grant relief within the first twenty-one days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm."  Failure to receive the relief requested in this motion during the first twenty-one days of these chapter 11 cases would severely disrupt the Debtors' operations at this critical juncture.  The Debtors have satisfied the "immediate and irreparable" harm standard in Bankruptcy Rule 6003 and request that the Court approve the relief requested on an emergency basis.

### Processing of Checks and Electronic Fund Transfers Should Be Authorized

38.     The Debtors have sufficient funds to pay the amounts described in this motion in the ordinary course of business by virtue of expected cash flows from ongoing business operations and anticipated access to cash collateral and debtor in possession financing.  In addition, under the Debtors' existing cash management system, the Debtors can readily identify checks or wire transfer requests as relating to an authorized payment in respect of the relief requested herein.  Accordingly, the Debtors believe there is minimal risk that checks or wire transfer requests that the Court has not authorized will be honored inadvertently.  Therefore, the Debtors request that the Court authorize and direct all applicable financial institutions at the Debtors' request to receive, process, honor, and pay any and all checks or wire transfer requests in respect of the relief requested in this motion.

16

## Waiver of Bankruptcy Rule 6004(a) and 6004(h)

39.     The Debtors request that the Court enter an order providing that notice of the relief

requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to

exclude such relief from the fourteen-day stay period under Bankruptcy Rule 6004(h), which is

necessary to implement the relief requested in this motion.

## Reservation of Rights

40.     Nothing contained herein or any actions taken pursuant to such relief requested is

intended or shall be construed as (a) an admission as to the amount of, basis for, or validity of any

claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law,

(b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any

grounds, (c) a promise or requirement to pay any claim, (d) an implication or admission that any

particular claim is of a type specified or defined in this motion or any order granting the relief

requested in this motion or a finding that any particular claim is an administrative expense claim

or other priority claim, (e) a request or authorization to assume, adopt, or reject any agreement,

contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) an admission as to the

validity, priority, enforceability, or perfection of any lien on, security interest in, or other

encumbrance on property of the Debtors' estates, (g) a waiver or limitation of the Debtors' or any

other party in interest's rights under the Bankruptcy Code or any other applicable law, or (h) a

concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that

may be satisfied pursuant to the relief requested in this motion are valid, and the rights of all parties

in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of

all such liens.  If the Court grants the relief sought herein, any payment made pursuant to the

Court's order is not intended and should not be construed as an admission as to the validity of any

particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

### Notice

41.     The Debtors will provide notice of this motion to the following parties or their respective counsel:  (a) the U.S. Trustee for the Southern District of Texas; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the ABL Agent; (d) counsel to the RCF Agent; (e) counsel to the Ad Hoc Group of First Lien AmSurg Lenders; (f) counsel to the AmSurg 2L Group; (g) counsel to the Envision Ad Hoc Group; (h) counsel to the Unsecured Notes Group; (i) counsel to the Consenting Sponsors; (j) the United States Attorney's Office for the Southern District of Texas; (k) the Internal Revenue Service; (l) the United States Securities and Exchange Commission; (m) the state attorneys general for states in which the Debtors conduct business; (n) the Authorities; and (o) any party that has requested notice pursuant to Bankruptcy Rule 2002 and Bankruptcy Local Rule 9013-1(d).  In light of the nature of the relief requested, no other further notice need be given.

The Debtors request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Houston, Texas
May 15, 2023

*/s/ Rebecca Blake Chaikin*

**JACKSON WALKER LLP**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Rebecca Blake Chaikin (TX Bar No. 24133055)
Vienna Anaya (TX Bar No. 24091225)
Javier Gonzalez (TX Bar No. 24119697)
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone:    (713) 752-4200
Facsimile:      (713) 752-4221
Email:           rchaikin@jw.com
                      vanaya@jw.com
                      jgonzalez@jw.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Nicole L. Greenblatt, P.C. (*pro hac vice* pending)
Anne G. Wallice (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:      (212) 446-4900
Email:           esassower@kirkland.com
                      jsussberg@kirkland.com
                      ngreenblatt@kirkland.com
                      anne.wallice@kirkland.com

