# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENVISION HEALTHCARE CORPORATION, *et al.*,[1] | ) ) ) ) | Case No. 23-90342 (CML) |
| Debtors. | ) ) ) ) | (Joint Administration Requested) **Re: Docket No. __** |

## ORDER (I) AUTHORIZING THE PAYMENT OF CERTAIN TAXES AND FEES AND (II) GRANTING RELATED RELIEF

Upon the emergency motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing the Debtors to (i) remit and pay (or use tax credits to offset) Taxes and Fees in the ordinary course of business that are payable or become payable during these chapter 11 cases (including any obligations subsequently determined upon audit or otherwise to be owed for periods prior to, including, or following the Petition Date) and (ii) undertake the Tax Planning Activities, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in

---

[1] A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/Envision. The Debtors' service address is 1A Burton Hills Boulevard, Nashville, Tennessee 37215.

[2] Capitalized terms used and not defined herein have the meanings ascribed to them in the Motion.

this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Debtors are authorized to: (a) negotiate, pay, and remit (or use tax credits to offset), or otherwise satisfy the Taxes and Fees (including corresponding Audits or Assessments) that arose or accrued prior to the Petition Date and that will become due and owing in the ordinary course of business during the pendency of these chapter 11 cases at such time when the Taxes and Fees are payable in accordance with applicable law; and (b) negotiate, pay, and remit (or use tax credits to offset) Taxes and Fees that arise or accrue in the ordinary course of business on a postpetition basis—including, for the avoidance of doubt, posting collateral or a letter of credit in connection with any dispute related to the Audits or Assessments or paying any Taxes and Fees arising as a result of the Audits or Assessments; *provided that*, notwithstanding anything to the contrary herein or in the Motion, in the event the Debtors make a payment with respect to any Taxes and Fees for the prepetition portion of any "straddle" amount, and this Court subsequently determines such amount was not entitled to priority or administrative treatment under section 507(a)(8) or 503(b)(1)(B) of the Bankruptcy Code, the Debtors may (but shall not be required to) seek an order from the Court requiring a return of such amounts.

2.	To the extent that the Debtors have overpaid any Taxes and Fees, the Debtors are authorized to seek a refund or credit.

3.	The Debtors are further authorized to undertake the Tax Planning Activities in consultation with the Envision Ad Hoc Group, as more fully described in the Motion.

4.	Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Order shall create any rights in favor of, or enhance the status of any claim held by, any of the Authorities.

5.	The Debtors' rights to contest the validity or priority of any Taxes and Fees on any grounds they deem appropriate are reserved and extend to the payment of Taxes and Fees relating to Audits that have been completed, are in progress, or arise from prepetition periods.

6.	Nothing contained in the Motion or this Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in the Motion or this Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action, or other rights of the Debtors

or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

7. The banks and financial institutions on which checks were drawn or electronic fund transfer requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic fund transfer requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic fund transfer request as approved by this Order.

8. The Debtors are authorized to issue postpetition checks or to effect postpetition fund transfer requests in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

9. Notwithstanding anything to the contrary contained in the Motion or this Order, any payment to be made and any relief or authorization granted hereunder shall be limited by, and shall be subject to, the requirements imposed on the Debtors in any orders entered by this Court authorizing the Debtors' use of cash collateral (any such order, a "Cash Collateral Order"), including, for the avoidance of doubt, the cash collateral budget.  To the extent of any conflict (but solely to the extent of such conflict) between the terms of this Order and the terms of any Cash Collateral Order, the terms of the Cash Collateral Order will govern.

10. Notwithstanding anything to the contrary in the Motion or this Order, any payments made under this Order that are attributable to the EVPS Debtors (as defined in the Restructuring Support Agreements) shall be satisfied solely by the EVPS Debtors and any payments made under this Order that are attributable to the AMSURG Debtors (as defined in the Restructuring Support

Agreements) shall be satisfied solely by the AMSURG Debtors, in each case in the ordinary course of business, consistent with past practice, and in accordance with the shared-services agreement dated April 29, 2022, by and between AmSurg, LLC and Envision Healthcare Corporation, and in accordance with the Cash Collateral Orders and the corresponding cash collateral budgets.

11. Nothing in this Order authorizes the Debtors to accelerate any payments not otherwise due.

12. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

13. Notice of the Motion as provided therein shall be deemed good and sufficient and satisfies the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules.

14. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

15. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

16. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Houston, Texas
Dated: _____, 2023

                                        CHRISTOPHER M. LOPEZ
                                        UNITED STATES BANKRUPTCY JUDGE