IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENVISION HEALTHCARE CORPORATION, *et al.*[1] | ) ) ) ) | Case No. 23-90342 (CML) |
| Debtors. | ) ) ) ) | (Joint Administration Requested)  Re:  Docket No. __ |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS
TO PAY CERTAIN PREPETITION CLAIMS OF (A) PATIENT CARE
AND SAFETY VENDORS, (B) 503(B)(9) CLAIMANTS, (C) LIEN CLAIMANTS,
AND (D) CRITICAL VENDORS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "<u>Motion</u>")[2] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") for entry of a final order (this "<u>Final Order</u>"), (a) authorizing the Debtors to pay certain prepetition claims of (i) Patient Care and Safety Vendors, (ii) Lien Claimants, (iii) 503(b)(9) claimants, and (iv) Critical Vendors and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is permissible pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion

---

[1] A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/Envision.  The Debtors' service address is 1A Burton Hills Boulevard, Nashville, Tennessee 37215.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Debtors are authorized, subject to this Final Order, to pay the prepetition Trade Claims described in the Motion in the ordinary course of business and consistent with their prepetition practices on a final basis as set forth in the categories and amounts in the Motion and as the Debtors deem necessary.

2. As a condition to receiving payment on account of a Trade Claim under this Final Order, any Trade Claimant that accepts payment pursuant to the authority granted in this Final Order shall agree to: (a) continue—or recommence—supplying goods and services to the Debtors in a manner consistent with the prepetition course of dealing, and (b) agree that they shall not be permitted to cancel any contract, agreement, or arrangement pursuant to which they provide such goods and/or services to the Debtors during the course of these chapter 11 cases. The Debtors may require that the trade terms governing the postpetition dealings between the Debtors and the applicable Trade Claimant be on the same or better terms to those prepetition terms, in writing (email being sufficient), as a condition to payment. The Debtors reserve the right to require additional favorable trade terms with any Trade Claimant as a condition to payment of any Trade

Claim. Any party that accepts payment from the Debtors on account of a Trade Claim shall be provided with a copy of this Final Order.

3. If any party accepts payment hereunder and does not continue supplying goods or services to the Debtors in accordance with trade terms at least as favorable to the Debtors as customary trade terms then, subject to the entry of this Final Order: (a) any payment on account of a prepetition claim received by such party shall be deemed, by the Debtors, an improper postpetition transfer and, therefore, recoverable by the Debtors in cash upon written request by the Debtors; (b) upon recovery by the Debtors, any prepetition claim of such party shall be reinstated as if the payment had not been made; and (c) if there exists an outstanding postpetition balance due from the Debtors to such party, the Debtors may elect to recharacterize and apply any payment made pursuant to the relief requested by the Motion to such outstanding postpetition balance and such supplier or vendor will be required to repay to the Debtors such paid amounts that exceed the postpetition obligations then outstanding without the right of any setoffs, claims, provisions for payment of any claims, or otherwise.

4. Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law, (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds, (c) a promise or requirement to pay any claim, (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested in the Motion or a finding that any particular claim is an administrative expense claim or other priority claim, (e) an authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) an admission as

to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates, (g) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law, or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved in this Final Order.

5. The Debtors are authorized to issue postpetition checks or to effect postpetition fund transfer requests in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

6. This Final Order does not authorize payments to insiders, as such term is defined in section 101(31) of the Bankruptcy Code, of the Debtors.

7. Notwithstanding anything to the contrary contained in the Motion or this Final Order, any payment to be made and any relief or authorization granted hereunder shall be limited by, and shall be subject to, the requirements imposed on the Debtors in any orders entered by this Court authorizing the Debtors' use of cash collateral (any such order, a "Cash Collateral Order"), including, for the avoidance of doubt, the cash collateral budget. To the extent of any conflict (but

solely to the extent of such conflict) between the terms of this Order and the terms of any Cash Collateral Order, the terms of the Cash Collateral Order will govern.

8. Notwithstanding anything to the contrary in the Motion or this Final Order, any payments made and relief or authorization granted under this Final Order that are attributable to the EVPS Debtors (as defined in the Restructuring Support Agreements) shall be satisfied solely by the EVPS Debtors and any payments made under this Interim Order that are attributable to the AMSURG Debtors (as defined in the Restructuring Support Agreements) shall be satisfied solely by the AMSURG Debtors, in each case in the ordinary course of business, consistent with past practice, and in accordance with the shared-services agreement dated April 29, 2022, by and between AmSurg, LLC and Envision Healthcare Corporation, and in accordance with the Cash Collateral Orders and the corresponding cash collateral budget.

9. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

10. Notice of the Motion as provided therein shall be deemed good and sufficient and satisfies the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules.

11. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

Houston, Texas
Dated: _____, 2023

CHRISTOPHER M. LOPEZ
UNITED STATES BANKRUPTCY JUDGE