IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENVISION HEALTHCARE CORPORATION, *et al.*,[1] | ) ) ) ) | Case No. 23-90342 (CML) |
| Debtors. | ) ) ) | (Joint Administration Requested) (Emergency Hearing Requested) |

**DEBTORS' <u>EMERGENCY</u> MOTION FOR
ENTRY OF AN ORDER AUTHORIZING THE IMPLEMENTATION OF
PROCEDURES TO PROTECT CONFIDENTIAL PATIENT INFORMATION**

> **Emergency relief has been requested.  Relief is requested not later than 4:00 p.m. (prevailing Central Time) on May 15, 2023.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph.  Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on May 15, 2023 at 4:00 p.m. (prevailing Central Time) in Courtroom 401, 4th floor, 515 Rusk Street, Houston, Texas 77002.  Participation at the hearing will only be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility.  You may access the facility at (832) 917-1510.  Once connected, you will be asked to enter the conference room number.  Judge Lopez's conference room number is 590153.  Video communication will be by use of the GoToMeeting platform.  Connect via the free GoToMeeting application or click the link on Judge Lopez's home page.  The meeting code is "JudgeLopez".  Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings.  To make your appearance, click the "Electronic Appearance" link on Judge Lopez's home page.  Select the case name, complete the required fields and click "Submit" to complete your appearance.**

---

[1] A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/Envision.  The Debtors' service address is 1A Burton Hills Boulevard, Nashville, Tennessee 37215.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion:

### Relief Requested

1. The Debtors seek entry of an order, substantially in the attached form (the "Order"), (a) authorizing the implementation of procedures to protect confidential patient information and (b) granting related relief.

### Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).  The Debtors confirm their consent to the Court's entry of a final order in connection with this motion.

3. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are section(s) 105(a), 107, and 521(a)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 1007, 6003, 9018, and 9037 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 1075-1 and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

### Background

5. Envision Healthcare Corporation ("EVHC" and together with certain of its Debtor and non-Debtor affiliates and subsidiaries, "Envision" or the "Company") is a leading national medical group that works in collaboration with healthcare partners, payors, and others in the healthcare industry to ensure the delivery of high-quality, accessible, and affordable patient care.

6. On the date hereof (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  A detailed description of the Debtors and their

businesses, including facts and circumstances giving rise to these chapter 11 cases is set forth in the First Day Declarations,[2] filed contemporaneously with this motion and incorporated by reference herein.

7. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrently with the filing of this motion, the Debtors have requested procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

### Protection Procedures

8. The Debtors request that this Court enter an order authorizing certain procedures to protect confidential information of current and former patients of the Debtors, the Debtors' employees, or the Debtors' affiliated medical groups to whom the Debtors provide services (the "Patients"). Specifically, the Debtors request that Kroll Restructuring Administration LLC, the proposed claims agent in these chapter 11 cases (the "Claims Agent") be allowed to prepare, pursuant to section 521(a)(1)(A) of the Bankruptcy Code and Bankruptcy Rule 1007(a)(1), a separate creditor matrix of the Patients (the "Patient Matrix") and, pursuant to section 521(a)(1)(B)(i) of the Bankruptcy Code and Bankruptcy Rule 1007(b)(1)(A), separate schedules

---

[2] Capitalized terms used but not otherwise defined in this motion shall have the meanings ascribed to them in (a) the *Declaration of Paul Keglevic, Chief Restructuring Officer of Envision Healthcare Corporation, in Support of the Debtors' Chapter 11 Petitions* (the "Keglevic First Day Declaration") and (b) the *Declaration of Dennis Stogsdill, Managing Director of Alvarez & Marsal North America, LLC, in Support of (I) the Debtors' First Day Motions and (II) the Debtors' Emergency Motion for Entry of Interim and Final Orders (A) Authorizing the Debtors to Use Cash Collateral, (B) Granting Adequate Protection to Prepetition Secured Parties, (C) Scheduling a Final Hearing, (D) Modifying the Automatic Stay, and (E) Granting Related Relief* (the "Stogsdill First Day Declaration," and together with the Keglevic First Day Declaration, the "First Day Declarations").

3

of claims that may be asserted by and against the Patients (the "Patient Schedules").[3] The Debtors request that the Claims Agent not be required to file the Patient Matrix or the Patient Schedules with this Court but, instead, that the Claims Agent be allowed to file a redacted version of the Patient Schedules that redacts the Patients' protected health information ("PHI"),[4] such as the names, addresses, and any unique identifying numbers (except those assigned to code the data)[5] of the Patients. Further, the Debtors request that, to the extent any paper filed or to be filed with the Court in these chapter 11 cases, including the Schedules and Statements,[6] includes Patients' PHI, the Debtors be authorized to redact the Patients' PHI from such filing; *provided*, however, that the Patient Matrix and the Patient Schedules, and any other papers filed in these chapter 11 cases from which the Debtors have reacted the Patients' PHI may be reviewed by (a) this Court, (b) the U.S. Trustee for the Southern District of Texas (the "U.S. Trustee"), (c) any applicable state regulatory agency (through the respective state attorney general),[7] and (d) any other party in interest that obtains, after notice and a hearing, authorization from this Court.

