IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENVISION HEALTHCARE CORPORATION, *et al.*,[1] | ) ) ) | Case No. 23-90342 (CML) |
| Debtors. | ) ) ) | (Joint Administration Requested) (Emergency Hearing Requested) |

**DEBTORS' <u>EMERGENCY</u> MOTION
FOR ENTRY OF AN ORDER (I) EXTENDING
TIME TO FILE (A) SCHEDULES OF ASSETS AND
LIABILITIES, (B) SCHEDULES OF CURRENT INCOME AND
EXPENDITURES, (C) SCHEDULES OF EXECUTORY CONTRACTS
AND UNEXPIRED LEASES, (D) STATEMENTS OF FINANCIAL AFFAIRS,
(E) RULE 2015.3 FINANCIAL REPORTS, AND (II) GRANTING RELATED RELIEF**

> **Emergency relief has been requested. Relief is requested not later than 4:00 p.m. (prevailing Central Time) on May 15, 2023.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on May 15, 2023 at 4:00 p.m. (prevailing Central Time) in Courtroom 401, 4th floor, 515 Rusk Street, Houston, Texas 77002. Participation at the hearing will only be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Lopez's home page. The meeting code is "JudgeLopez". Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Lopez's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

---

[1]   A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/Envision. The Debtors' service address is 1A Burton Hills Boulevard, Nashville, Tennessee 37215.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion:

### Relief Requested

1. The Debtors seek entry of an order, substantially in the forms attached hereto (the "Order"), (a) extending the deadline by which the Debtors must file their schedules of assets and liabilities, schedules of current income and expenditures, schedules of executory contracts and unexpired leases, and statements of financial affairs (collectively, the "Schedules and Statements") by 45 days, for a total of 59 days from the Petition Date, through and including July 13, 2023, (b) extending the deadline by which the Debtors must file their initial reports of financial information with respect to entities in which the Debtors hold a controlling or substantial interest as set forth in Federal Rule of Bankruptcy Procedure 2015.3 (the "2015.3 Reports") to and including the later of (i) 15 days after the meeting of creditors to be held pursuant to section 341 of the Bankruptcy Code (the "341 Meeting") or (ii) 59 days after the Petition Date (*i.e.* July 13, 2023), or to file a motion with the Court (as defined below) seeking a modification of such reporting requirements for cause, without prejudice to the Debtors' ability to request additional extensions for cause shown, and (c) granting related relief.

### Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtors confirm their consent to the Court's entry of a final order in connection with this motion.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a) and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 1007, 2015.3(d),

and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 1075-1, 2015-3, and 9013-1(b) of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

**Background**

5.     Envision Healthcare Corporation ("EVHC" and together with certain of its Debtor and non-Debtor affiliates and subsidiaries, "Envision" or the "Company") is a leading national medical group that works in collaboration with healthcare partners, payors, and others in the healthcare industry to ensure the delivery of high-quality, accessible, and affordable patient care.

6.     On the date hereof (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  A detailed description of the Debtors and their businesses, including facts and circumstances giving rise to these chapter 11 cases is set forth in the First Day Declarations,[2] filed contemporaneously with this motion and incorporated by reference herein.

7.     The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Concurrently with the filing of this motion, the Debtors have requested procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

---

[2]   Capitalized terms used but not otherwise defined in this motion shall have the meanings ascribed to them in (a) the *Declaration of Paul Keglevic, Chief Restructuring Officer of Envision Healthcare Corporation, in Support of the Debtors' Chapter 11 Petitions* (the "Keglevic First Day Declaration") and (b) the *Declaration of Dennis Stogsdill, Managing Director of Alvarez & Marsal North America, LLC, in Support of (I) the Debtors' First Day Motions and (II) the Debtors'* Emergency *Motion for Entry of an Interim and Final Orders (A) Authorizing the Debtors to Use Cash Collateral, (B) Granting Adequate Protection to Prepetition Secured Parties, (C) Scheduling a Final Hearing, (D) Modifying the Automatic Stay, and (E) Granting Related Relief* (the "Stogsdill First Day Declaration," and together with the Keglevic First Day Declaration, the "First Day Declarations").

