IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENVISION HEALTHCARE CORPORATION, *et al.*,[1] | ) ) ) | Case No. 23-90342 (CML) |
|  | ) ) |  |
| Debtors. | ) ) | (Joint Administration Requested) |

**DEBTORS' MOTION
FOR THE ENTRY OF AN ORDER
(I) AUTHORIZING (A) THE REJECTION OF CERTAIN
EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND
(B) ABANDONMENT OF CERTAIN PERSONAL PROPERTY, IF ANY, EACH
EFFECTIVE AS OF THE PETITION DATE, AND (II) GRANTING RELATED RELIEF**

> **If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion:

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto (the "Order"), (a) authorizing the Debtors to (i) reject certain executory contracts (collectively, the "Contracts") and unexpired leases (collectively, the "Leases") of non-residential real property (collectively, the "Premises"), as well as any amendments or sublet agreements related thereto,

---

[1] A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/Envision. The Debtors' service address is 1A Burton Hills Boulevard, Nashville, Tennessee 37215.

identified on Exhibit 1 and Exhibit 2 to the Order, and (ii) to abandon certain equipment, fixtures, furniture, or other personal property (the "Personal Property") that may be located at the Premises, in each case effective as of the Petition Date (defined below), and (b) granting related relief.

## Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtors confirm their consent to the Court's entry of a final order in connection with this motion.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a), 365(a), and 554(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 6004, 6006, and 6007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## Background

5. Envision Healthcare Corporation ("EVHC" and together with certain of its Debtor and non-Debtor affiliates and subsidiaries, "Envision" or the "Company") is a leading national medical group that works in collaboration with healthcare partners, payors, and others in the healthcare industry to ensure the delivery of high-quality, accessible, and affordable patient care.

6. On the date hereof (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the Debtors and their businesses, including facts and circumstances giving rise to these chapter 11 cases is set forth in

the First Day Declarations,[2] filed contemporaneously with this motion and incorporated by reference herein.

7. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrently with the filing of this motion, the Debtors have requested procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

### Contracts and Leases to Be Rejected

8. In the lead up to these chapter 11 cases, the Debtors, with the assistance of their advisors, undertook a comprehensive review of their executory contracts and unexpired leases to determine which contracts and leases should be rejected on the Petition Date, to limit administrative costs and preserve value in light of the circumstances of these chapter 11 cases. The Debtors determined that it was no longer cost effective to utilize the Leases identified on Exhibit 1 to the Order because the Debtors previously vacated the leased office space and do not have any need to utilize the space going forward. The Debtors determined, in their business judgment, that the Leases are unnecessary and burdensome to the Debtors' estates and should be rejected because the Debtors are incurring rent and related costs with no corresponding benefits.

---

[2] Capitalized terms used but not otherwise defined in this motion shall have the meanings ascribed to them in (a) the *Declaration of Paul Keglevic, Chief Restructuring Officer of Envision Healthcare Corporation, in Support of the Debtors' Chapter 11 Petitions* (the "Keglevic First Day Declaration") and (b) the *Declaration of Dennis Stogsdill, Managing Director of Alvarez & Marsal North America, LLC, in Support of (I) the Debtors' First Day Motions and (II) the Debtors' Emergency Motion for Entry of Interim and Final Orders (A) Authorizing the Debtors to Use Cash Collateral, (B) Granting Adequate Protection to Prepetition Secured Parties, (C) Scheduling a Final Hearing, (D) Modifying the Automatic Stay, and (E) Granting Related Relief* (the "Stogsdill First Day Declaration," and together with the Keglevic First Day Declaration, the "First Day Declarations").

9. The Debtors further determined that the Contracts identified on <u>Exhibit 2</u> to the Order are no longer tailored to the Debtors' operational needs or are otherwise financially burdensome. The Debtors intend to streamline operations as part of this restructuring process by eliminating excessive fixed costs and increasing strategic flexibility going forward. The Debtors have determined, in their business judgment, that rejecting the Contracts as provided herein will further that goal.

