# **Exhibit 3**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENVISION HEALTHCARE CORPORATION, *et al.*,[1] | ) ) ) | Case No. 23-90342 (CML) |
| Debtors. | ) ) ) ) | (Joint Administration Requested) |

**DECLARATION OF BENJAMIN J. STEELE
IN SUPPORT OF DEBTORS' <u>EMERGENCY</u> *EX PARTE*
APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING
THE EMPLOYMENT AND RETENTION OF KROLL RESTRUCTURING
ADMINISTRATION LLC AS CLAIMS, NOTICING, AND SOLICITATION AGENT**

I, Benjamin J. Steele, under penalty of perjury, declare as follows:

1. I am a Managing Director at Kroll Restructuring Administration LLC ("<u>Kroll</u>"),[2] a chapter 11 administrative services firm whose headquarters are located at 55 East 52nd Street, 17th Floor, New York, NY 10055. Except as otherwise noted in this declaration (this "<u>Declaration</u>"), I have personal knowledge of the matters set forth herein, and if called and sworn as a witness, I could and would testify competently as follows.

2. I submit this Declaration in support of the *Emergency Ex Parte Application for Entry of an Order Authorizing the Employment and Retention of Kroll Restructuring Administration LLC as Claims, Noticing, and Solicitation Agent*, filed contemporaneously

---

[1] A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/Envision. The Debtors' service address is 1A Burton Hills Boulevard, Nashville, Tennessee 37215.

[2] Effective March 29, 2022, Prime Clerk LLC changed its name to Kroll Restructuring Administration LLC. There has not been any change in the company's leadership, ownership, or organizational structure.

herewith (the "<u>Application</u>") by the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>").[3]

  3. Kroll represents the following:

   (a) Kroll, its members, and its employees are not and were not, within two years before the date of the filing of these chapter 11 cases, creditors, equity security holders, insiders, or employees of the Debtors;

   (b) Kroll will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the Claims and Noticing Agent in these chapter 11 cases;

   (c) by accepting employment in these chapter 11 cases, Kroll waives any rights to receive compensation from the United States government in connection with these chapter 11 cases;

   (d) in its capacity as the Claims and Noticing Agent in these chapter 11 cases, Kroll will not be an agent of the United States and will not act on behalf of the United States;

   (e) Kroll will not employ any past or present employees of the Debtors in connection with its work as the Claims and Noticing Agent in these chapter 11 cases;

   (f) Kroll is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which it is engaged;

   (g) in its capacity as Claims and Noticing Agent in these chapter 11 cases, Kroll will not intentionally misrepresent any fact to any person;

   (h) Kroll shall be under the supervision and control of the Office of the Clerk of the Bankruptcy Court (the "<u>Clerk</u>") with respect to the receipt and recordation of claims and claim transfers;

   (i) Kroll will comply with all requests of the Clerk and the guidelines promulgated by the Judicial Conference of the United States for the implementation of 28 U.S.C. § 156(c); and

   (j) none of the services provided by Kroll as Claims and Noticing Agent in these chapter 11 cases shall be at the expense of the Clerk's office.

---

[3] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

2

4. I caused to be submitted for review by our conflicts system the names of potential parties in interest in these chapter 11 cases. The results of the conflicts check were compiled and reviewed by Kroll professionals under my supervision. Kroll is not aware of any connection that would present a disqualifying conflict of interest. Should Kroll discover any new relevant facts or connections bearing on the matters described herein during the period of its retention, Kroll will use reasonable efforts to promptly file a supplemental declaration.

5. To the best of my knowledge, and except as provided herein, neither Kroll nor any of its professionals have any materially adverse connection to the Debtors, their creditors, or other relevant parties in interest. Kroll may have relationships with certain of the Debtors' creditors as vendors or in connection with cases in which Kroll serves or has served in a neutral capacity as claims and noticing agent and/or administrative advisor for another chapter 11 debtor.

6. Kroll discloses the following connections, each of which Kroll believes does not present an interest adverse to the Debtors:

- I was previously an associate at Kirkland & Ellis LLP ("K&E"), counsel to the Debtors in these chapter 11 cases. In addition, Brad Weiland, a Managing Director of Kroll, was previously a partner at K&E. I left K&E in August 2013, and Mr. Weiland left K&E in November 2021. Neither I nor Mr. Weiland worked on any matters involving the Debtors while employed by K&E.

- I understand that K&E has represented and currently represents Kroll in matters unrelated to the Debtors and these chapter 11 cases. I do not believe that these connections preclude Kroll from meeting the disinterestedness standard under the Bankruptcy Code.

- Jessica Stamelman, Kroll's divisional President, was previously an associate at The Carlyle Group Employee Co., L.L.C., an affiliate of The Carlyle Group ("Carlyle"). Certain funds managed by Carlyle are lenders in these chapter 11 cases. Ms. Stamelman left Carlyle in December 2019 and did not work on any matters involving the Debtors while at Carlyle.