- and -

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
John R. Luze (*pro hac vice* pending)
Annie L. Dreisbach (*pro hac vice* pending)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:      (312) 862-2200
Email:           john.luze@kirkland.com
                      annie.dreisbach@kirkland.com

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*

**Certificate of Accuracy**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

*/s/ Rebecca Blake Chaikin*
Rebecca Blake Chaikin

**Certificate of Service**

I certify that on May 15, 2023, I caused a copy of the foregoing document to be served via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Rebecca Blake Chaikin*
Rebecca Blake Chaikin

**<u>Exhibit A</u>**

**Authorities**

| Tax Type | Jurisdiction | Tax Authority | Address |
|---|---|---|---|
| Personal Property | Madison County | Madison County Tax Collector | 100 Northside Square, Huntsville, AL 35801 |
| Personal Property | Benton County | Benton County Collector | 215 E Central Ave, Bentonville, AR 72712 |
| Personal Property | Washington County | Washington County Tax Collector | 280 N College Ave, Ste 202, Fayetteville, AR 72701 |
| Personal Property | Maricopa County | Maricopa County Assessor | 301 W Jefferson, Phoenix, AZ 85003 |
| Personal Property | Pima County | Pima County Assessor | 240 N Stone Ave, Tucson, AZ 85701 |
| Personal Property | Contra Costa County | Contra Costa County Tax Collector | PO Box 7002, San Francisco, CA 94120 |
| Personal Property | Santa Barbara | County of Santa Barbara | PO Box 579, Santa Barbara, CA 93102 |
| Personal Property | Stanislaus | Stanislaus County Tax Collector | PO Box 859, Modesto, CA 95353 |
| Personal Property | Arapahoe County | Arapahoe County Treasurer | 5334 S Prince St, Littleton, CO 80120 |
| Personal Property | Denver County | Denver County | 201 W Colfax Ave, Dept 1009, Denver, CO 80202 |
| Personal Property | Jefferson County | Jerry DiTullio/Jefferson County Treasurer | 100 Jefferson County Pkwy 2520, Golden, CO 80419 |
| Personal Property | Alachua County | John Power, Alachua County Tax Collector | 5830 NW 34th Blvd, Gainesville, FL 32653 |
| Personal Property | Broward County | Broward County Tax Collector | 116 S Andrews Ave #A100, Ft Lauderdale, FL 33301 |
| Personal Property | Escambia County | Scott Lunsford, Escambia County Tax Collector | PO Box 1312, Pensacola, FL 32591 |
| Personal Property | Leon County | Leon County Tax Collector | PO Box 1835, Tallahassee, FL 32302 |

| Tax Type | Jurisdiction | Tax Authority | Address |
|---|---|---|---|
| Personal Property | Manatee County | Ken Burton Jr, Manatee County Tax Collector | PO Box 25300, Bradenton, FL 34206 |
| Personal Property | Orange County | Orange County Tax Collector | PO Box 545100, Orlando, FL 32854 |
| Personal Property | Pinellas County | Charles W Thomas, Pinellas County Tax Collector | PO Box 31149, Tampa, FL 33631 |
| Personal Property | Marion County | Marion County Treasurer | PO Box 6145, Indianapolis, IN 46206 |
| Personal Property | Johnson County | Johnson County Treasurer | PO Box 2902, Shawnee Mission, KS 66201 |
| Personal Property | Rapides Parish | Rapides Parish Sheriff's Office, Sheriff William Earl Hilton | 701 Murray St, Suite 302, Alexandria, LA 71301 |
| Personal Property | State of Maryland | State of Maryland | 301 W Preston St, Baltimore, MD 21201-2395 |
| Personal Property | Adair County | Sonja Harden, Collector | 106 West Washington, Kirksville, MO 63501 |
| Personal Property | St Louis County | Collector of Revenue | 41 S Central Ave, St Louis, MO 63105 |
| Personal Property | St. Louis County | Collector of Revenue | 41 S Central Ave, St Louis, MO 63105 |
| Personal Property | Alamance | Alamance County Tax Collector | 124 W Elm St, Graham, NC 27253 |
| Personal Property | Burke County | Burke County Tax Collector | PO Box 580150, Charlotte, NC 28258 |
| Personal Property | Bernalillo County | Nancy M Bearce/Bernalillo County Treasurer | PO Box 27800, Albuquerque, NM 87125 |
| Personal Property | Davidson County | Davidson County Metropolitan Trustee | PO Box 196358, Nashville, TN 37219 |
| Personal Property | Shelby County | Shelby County Trustee | PO Box 2751, Memphis, TN 38101 |