9. The Debtors also seek relief to continue their storage and maintenance of Patient records in the ordinary course, including to transfer or pay a third-party provider to maintain certain

---

[3] To the extent that a Patient has filed a lawsuit against the Debtors, information about the lawsuit is not confidential and would be filed with this Court.

[4] PHI includes information that "[r]elates to the past, present, or future physical or mental health or condition of an individual; the provision of healthcare to an individual; or the past, present, or future payment for the provision of healthcare to an individual." 45 C.F.R. § 160.103. For the avoidance of doubt, all 18 identifiers set forth in 45 C.F.R. § 164.51(b)(2) must be removed or redacted given their classification as PHI.

[5] 45 C.F.R. § 164.514(b)(2)(i)(R).

[6] As defined in the *Debtors' Emergency Motion for Entry of an Order (I) Extending Time to File (A) Schedules of Assets and Liabilities, (B) Schedules of Current Income and Expenditures, (C) Schedules of Executory Contracts and Unexpired Leases, and (D) Statements of Financial Affairs, and (II) Granting Related Relief*, filed contemporaneously herewith.

[7] Under 45 C.F.R. § 164.512(f)(1)(ii), protected health information may be disclosed in response to "(A) A court order . . . issued by a judicial officer [or] (C) An administrative request . . . provided that: (1) The information sought is relevant and material to a legitimate law enforcement inquiry."

4

such records in the case of facility or office closure and pursuant to all applicable federal or state laws and regulations.

### Basis for Relief

10.     The Health Insurance Portability and Accountability Act of 1996 ("HIPAA") creates a duty for healthcare providers to maintain the confidentiality of patient information. Pursuant to HIPAA, certain regulations concerning such duties are set forth in 45 C.F.R. §§ 160, 162, and 164. These regulations impose stringent standards on healthcare providers and establish significant penalties for any healthcare provider that improperly uses or discloses patient information.

11.     Because the Debtors are healthcare providers or business associates that transmit health information in electronic form, they may be considered to be "covered entities" under 45 C.F.R. § 160.103 and must therefore comply with the confidentiality requirements of HIPAA.[8][9] Such requirements prevent the Debtors from disclosing PHI, as it is defined in HIPAA, except in limited circumstances. 45 C.F.R. § 164.502. The Debtors could be subjected to significant monetary penalties for the unauthorized disclosure of PHI. 45 C.F.R. § 160.402.5. The penalties imposed for violations of HIPAA can be imposed even if a person "did not know and, by exercising reasonable diligence, would not have known" that a violation occurred. 45 C.F.R. § 160.404(b)(2)(i). Further penalties may also be imposed under state privacy acts for violation

---

[8]     These regulations also apply to "business associates," which includes persons who provide management, legal, accounting, and consulting services for a covered entity. 45 C.F.R. § 160.103. The Debtors have filed an application seeking to employ Kroll Restructuring Administration LLC. Because Kroll Restructuring Administration LLC is certified as HIPAA-compliant, it will be able to compile the names and addresses of the Patients in order to serve necessary notices and compile information needed for the Patient Schedules.

[9]     Under 45 C.F.R. § 160.404, monetary penalties of up to $50,000 could be imposed for each violation, up to an aggregate of $1,500,000 for identical violations occurring during a calendar year. Such penalties can be imposed even if a person "did not know and, by exercising reasonable diligence, would not have known" that a violation occurred. 45 C.F.R. § 160.404(b)(2)(i).

5

of patient privacy rules. For example, California provides for civil penalties for up to $2,500 per violation by a person or entity that negligently discloses medical information (in addition to damages paid to the patient).[10] Similarly, Texas imposes civil penalties ranging from $2,000 to $50,000 per violation for unauthorized disclosure of sensitive personal information.[11]

12. The Debtors are also party to business associate agreements with a variety of healthcare providers that impose contractual obligations on the Debtors to comply with HIPAA and to protect the PHI generated by these entities. Disclosure of this PHI would result in direct liability under HIPAA and contractual liability under these agreements, which may threaten business relationships with healthcare providers. These healthcare providers constitute a key source of revenue for the Debtors and a failure to meet the Debtors' obligations under these business associate agreements could hamper the Debtors' efforts to complete a successful restructuring transaction.

13. The requirements to maintain patient confidentiality under HIPAA conflict with the requirements placed on the Debtors to disclose information under the Bankruptcy Code, specifically the duty to file a list of all creditors under section 521(a)(1)(A) and the duty to file schedules of all assets and liabilities under section 521(a)(1)(B)(i). The Debtors therefore request that such Patient information be protected (as set forth herein) pursuant to section 107(c) of the Bankruptcy Code, which provides that the Court:

> "for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other

---

[10] CA Civ. Code § 56.36 (2021).