**Basis for Relief**

**I.      Cause Exists to Extend the Time to File the Schedules and Statements.**

8.      Pursuant to section 521 of the Bankruptcy Code and Bankruptcy Rule 1007(c), the Debtors are required to file the Schedules and Statements within 14 days of the Petition Date. However, pursuant to Bankruptcy Rules 1007(a)(5), 1007(c), and 9006(b), the Court has authority to extend the time required for filing the Schedules and Statements "for cause." Fed. R. Bankr. P. 1007(a)(5), 1007(c), and 9006(b).

9.      Ample cause exists to grant the relief requested herein.  To prepare their Schedules and Statements, the Debtors will have to compile information from books, records, and documents relating to thousands of claims, assets, leases, and contracts from each of the 217 Debtor entities. Collection of the necessary information will require a significant expenditure of time and effort on the part of the Debtors, their employees, and their advisors at a time when such resources would be best used to stabilize the Debtors' business operations at the outset of these cases.  Because this information is voluminous and located in numerous places throughout the Debtors' organization, it may be some time before the Debtors have access to all of the information required to prepare the Schedules and Statements.

10.     Although the Debtors' management, employees, professional advisors, and key personnel have prepared diligently for these chapter 11 cases, preparing the Schedules and Statements was not practicable given the complex nature of the Debtors' business.  Prior to the Petition Date, the Debtors focused their efforts on preparing for a smooth transition into chapter 11. Such efforts made it difficult for the Debtors to prepare the Schedules and Statements in advance of the Petition Date.

11.     Moreover, the Debtors have books and records located in multiple systems across their various business segments.  Information must be gathered from many, if not all, of these

systems. Given the size and complexity of the Debtors' businesses and financial affairs and the critical matters that the Debtors' management and professionals were required to address prior to the commencement of these chapter 11 cases, the Debtors were not in a position to complete the Schedules and Statements as of the Petition Date.

12. The Debtors, with the assistance of their professional advisors, have been and will continue working diligently and expeditiously to prepare the Schedules and Statements within the additional time requested. The Debtors anticipate that they may require at least 59 days after the Petition Date to complete the Schedules and Statements. An extension will not harm creditors or other parties in interest because, even under the extended deadline, the Debtors will file the Schedules and Statements in advance of any deadline for filing proofs of claim in these chapter 11 cases.

13. As explained above and in the First Day Declarations, the Debtors' business operations are complex and vast. Preparing the Schedules and Statements accurately and in appropriate detail will require significant attention from the Debtors' personnel and the Debtors' advisors. An extension will not harm creditors or other parties in interest because, even under the extended deadline, the Debtors will file the Schedules and Statements in advance of any deadline for filing proofs of claim in these chapter 11 cases. The Debtors' request for a 45-day extension of time to file the Schedules and Statements, without prejudice to the Debtors' ability to request additional extensions for cause shown, is appropriate and warranted under the circumstances.

**II.     Cause Exists to Extend the Time to File the 2015.3 Reports.**

14. Pursuant to Bankruptcy Rule 2015.3, a chapter 11 debtor must file, no later than seven days before the date set for the 341 Meeting and no less than every six months thereafter, periodic financial reports of the value, operations, and profitability of each entity that is not a publicly traded corporation or a debtor in the chapter 11 cases, and in which the estate holds a

substantial or controlling interest. Fed. R. Bankr. P. 2015.3(a)–(c). Bankruptcy Rule 9006(b)(1) provides the Court with authority to extend the period of time to file the 2015.3 Reports "for cause." Additionally, Bankruptcy Rule 2015.3(d) provides the Court with the ability, after notice and a hearing, to modify the reporting requirements for cause, including that the debtor is "not able, after a good faith effort, to comply with those reporting requirements, or that the information . . . is publicly available."

15. Certain of the Debtors maintain interests in certain non-Debtor subsidiaries that fall under the ambit of Bankruptcy Rule 2015.3 and, as such, the Debtors are required to file 2015.3 Reports. Cause exists to extend the deadline for filing the 2015.3 Reports based on (a) the size, complexity, and geographic scope of the Debtors' businesses and (b) the substantial burdens imposed by compliance with Bankruptcy Rule 2015.3 in the early days of these chapter 11 cases.