10. The gross annual cost to the Debtors under the Contracts and Leases is approximately $20.2 million. The Debtors estimate that rejecting the Contracts and Leases effective as of the Petition Date, will save the Debtors approximately $94.5 million over the remaining term of the Contracts and Leases.

11. The Debtors determined, in their business judgment, that the Contracts and Leases identified on <u>Exhibit 1</u> and <u>Exhibit 2</u> to the Order are unnecessary and burdensome to the Debtors' estates and should be rejected.

**Personal Property to Be Abandoned**

12. The Debtors will evaluate the remaining Personal Property at the Premises, if any, to determine whether (a) the Personal Property is of inconsequential value or (b) the cost of removing and storing the Personal Property for future use, marketing, or sale exceeds its value to the Debtors' estates. The Personal Property, if any, will no longer be necessary for the administration of the Debtors' estates because the Debtors are no longer using the leased space at the Premises to conduct any operations.

13. To reduce postpetition administrative costs and in the exercise of the Debtors' sound business judgment, the abandonment of the Personal Property that may be located at each of the Premises, if any, is appropriate and in the best interests of the Debtors, their estates, and their creditors.

**Basis for Relief**

I. **Rejection of the Contracts and Leases Constitutes a Sound Exercise of the Debtors' Reasonable Business Judgment.**

14. Section 365(a) of the Bankruptcy Code provides that a debtor in possession "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). "This provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (citing *In re Murexco Petroleum, Inc.*, 15 F.3d 60, 62 (5th Cir. 1994)); *see also In re Orion Pictures Corp.*, 4 F.3d 1095, 1098 (2d Cir. 1993) (noting that the purpose of rejection of executory contracts is to permit the debtor-in-possession to renounce title to and abandon burdensome property).

15. A debtor's rejection of an executory contract or unexpired lease is ordinarily governed by the "business judgment" standard. *See Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985) ("It is well established that 'the question whether a lease should be rejected . . . is one of business judgment." (quoting *Grp. of Institutional Invs. v. Chicago, M., St. P. & P. R. Co.*, 318 U.S. 523, 550 (1943))); *see also In re Texas Sheet Metals, Inc.*, 90 B.R. 260, 264 (Bankr. S.D. Tex. 1988) ("The traditional business judgment standard governs the rejection of ordinary executory contracts."). The business judgment standard requires a court to approve a debtor's business decision unless that decision is the product of "bad faith, whim, or caprice." *See In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001) (citing *In re Wheeling-Pittsburgh Steel Corp.*, 72 B.R. 845, 849–50 (Bankr. W.D. Pa. 1987)).

16. Rejection of an executory contract or an unexpired lease is appropriate where such rejection would benefit the estate. *See In re Pisces Energy, LLC*, No. 09-36591-H5-11, 2009 WL

5

7227880, at *6 (Bankr. S.D. Tex. Dec. 21, 2009) ("Courts apply the 'business judgment test,' which requires a showing that the proposed course of action will be advantageous to the estate and the decision be based on sound business judgment."); *see also Orion Pictures*, 4 F.3d at 1098–99 (stating that section 365 of the Bankruptcy Code permits a debtor in possession, subject to court approval, to decide which executory contracts would be beneficial to reject). Upon finding that a debtor exercised its sound business judgment in determining that rejection of certain contracts or leases is in the best interests of its creditors and all parties in interest, a court should approve the rejection under section 365(a) of the Bankruptcy Code. *See In re Summit Land Co.*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (holding that absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course").

17. Rejection of the Contracts and Leases is well within the Debtors' business judgment and is in the best interest of their estates. Absent rejection, the Contracts and Leases impose ongoing obligations on the Debtors and their estates that constitute an unnecessary drain on the Debtors' resources compared to the benefits associated therewith. The Debtors have determined in their business judgment that such costs are an unnecessary and unproductive use of estate assets. By contrast, rejection of the Contracts and Leases will provide significant savings to the Debtors' estates moving forward. The Debtors estimate that rejection of the Contracts and Leases as of the Petition Date, will save the Debtors' estates approximately $94.5 million rent and related costs over the remaining term of the Contracts and Leases.