- Shira D. Weiner is General Counsel of Kroll and its divisional affiliates. Ms. Weiner was formerly an associate at Gibson, Dunn & Crutcher LLP ("Gibson Dunn"), counsel to a group of lenders to the Debtors in these chapter 11

3

cases. Ms. Weiner left Gibson Dunn in April 2017. Ms. Weiner did not work on any matters involving the Debtors during her time at Gibson Dunn. Additionally, Ms. Weiner's husband, Marc Penziner, is a principal at Bernstein Global Wealth Management ("BGWM"), the private wealth management division of AllianceBernstein L.P., a lender in these cases. The business of BGWM is focused on investment research and management and BGWM does not engage in investment banking or proprietary trading, nor does it have any overlap with, involvement in, or discretion over, portfolio/fund investment decisions. Ms. Weiner's role is primarily administrative and she does not generally work on any of the firm's cases.

- Georgia Faust, a Director at Kroll, was formerly a paralegal at Kasowitz Benson Torres LLP ("Kasowitz"), one of the Debtors' vendors. Ms. Faust left Kasowitz in 2010 and did not work on any matters involving the Debtors during her time at Kasowitz.

- Adam Adler, a Managing Director at Kroll, was previously an associate at Fried Frank Harris Shriver & Jackson LLP ("Fried Frank"), one of the Debtors' vendors. Mr. Adler left Fried Frank in 2006. Mr. Adler did not work on any matters involving the Debtors during his time at Fried Frank.

- Oleg Bitman, a Senior Consultant at Kroll, was previously an associate at at Baker & Hostetler LLP ("Baker"), one of the Debtors' vendors and ordinary course professionals. Mr. Bitman left Baker in 2016. Mr. Bitman did not work on any matters involving the Debtors during his time at Baker. Additionally, Eric Usitalo, a director at Kroll, is the spouse of Michelle Usitalo. Ms. Usitalo is a partner at Baker & Hostetler.

- Robert DeStefano, an associate at Kroll, was formally an analyst at Ducera Partners LLC ("Ducera"), investment banker to certain lenders of the Debtors in these chapter 11 cases. Mr. DeStefano left Ducera in January 2021 and did not work on any matters involving the Debtors during his time at Ducera. Mr. DeStefano's role at Kroll is purely administrative and, as such, he does not work on any of the firm's cases.

- Heidi Stern, Chief Financial Officer for Kroll and its divisional affiliates, and Diana Shih, Controller at Kroll, were formerly associates at PWC, one of the Debtors' vendors. Ms. Stern and Ms. Shih left PWC in 2011. Neither Ms. Stern nor Ms. Shih worked on any matters involving the Debtors during their time at PWC.

- Jordan Searles, a Director at Kroll, was previously an audit associate at KPMG US LLP ("KPMG"), one of the Debtors' professionals. Mr. Searles left KPMG in 2014. Mr. Searles did not work on any matters involving the Debtors during his time at KPMG.

4

- Stacey Corr-Irvine, a Director at Kroll, was formally a partner at Jones Day, one of the Debtors' vendors. Ms. Corr-Irvine left Jones Day in 2020. Ms. Corr-Irvine did not work on any matters involving the Debtors during her time at Jones Day. Mrs. Corr-Irvine's husband is a Vice President of Fixed Income Finance at JP Morgan Chase Bank, N.A., one of the Debtors' banks. Mr. Irvine's role is administrative in nature, and he is not involved in any investment decisions.

- RSM US LLP is listed on the Potential Parties in Interest List as an ordinary course professional. RSM US LLP also provides certain tax advisory services to Kroll.

- Kroll is an indirect subsidiary of Kroll, LLC ("Kroll Parent"). Kroll Parent is the world's premier provider of services and digital products related to governance, risk and transparency. Within the Kroll Parent corporate structure, Kroll operates independently from Kroll Parent. As such, any relationships that Kroll Parent and its affiliates maintain do not create an interest of Kroll's that is materially adverse to the Debtors' estates or any class of creditors or security holders. Kroll Parent is not currently identified on the Potential Parties in Interest list, but Kroll makes this disclosure out of an abundance of caution.

- Kroll further declares that Kroll does not now have nor has it ever had any contract or agreement with XClaim Inc. or with any other party under which Kroll provides, provided, or will provide exclusive access to claims data or under which Kroll would be compensated for claims data made available by Kroll.

7.  I believe Kroll is a "disinterested person" as the term is defined in section 101(14) of the Bankruptcy Code.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Dated: May 15, 2023

/s/ Benjamin J. Steele
Benjamin J. Steele
Managing Director
Kroll Restructuring Administration LLC
55 East 52nd Street, 17th Floor
New York, NY 10055

5