| Tax Type | Jurisdiction | Tax Authority | Address |
|---|---|---|---|
| Personal Property | City of Germantown | City of Germantown | PO Box 38809, Germantown, TN 38183 |
| Personal Property | Collin County | Tax Assessor Collector/Collin County | PO Box 8046, McKinney, TX 75070 |
| Personal Property | Dallas County | John R Ames | PO Box 139066, Dallas, TX 75313 |
| Personal Property | Harris County | Harris County/Ann Harriss Bennett/Tax Assessor-Collector | PO Box 3547, Houston, TX 77253 |
| Personal Property | Harris County | Clear Creek ISD Tax Office | PO Box 650395, Dallas, TX 45265 |
| Personal Property | Harris County | Westador MUD AC Equi-tax Inc | PO Box 73019, Houston, TX 77273 |
| Personal Property | Harris County | Spring ISD Tax Office | 420 Lockhaven Dr, Houston, TX 77073 |
| Personal Property | Midland County | Midland Central Appraisal District | PO Box 908002, Midland, TX 79708 |
| Personal Property | Prince William County | Prince William County | Tax Administrative Division, Dept 871, Alexandria, VA 22334 |
| Personal Property | County of Henrico | County of Henrico Department of Finance | PO Box 90775, Henrico, VA 23273 |
| Personal Property | Loudoun County | Loudon County/H Roger Zurn, Jr., Treasurer | PO Box 1000, Leesburg, VA 20177 |
| Personal Property | City of Milwaukee | City of Milwaukee/Office of the City Treasurer | PO Box 78776, Milwaukee, WI 53278 |
| Personal Property | Village of Pleasant Prairie | Village of Pleasant Prairie, Attn: Treasurer | 9915 38th Avenue, Pleasant Prairie, WI 53158 |
| Sales & Use Tax | Tennessee | Tennessee Department of Revenue | Andrew Jackson State Office Building, 500 Deaderick Street, Nashville, TN 37242 |

| Tax Type | Jurisdiction | Tax Authority | Address |
|---|---|---|---|
| Commercial Activity Tax | Ohio | Department of Taxation | Business Tax Division - CAT FBP, PO Box 16158, Columbus, OH 43216 |
| Sales & Use Tax | Pennsylvania | Pennsylvania Department of Revenue | PO Box 280905, Harrisburg, PA 17128 |
| Gross Receipts Tax | Washington | Washington State Department of Revenue | PO Box 47464, Olympia, WA 98504 |
| Sales & Use Tax | Texas | Comptroller of Public Accounts | PO Box 149355, Austin, TX 78714 |
| Sales & Use Tax | Illinois | Illinois Department of Revenue | Retailer's Occupation Tax, Springfield, IL 62796 |
| Commercial Activity Tax | Oregon | Oregon Department of Revenue | PO Box 14790, Salem, OR 97309 |
| Franchise Tax | Alabama | Alabama Department of Revenue, Business Privilege Tax Section | PO Box 327431, Montgomery, AL 36132 |
| Franchise Tax | California | Franchise Tax Board | PO Box 942857, Sacramento, CA 94257 |
| Franchise Tax | Connecticut | Department of Revenue Services | PO Box 150406, Hartford, CT 06115 |
| Franchise Tax | Delaware | Division of Corporations | PO Box 898, Dover, DE 19903 |
| Franchise Tax | Georgia | Georgia Department of Revenue | PO Box 740397, Atlanta, GA 30374 |
| Franchise Tax | Idaho | Idaho State Tax Commission | PO Box 56, Boise, ID 83756 |
| Franchise Tax | Kentucky | Kentucky Department of Revenue | Kentucky Department of Revenue, Frankfort, KY 40620 |
| Franchise Tax | Louisiana | Louisiana Department of Revenue | PO Box 91011, Baton Rouge, LA 70821 |