[11] Tex. Bus. And Comm. Code § 521.151: Tex. Bus. & Com. Code § 521.002 (defining "sensitive personal information," in part, as an individual's first name or first initial and last name in combination with various other items (so long as the names are not encrypted) such as: a government-issued identification number or identifying information relating to the provision of health care to the individual).

unlawful injury to the individual or the individual's property:

(A) Any means of identification . . . contained in a paper filed, or to be filed, in a case under [the Bankruptcy Code].

(B) Other information contained in a paper described in subparagraph (A)."

11 U.S.C. § 107(c)(1). *See also* FED. R. BANKR. P. 9018 (allowing a bankruptcy court to protect governmental matters that are made confidential by statute or regulation). The Debtors believe that the relief requested herein balances the need to maintain confidentiality with respect to patient information under HIPAA with the need for disclosure under the Bankruptcy Code.

14. The relief requested herein is commonly granted by courts in this district and by courts in other jurisdictions in comparable chapter 11 cases for debtors in the healthcare industry. *See, e.g.*, *In re Pipeline Health System, LLC*, No. 22-90291 (Bankr. S.D. Tex. Oct. 10, 2022) (granting order authorizing implementation of procedures to protect confidential patient information); *In re Little River Healthcare Holdings, LLC*, No. 18-60526 (Bankr. W.D. Tex. July 24, 2018) (same); *In re El Paso Children's Hospital Corp.*, No. 15-30784 (Bankr. W.D. Tex. May 22, 2015) (same).

15. Absent the relief requested herein, the Debtors (a) may, by fulfilling their duty to disclose information under the Bankruptcy Code, violate HIPAA or any other applicable healthcare privacy laws or other contractual obligations, thereby exposing them to severe monetary penalties that could threaten the Debtors' ability to consummate a successful restructuring transaction and (b) would unnecessarily and unlawfully jeopardize privacy of the Patients.

**Emergency Consideration**

16. Bankruptcy Rule 6003 empowers a court to grant relief within the first twenty-one days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm." The requested relief will save costs and avoid undue administrative burden and confusion

7

only if granted before the applicable deadlines. The Debtors have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and request that the Court approve the relief requested on an emergency basis.

## Notice

17. The Debtors will provide notice of this motion to the following: (a) the U.S. Trustee for the Southern District of Texas; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the ABL Agent; (d) counsel to the RCF Agent; (e) counsel to the Ad Hoc Group of First Lien AmSurg Lenders; (f) counsel to the AmSurg 2L Group; (g) counsel to the Envision Ad Hoc Group; (h) counsel to the Unsecured Notes Group; (i) counsel to the Consenting Sponsors; (j) the United States Attorney's Office for the Southern District of Texas; (k) the Internal Revenue Service; (l) the United States Securities and Exchange Commission; (m) the state attorneys general for states in which the Debtors conduct business; and (n) any party that has requested notice pursuant to Bankruptcy Rule 2002 and Bankruptcy Local Rule 9013-1(d). No other or further notice is needed in light of the nature of the relief requested.

The Debtors request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Houston, Texas
May 15, 2023

*/s/ Vienna Anaya*

| | |
|---|---|
| **JACKSON WALKER LLP** | **KIRKLAND & ELLIS LLP** |
| Matthew D. Cavenaugh (TX Bar No. 24062656) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Rebecca Blake Chaikin (TX Bar No. 24133055) | Edward O. Sassower, P.C. |
| Vienna Anaya (TX Bar No. 24091225) | Joshua A. Sussberg, P.C. (*pro hac vice* pending) |
| Javier Gonzalez (TX Bar No. 24119697) | Nicole L. Greenblatt, P.C. (*pro hac vice* pending) |
| 1401 McKinney Street, Suite 1900 | Anne G. Wallice (*pro hac vice* pending) |
| Houston, TX 77010 | 601 Lexington Avenue |
| Telephone: (713) 752-4200 | New York, New York 10022 |
| Facsimile: (713) 752-4221 | Telephone: (212) 446-4800 |
| Email: rchaikin@jw.com | Facsimile: (212) 446-4900 |
| vanaya@jw.com | Email: esassower@kirkland.com |
| jgonzalez@jw.com | jsussberg@kirkland.com |
| | ngreenblatt@kirkland.com |
| | anne.wallice@kirkland.com |

- and -

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
John R. Luze (*pro hac vice* pending)
Annie L. Dreisbach (*pro hac vice* pending)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200
Email:   john.luze@kirkland.com
   annie.dreisbach@kirkland.com

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*

**Certificate of Accuracy**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

                                                     */s/ Vienna Anaya*
                                                     Vienna Anaya

**Certificate of Service**

I certify that on May 15, 2023, I caused a copy of the foregoing document to be served via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                     */s/ Vienna Anaya*
                                                     Vienna Anaya