16. Extending the deadline to file the initial 2015.3 Reports will enable the Debtors to work with their financial advisors and the United States Trustee for Southern District of Texas (the "U.S. Trustee") to determine the appropriate nature and scope of the reports and any proposed modifications to the reporting requirements established by Bankruptcy Rule 2015.3. Accordingly, the Debtors request that the Court grant an extension of the time by which the Debtors must file their initial 2015.3 Reports to and including the later of (a) 15 days after the 341 Meeting or (b) 59 days after the Petition Date (*i.e.*, July 13, 2023) pursuant to Bankruptcy Rule 2015.3(d).

17. The relief requested will not prejudice any party in interest. The Debtors intend to work cooperatively with the U.S. Trustee and any other necessary parties in these chapter 11 cases to provide access to relevant information regarding the business and financial affairs of the Debtors and their non-Debtor subsidiaries.

**Emergency Consideration**

18. The Debtors request emergency consideration of this motion pursuant to Bankruptcy Rule 6003, which empowers a court to grant relief within the first twenty-one days after the commencement of a chapter 11 case "to the extent that relief is necessary to avoid immediate and irreparable harm," and Bankruptcy Local Rule 9013-1(i). The requested relief will save costs and avoid undue administrative burden and confusion only if granted before the applicable deadlines. The Debtors have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and request that the Court approve the relief requested on an emergency basis.

**Notice**

19. The Debtors will provide notice of this motion to the following: (a) the U.S. Trustee for the Southern District of Texas; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the ABL Agent; (d) counsel to the RCF Agent; (e) counsel to the Ad Hoc Group of First Lien AmSurg Lenders; (f) counsel to the AmSurg 2L Group; (g) counsel to the Envision Ad Hoc Group; (h) counsel to the Unsecured Notes Group; (i) counsel to the Consenting Sponsors; (j) the United States Attorney's Office for the Southern District of Texas; (k) the Internal Revenue Service; (l) the United States Securities and Exchange Commission; (m) the state attorneys general for states in which the Debtors conduct business; and (n) any party that has requested notice pursuant to Bankruptcy Rule 2002 and Bankruptcy Local Rule 9013-1(d). No other or further notice is needed in light of the nature of the relief requested.

The Debtors request that the Court enter the Order, granting the relief herein and granting such other relief as the Court deems appropriate under the circumstances.

Houston, Texas
May 15, 2023

*/s/ Vienna Anaya*

| | |
|---|---|
| **JACKSON WALKER LLP** | **KIRKLAND & ELLIS LLP** |
| Matthew D. Cavenaugh (TX Bar No. 24062656) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Rebecca Blake Chaikin (TX Bar No. 24133055) | Edward O. Sassower, P.C. |
| Vienna Anaya (TX Bar No. 24091225) | Joshua A. Sussberg, P.C. (*pro hac vice* pending) |
| Javier Gonzalez (TX Bar No. 24119697) | Nicole L. Greenblatt, P.C. (*pro hac vice* pending) |
| 1401 McKinney Street, Suite 1900 | Anne G. Wallice (*pro hac vice* pending) |
| Houston, TX 77010 | 601 Lexington Avenue |
| Telephone: (713) 752-4200 | New York, New York 10022 |
| Facsimile: (713) 752-4221 | Telephone: (212) 446-4800 |
| Email: rchaikin@jw.com | Facsimile: (212) 446-4900 |
| vanaya@jw.com | Email: esassower@kirkland.com |
| jgonzalez@jw.com | jsussberg@kirkland.com |
| | ngreenblatt@kirkland.com |
| | anne.wallice@kirkland.com |

- and -

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
John R. Luze (*pro hac vice* pending)
Annie L. Dreisbach (*pro hac vice* pending)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email:    john.luze@kirkland.com
           annie.dreisbach@kirkland.com

*Proposed Co-Counsel to the Debtors*            *Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*                      *and Debtors in Possession*

**Certificate of Accuracy**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Local Rule 9013-1(i).

/s/ *Vienna Anaya*
Vienna Anaya

**Certificate of Service**

I certify that on May 15, 2023, I caused a copy of the foregoing document to be served via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *Vienna Anaya*
Vienna Anaya