18. Rejecting the Contracts and Leases is appropriate under the circumstances and reflects the Debtors' sound business judgment.

## II. Deeming Rejection of the Contracts and Leases Effective as of the Petition Date is Appropriate.

19. It is appropriate for the Court to deem the Debtors' rejection of the Contracts and Leases effective as of the Petition Date. Pursuant to sections 105(a) and 365(a) of the Bankruptcy Code, bankruptcy courts may grant retroactive rejection of an executory contract or unexpired lease based on a balancing of the equities of the case. *See, e.g.*, *In re Cafeteria Operators, L.P.*, 299 B.R. 384, 394 (Bankr. N.D. Tex. 2003) (granting retroactive relief for contract rejection where debtors were "receiving no benefit" from the lease and the contract counterparties "had unequivocal notice of Debtors' intent to reject prior to the filing of the Motions"); *In re O'Neil Theatres, Inc.*, 257 B.R. 806, 808 (Bankr. E.D. La. 2000) (granting retroactive relief based on the circumstances of the case); *In re Amber's Stores, Inc.*, 193 B.R. 819, 827 (Bankr. N.D. Tex. 1996) (finding that "nothing precludes a bankruptcy court, based on the equities of the case, from approving" retroactive rejection); *see also In re Joseph C. Spiess Co.*, 145 B.R. 597, 606 (Bankr. N.D. Ill. 1992) ("a trustee's rejection of a lease should be retroactive to the date that the trustee takes affirmative steps to reject said lease.").

20. The balance of equities favors rejection of the Contracts and Leases effective as of the Petition Date. Without such relief, the Debtors might be forced to incur unnecessary administrative expenses for the Contracts and Leases that provide no benefit to the Debtors' estates. *See* 11 U.S.C. §§ 365(d)(5), 503(b)(1)(A). The Debtors are not utilizing a number of the office spaces leased pursuant to the Leases and are thus incurring substantial rent and related charges with no corresponding benefit. Rejecting the Leases effective as of the Petition Date, rather than waiting until emergence to do so will save the Debtors approximately $4.6 million in quarterly rent payments for unused office space. The office space leased pursuant to the Leases is

no longer utilized by the Debtors and will be turned over to the lessors and sublessees by the Debtors effective as of the date hereof.

21. The Debtors, in exercise of their sound business judgment, have determined that the Contracts are not compatible with the Debtors' ongoing business needs nor a source of potential value for the Debtors' estates. Rejecting the Contracts as of the Petition Date rather than waiting until emergence to do so will save the Debtors' approximately $1.8 million.

22. The counterparties to the Contracts and Leases will not be unduly prejudiced if rejection is deemed effective as of the Petition Date. Contemporaneously with the filing of this motion, the Debtors will cause notice of the motion to be served on the counterparties to the Contracts and Leases, thereby providing the counterparties with sufficient opportunity to respond.

23. The Debtors respectfully submit that it is fair and equitable for the Court to authorize rejection of the Contracts and Leases effective as of the Petition Date on the terms and conditions set forth in the Order.

### III. The Abandonment of Personal Property is Appropriate.

24. The abandonment of Personal Property is appropriate and authorized by the Bankruptcy Code. *See* 11 U.S.C. § 554(a). Section 554(a) provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a). Courts generally give a debtor in possession great deference to its decision to abandon property. *See, e.g., In re Vel Rey Props., Inc.*, 174 B.R. 859, 867 (Bankr. D.D.C. 1994) ("Clearly, the court should give deference to the trustee's judgment in such matters."). Unless certain property is harmful to the public, once

a debtor has shown that it is burdensome or of inconsequential value to the estate, a court should approve the abandonment. *Id*.