| Tax Type | Jurisdiction | Tax Authority | Address |
|---|---|---|---|
| Franchise Tax | Massachusetts | Massachusetts Department of Revenue | PO Box 7005, Boston, MA 02204 |
| Franchise Tax | Mississippi | Department of Revenue | PO Box 23191, Jackson, MS 39225 |
| Franchise Tax | New Hampshire | NH DRA | PO Box 637, Concord, NH 03302 |
| Franchise Tax | New Jersey | State of New Jersey-Division of Taxation | PO Box 666, Trenton, NJ 08646 |
| Franchise Tax | New Mexico | New Mexico Taxation and Revenue Department | Corporate Income and Franchise Tax, PO Box 25127, Santa Fe, NM 87504 |
| Franchise Tax | New York | New York State Corporation Tax | PO Box 15181, Albany, NY 12212 |
| Franchise Tax | North Carolina | NCDOR | PO Box 25000, Raleigh, NC 27640 |
| Franchise Tax | Oklahoma | Oklahoma Tax Commission | PO Box 26850, Oklahoma City, OK 73126 |
| Franchise Tax | Oregon | Oregon Department of Revenue | PO Box 14790, Salem, OR 97309 |
| Franchise Tax | Rhode Island | RI Division of Taxation | One Capitol Hill, Providence, RI 2908 |
| Franchise Tax | South Carolina | SCDOR | PO Box 100151, Columbia, SC 29202 |
| Franchise Tax | Tennessee | Tennessee Department of Revenue | Andrew Jackson State Office Building, 500 Deaderick St, Nashville, TN 37242 |
| Franchise Tax | Utah | Utah State Tax Commission | 210 N 1950 W, Salt Lake City, UT 84134 |
| Franchise Tax | Wisconsin | Wisconsin Department of Revenue | PO Box 8902, Madison, WI 53708 |
| Income Tax | Alabama | Alabama Department of Revenue | Corporate Tax Section, PO Box 327435, Montgomery, AL 36132 |

| Tax Type | Jurisdiction | Tax Authority | Address |
|---|---|---|---|
| Income Tax | Arkansas | Department of Finance and Administration | Corporation Income Tax, PO Box 919, Little Rock, AR 72203 |
| Income Tax | Delaware | Delaware Division of Revenue | PO Box 2044, Wilmington, DE 19899 |
| Income Tax | Georgia | Georgia Department of Revenue | PO Box 740397, Atlanta, GA 30374 |
| Income Tax | Iowa | Iowa Department of Revenue | PO Box 10468, Des Moines, IA 50306 |
| Income Tax | Kansas City | Missouri Revenue Division | PO Box 843322, Kansas City, MO 64184 |
| Income Tax | Louisiana | Louisiana Department of Revenue | PO Box 91011, Baton Rouge, LA 70821 |
| Income Tax | Maryland | Revenue Administration Division | 110 Carroll Street, Annapolis, MD 21411 |
| Income Tax | Mississippi | Department of Revenue | PO Box 23191, Jackson, MS 39225 |
| Income Tax | Missouri | Missouri Department of Revenue | PO Box 3365, Jefferson City, MO 65105 |
| Income Tax | North Carolina | NCDOR | PO Box 25000, Raleigh, NC 27640 |
| Income Tax | City of Napoleon | City of Napoleon, Ohio | 255 W. Riverview Ave, PO Box 151, Napoleon, OH 43545 |
| Income Tax | Pennsylvania | PA Department of Revenue | PO Box 280427, Harrisburg, PA 17128 |
| Income Tax | Tennessee | Tennessee Department of Revenue | Andrew Jackson State Office Building, 500 Deaderick St, Nashville, TN 37242 |
| Income Tax | Texas | Comptroller of Public Accounts | PO Box 149348, Austin, TX 78714 |