25. Before deciding to abandon the Personal Property, if any, the Debtors will determine whether the costs of moving and storing such Personal Property outweigh any benefit to the Debtors' estates. Any efforts by the Debtors to move or market the Personal Property could unnecessarily delay the Debtors' surrender of the Premises and the rejection of the Leases. It is in the best interests of the Debtors and their estates for the Debtors to abandon Personal Property located on the Premises.

### Waiver of Bankruptcy Rules 6004(a) and 6004(h)

26. The Debtors request that the Court enter an order providing that notice of the relief requested herein satisfies Bankruptcy Rule 6004(a) and that the Debtors have established cause to exclude such relief from the fourteen-day stay period under Bankruptcy Rule 6004(h), which is necessary to implement the relief requested in this motion.

### Reservation of Rights

27. Nothing contained herein or any actions taken pursuant to such relief requested is intended or shall be construed as (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law, (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds, (c) a promise or requirement to pay any claim, (d) an implication or admission that any particular claim is of a type specified or defined in this motion or any order granting the relief requested in this motion or a finding that any particular claim is an administrative expense claim or other priority claim, (e) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates, (f) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy

Code or any other applicable law, or (g) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.  If the Court grants the relief sought herein, any payment made pursuant to the Court's order is not intended and should not be construed as an admission as to the validity of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

## Notice

28.     The Debtors will provide notice of this motion to the following:  (a) the U.S. Trustee for the Southern District of Texas; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the ABL Agent; (d) counsel to the RCF Agent; (e) counsel to the Ad Hoc Group of First Lien AmSurg Lenders; (f) counsel to the AmSurg 2L Group; (g) counsel to the Envision Ad Hoc Group; (h) counsel to the Unsecured Notes Group; (i) counsel to the Consenting Sponsors; (j) the United States Attorney's Office for the Southern District of Texas; (k) the Internal Revenue Service; (l) the United States Securities and Exchange Commission; (m) the state attorneys general for states in which the Debtors conduct business; (n) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors conduct business; (o) counterparties to the Contracts and Leases; and (p) any party that has requested notice pursuant to Bankruptcy Rule 2002 and Bankruptcy Local Rule 9013-1(d).  No other or further notice is needed in light of the nature of the relief requested.

The Debtors request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Houston, Texas
May 15, 2023

*/s/ Vienna Anaya*

| | |
|---|---|
| **JACKSON WALKER LLP** | **KIRKLAND & ELLIS LLP** |
| Matthew D. Cavenaugh (TX Bar No. 24062656) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Rebecca Blake Chaikin (TX Bar No. 24133055) | Edward O. Sassower, P.C. |
| Vienna Anaya (TX Bar No. 24091225) | Joshua A. Sussberg, P.C. (*pro hac vice* pending) |
| Javier Gonzalez (TX Bar No. 24119697) | Nicole L. Greenblatt, P.C. (*pro hac vice* pending) |
| 1401 McKinney Street, Suite 1900 | Anne G. Wallice (*pro hac vice* pending) |
| Houston, TX 77010 | 601 Lexington Avenue |
| Telephone: (713) 752-4200 | New York, New York 10022 |
| Facsimile: (713) 752-4221 | Telephone: (212) 446-4800 |
| Email: rchaikin@jw.com | Facsimile: (212) 446-4900 |
| vanaya@jw.com | Email: esassower@kirkland.com |
| jgonzalez@jw.com | jsussberg@kirkland.com |
| | ngreenblatt@kirkland.com |
| | anne.wallice@kirkland.com |

- and -

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
John R. Luze (*pro hac vice* pending)
Annie L. Dreisbach (*pro hac vice* pending)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    john.luze@kirkland.com
    annie.dreisbach@kirkland.com

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*

## Certificate of Service

      I certify that on May 15, 2023, I caused a copy of the foregoing document to be served via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

                                                */s/ Vienna Anaya*
                                                Vienna Anaya