| Tax Type | Jurisdiction | Tax Authority | Address |
|---|---|---|---|
| Annual Reporting | Pennsylvania | Commonwealth of Pennsylvania | 508 Main Capitol Building, Harrisburg, PA 17120 |
| Annual Reporting | Arizona | Corporation Commission, Corporations Division | 1300 W. Washington Street, Phoenix, AZ  85007-2996 |
| Annual Reporting | Hawaii | Department of Commerce & Consumer Affairs | 335 Merchant Street Honolulu, Hawaii  96813 |
| Annual Reporting | Alaska | Department of Commerce and Economic Development | 333 Willoughby AVE 9th FL Juneau, AK  99801 |
| Annual Reporting | Utah | Department of Commerce | 160 East 300 South 2nd Floor Box 146701 Salt Lake City, UT  84114-6701 |
| Annual Reporting | Michigan | Department of Consumer and Industry Services | 530 W. Allegan Street 7th Floor Lansing, MI  48909 |
| Annual Reporting | District of Columbia | Department of Consumer and Regulatory Affairs | 1100 4th Street SW , Washington DC 20024 |
| Annual Reporting | New York | Department of State | One Commerce Plaza 99 Washington Ave Albany, NY  12231-0001 |
| Annual Reporting | Tennessee | Department Of State, Division Of Business Services | 312 Rosa L. Parks Avenue Snodgrass Tower, 6th Floor Nashville, TN  37243 |
| Annual Reporting | Florida | Department Of State, Division Of Corporations | 2415 N. Monroe Street Suite 810 Tallahassee, FL  32303 |

| Tax Type | Jurisdiction | Tax Authority | Address |
|---|---|---|---|
| Annual Reporting | New Mexico | Public Regulation Commission | P.O. Box 1269 Santa Fe, NM  87504 |
| Annual Reporting | California | Secretary of State | Attn Shirley Nash Weber, Ph.D 1500 11th Street Sacramento, CA 95814 |
| Annual Reporting | Colorado | Secretary of State | Attn: Jena Griswold 1700 Broadway Suite 550 Denver, CO   80290 |
| Annual Reporting | Connecticut | Secretary of State | Attn: Denise W. Merrill 165 Capitol Avenue Hartford , CT   06106 |
| Annual Reporting | Idaho | Secretary of State | Attn: Lawerence Denney 450 N. 4th Street Boise, ID  83702 |
| Annual Reporting | Illinois | Secretary of State | Attn: Jesse White 213 State Capitol Springfield, IL 62756 |
| Annual Reporting | Indiana | Secretary of State | Attn: Holli Sullivan 200 W. Washington St., Room 201 Indianapolis, IN 46204 |
| Annual Reporting | Louisiana | Secretary of State | Attn: Kyle R. Ardoin 8585 Archives Ave. Baton Rouge, LA 70809 |
| Annual Reporting | Missouri | Secretary of State | Attn: John R. Ashcroft 600 W Main St. Missouri State Information Center, Room 322 Jefferson City, MO 65101-0778 |

| Tax Type | Jurisdiction | Tax Authority | Address |
|---|---|---|---|
| Annual Reporting | Nevada | Secretary of State | Attn: Barbara K. Cegavske<br>Nevada State Capitol Building<br>101 North Carson Street, Suite 3<br>Carson City, NV 89701 |
| Annual Reporting | Oklahoma | Secretary of State | Attn: Brian Bingman<br>421 NW 13th St, Suite 210/220<br>Oklahoma City, OK 73103 |
| Annual Reporting | Washington | Secretary of State | Attn: Steve Hobbs<br>Legislative Building<br>PO Box 40220<br>Olympia, WA 98504-0220 |
| Annual Reporting | West Virginia | Secretary of State | Attn: Mac Warner<br>State Capitol Building<br>Charleston, WV 25305 |
| Annual Reporting | North Carolina | Secretary of State | Attn: Elaine F. Marshall<br>2 South Salisbury Street<br>Raleigh, NC  27601-2903 |
| Annual Reporting | Delaware | Secretary of State | Attn: Jeffrey W. Bullock<br>401 Federal St., Suite 3<br>Dover, DE   19901 |
| Annual Reporting | Kentucky | Secretary of State | Attn: MICHAEL G. ADAMS<br>700 Capital Ave., Ste. 152<br>Frankfort, KY  40601 |

| Tax Type | Jurisdiction | Tax Authority | Address |
|---|---|---|---|
| Annual Reporting | Maine | Secretary of State | Attn: Shenna Bellows<br>148 State House Station<br>Augusta, ME  04333-0148 |
| Annual Reporting | Wisconsin | Secretary of State | Attn: Doug LaFollette<br>B41 West, State Capitol,<br>Madison, WI  53702 |
| Annual Reporting | Wyoming | Secretary of State | Attn: General Counsel<br>Herschler Building East<br>122 W 25th St<br>Suites 100 and 101<br>Cheyenne, WY 82002-0020 |
| Annual Reporting | Arkansas | Secretary of State | Attn: John Thurston<br>State Capitol, Suite 256<br>500 Woodlane Street<br>Little Rock, AR 72201 |
| Annual Reporting | Oregon | Secretary of State | Attn: Shemia Fagan<br>255 Capitol St. NE, Suite 151<br>Salem, OR  97310 |
| Annual Reporting | Rhode Island | Secretary of State | Attn: Nellie M. Gorbea<br>State House, 82 Smith St., Room 218<br>Providence, RI 02903-1120 |
| Annual Reporting | Tennessee | Secretary of State | Attn: Tre Hargett<br>State Capitol<br>Nashville, TN 37243-1102 |

| Tax Type | Jurisdiction | Tax Authority | Address |
|---|---|---|---|
| Annual Reporting | Iowa | Secretary of State | Attn: Paul Pate<br>First Floor, Lucas Building<br>321 E. 12th St.<br>Des Moines, IA 50319 |
| Annual Reporting | Kansas | Secretary of State | Attn:<br>Scott Schwab<br>Memorial Hall, 1st Floor<br>Topeka, KS  66612-1594 |
| Annual Reporting | Mississippi | Secretary of State | Attn: Michael Watson<br>401 Mississippi Street<br>Jackson, MI 39201 |
| Annual Reporting | Montana | Secretary of State | Attn: Christi Jacobsen<br>State Capitol, Room 260<br>1301 6th Avenue<br>Helena, MT  59620 |
| Annual Reporting | Nebraska | Secretary of State | Attn: Robert B. Evnen<br>1445 K Street, Suite 2300<br>Lincoln, NE  68508 |
| Annual Reporting | New Hampshire | Secretary of State | Attn: David M. Scanlan<br>State House Annex, Room 317<br>25 Capitol Street, 3rd Floor<br>Concord, NH  03301 |
| Annual Reporting | Vermont | Secretary of State | Attn: Jim Condos<br>128 State Street<br>Montpelier, VT 05633-1101 |
| Annual Reporting | Georgia | Secretary of State | Attn: Brad Raffensperger<br>214 State Capitol<br>Atlanta, GA  30334 |

| Tax Type | Jurisdiction | Tax Authority | Address |
|---|---|---|---|
| Annual Reporting | Florida | Secretary of State | Attn: Cord Byrd R.A. Gray Building 500 South Bronough Street Tallahassee, FL 32399 |
| Annual Reporting | South Dakota | Secretary of State | Attn: STEVE BARNETT Capitol Building 500 East Capitol Avenue Ste 204 Pierre, SD  57501-5070 |
| Annual Reporting | Minnesota | Secretary of State | Attn: STEVE SIMON First National Bank Building 332 Minnesota Street, Suite N201 St. Paul, MN  55101 |
| Annual Reporting | North Dakota | Secretary of State | Attn: Al Jaeger 600 E Boulevard Avenue Dept 108 Bismarck , ND 58505-0500 |
| Annual Reporting | Connecticut | Secretary Of State, Commercial Recording Division | 165 Capitol Avenue Hartford, CT   6106 |
| Annual Reporting | Georgia | Secretary Of State, Corporations Division | 2 MLK Jr. Drive Suite 313 Floyd West Tower Atlanta, Georgia   30334-1530 |
| Annual Reporting | Massachusetts | Secretary of the Commonwealth | One Ashburton Place Boston, MA  2108 |
| Annual Reporting | Virginia | State Corporation Commission | 1300 E. Main St. Richmond, VA 23219 |