## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENVISION HEALTHCARE CORPORATION, *et al.*,[1] | ) ) ) ) | Case No. 23-90342 (CML) |
| Debtors. | ) ) ) | (Joint Administration Requested) (Emergency Hearing Requested) |

## DEBTORS' **EMERGENCY** MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION, (II) APPROVING THE FORM AND MANNER OF THE NOTICE OF COMMENCEMENT, AND (III) GRANTING RELATED RELIEF

> **Emergency relief has been requested. Relief is requested not later than 4:00 p.m. (prevailing Central Time) on May 15, 2023.**
>
> **If you object to the relief requested or you believe that emergency consideration is not warranted, you must appear at the hearing if one is set, or file a written response prior to the date that relief is requested in the preceding paragraph. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**
>
> **A hearing will be conducted on this matter on May 15, 2023 at 4:00 p.m. (prevailing Central Time) in Courtroom 401, 4th floor, 515 Rusk Street, Houston, Texas 77002. Participation at the hearing will only be permitted by an audio and video connection.**
>
> **Audio communication will be by use of the Court's dial-in facility. You may access the facility at (832) 917-1510. Once connected, you will be asked to enter the conference room number. Judge Lopez's conference room number is 590153. Video communication will be by use of the GoToMeeting platform. Connect via the free GoToMeeting application or click the link on Judge Lopez's home page. The meeting code is "JudgeLopez". Click the settings icon in the upper right corner and enter your name under the personal information setting.**
>
> **Hearing appearances must be made electronically in advance of both electronic and in-person hearings. To make your appearance, click the "Electronic Appearance" link on Judge Lopez's home page. Select the case name, complete the required fields and click "Submit" to complete your appearance.**

---

[1] A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/Envision. The Debtors' service address is 1A Burton Hills Boulevard, Nashville, Tennessee 37215.

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion:

### Relief Requested

1. The Debtors seek entry of an order, substantially in the attached form (the "Order") (a) authorizing the Debtors to redact certain personally identifiable information, (b) approving the form and manner of notice of commencement of these chapter 11 cases, and (c) granting related relief.

### Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). The Debtors confirm their consent to the Court's entry of a final order in connection with this motion.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a), 107(c), and 521 of title 11 of the United States Code (the "Bankruptcy Code"), rules 2002, 6003, and 9037(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 1075-1 and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

### Background

5. Envision Healthcare Corporation ("EVHC" and together with certain of its Debtor and non-Debtor affiliates and subsidiaries, "Envision" or the "Company") is a leading national medical group that works in collaboration with healthcare partners, payors, and others in the healthcare industry to ensure the delivery of high-quality, accessible, and affordable patient care.

6. On the date hereof (the "Petition Date"), each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description of the Debtors and their

businesses, including facts and circumstances giving rise to these chapter 11 cases is set forth in the First Day Declarations,[2] filed contemporaneously with this motion and incorporated by reference herein.

7.     The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrently with the filing of this motion, the Debtors have requested procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no committees have been appointed or designated.

## Basis for Relief

**I.     Redaction of Certain Confidential Information of Individuals Is Warranted.**

8.     Section 107(c) of the Bankruptcy Code provides that the Court:

> "for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> (A) Any means of identification . . . contained in a paper filed, or to be filed, in a case under [the Bankruptcy Code].
>
> (B) Other information contained in a paper described in subparagraph (A)."

11 U.S.C. § 107(c)(1). In addition, Bankruptcy Rule 9037(a) authorizes the redaction of personally identifiable information of minors. *See* Fed. R. Bankr. P. 9037(a). Critical to the Debtors, the

---

[2] Capitalized terms used but not otherwise defined in this motion shall have the meanings ascribed to them in (a) the *Declaration of Paul Keglevic, Chief Restructuring Officer of Envision Healthcare Corporation, in Support of the Debtors' Chapter 11 Petitions* (the "Keglevic First Day Declaration") and (b) the *Declaration of Dennis Stogsdill, Managing Director of Alvarez & Marsal North America, LLC, in Support of (I) the Debtors' First Day Motions and (II) the Debtors' Emergency Motion for Entry of Interim and Final Orders (A) Authorizing the Debtors to Use Cash Collateral, (B) Granting Adequate Protection to Prepetition Secured Parties, (C) Scheduling a Final Hearing, (D) Modifying the Automatic Stay, and (E) Granting Related Relief* (the "Stogsdill First Day Declaration," and together with the Keglevic First Day Declaration, the "First Day Declarations").

3

Health Insurance Portability and Accountability Act of 1996 ("HIPAA") creates a duty for healthcare providers to maintain the confidentiality of patient information.[3] Moreover, privacy and data regulations have been enacted in key jurisdictions in which the Debtors do business. In 2018, the state of California enacted the California Consumer Privacy Act of 2018 (the "CCPA"), which provides individuals domiciled in California the right to request their collected personal information be deleted by entities subject to the regulation. Violators risk injunctions and civil penalties of up to $2,500 for *each* violation and up to $7,500 for *each intentional* violation. Cal. Civ. Code § 1798.155. The Debtors collect, store, and retain applicant and employment data for applicants and employees domiciled in California, which is subject to the CCPA. In July 2021, the state of Colorado enacted the Colorado Privacy Act (the "CPA"), which will go into effect on July 1, 2023. *See* Colorado Privacy Act, Senate Bill 21-190, 73d Leg., 2021 Regular Sess. (Colo. 2021), to be codified in Colo. Rev. Stat. ("C.R.S.") Title 6. The CPA gives consumers the right to know what personal information is being collected about them, why it is being collected, and how it will be used. The CPA also gives consumers the right to control how their personal information is used and to delete their personal information. Infringement of the CPA may constitute a deceptive trade practice under the Colorado Consumer Protection Act, which imposes a $20,000 fine per violation. The Debtors have offices and operations in Colorado and could be subject to significant fines if they do not comply with the requirements of the CPA.

9. Other key jurisdictions also have privacy protection regulations. For example, the United Kingdom Data Protection Act of 2018 and the United Kingdom General Data Protection Regulation (together, the "UK GDPR"), the European General Data Protection Regulation

---

[3] The Debtors separately seek relief to implement procedures to protect confidential patient information to comply with HIPAA and other applicable privacy rules in the *Debtors' Emergency Motion for Entry of an Order Authorizing the Implementation of Procedures to Protect Confidential Information*, filed contemporaneously herewith.

(the "EU GDPR"), and similar laws in other countries, impose significant constraints on the processing (which includes the transferring or disclosing) of information relating to identified or identifiable individuals (which includes names and home and email addresses of individuals and individual business contacts) ("Personal Data").  The UK GDPR and EU GDPR apply to the processing of Personal Data in the context of an establishment of a controller or processor in the United Kingdom or a European Economic Area member state regardless of whether the processing takes place in the United Kingdom or the European Economic Area (and, in some circumstances, organizations established in other countries when processing Personal Data relating to individuals located in the United Kingdom or European Economic Area).  In addition, to the extent a United Kingdom organization processed personal data of individuals located outside the United Kingdom during the post-Brexit transition period, the EU GDPR continues to apply to the processing of that Personal Data for the time being.

10. The UK GDPR and EU GDPR require a legal basis for any processing (including disclosure) of Personal Data.  The most appropriate legal basis that may apply for disclosing the Personal Data in this instance would be the "legitimate interests" basis (Article 6(1)(f) UK GDPR and EU GDPR).  This basis, however, will only apply where the processing is necessary for the relevant purpose.  Such processing will not be necessary where there is a less intrusive way of achieving that purpose.  This basis will also not apply if, when balanced against each other, the rights and freedoms of the individuals override the legitimate interest in question.  The legal basis of "compliance with a legal obligation" (Article 6(1)(c) UK GDPR and EU GDPR) would not be applicable in this situation because the legal obligation must exist under UK or EU law, which is not the case in the context of these chapter 11 cases.

11. In addition, processing (including disclosure) under the UK GDPR and EU GDPR must comply with certain key principles, including the principle of data minimization, which

5

requires that any processing must be necessary in relation to its purpose. The disclosure of the unredacted names and home and e-mail addresses (or other Personal Data) of individual creditors on the public docket is not necessary for the purpose of reviewing the claim amounts of individual creditors in connection with a plan of reorganization or administering the chapter 11 cases, and the proposed redaction would be a less intrusive way of achieving this purpose. The right of individual creditors not to have their unredacted names and home and email addresses disclosed on the public docket would likely override the legitimate interest of disclosing such information to facilitate these chapter 11 cases. Disclosure in an unredacted form therefore risks breaching the UK GDPR and EU GDPR on account of (a) having no legal basis and (b) breaching the minimization principle.

12.     Violators of the UK GDPR and EU GDPR risk severe penalties. If an organization is found to have processed information in breach of the UK GDPR, the organization may be fined up to the higher of £17,500,000 or 4% of worldwide annual turnover—*i.e.*, total annual revenues—of the preceding financial year. *See* United Kingdom Data Protection Act 2018, section 157(5)(a) (as amended by the Data Protection, Privacy and Electronic Communications (Amendments etc.) (EU Exit) Regulations 2019). Similarly, if an organization is found to have processed information in breach of the EU GDPR, the organization may be fined up to the higher of €20,000,000 or 4% of worldwide annual turnover—*i.e.*, total annual revenues—of the preceding financial year. *See* General Data Protection Regulation (EU) 2016/679, art. 83(5). The processing of information includes transferring or disclosing it to others. The UK GDPR and EU GDPR may apply to the Debtors, specifically as certain of the Debtors' may be processing data relating to their creditors, including vendors and other individual creditors, located in the United Kingdom or European Economic Area. Moreover, given the nature of the Debtors' business, there is a high risk that not redacting the names, home addresses, and email addresses of individuals located in the

United Kingdom or the European Economic Area would result in the in "processing" of health-related Personal Data, which would be considered "special category data" under both the UK GDPR and EU GDPR. *See* United Kingdom Data Protection Act, 2019 No. 419, Schedule 1, ¶9, *see also* EU GDPR 2016/679, arts. 85-91.

13. It is appropriate to authorize the Debtors to redact from any paper filed or to be filed with the Court in these chapter 11 cases, including the consolidated list of creditors (the "<u>Creditor Matrix</u>"), Schedules and Statements,[4] claims register, and proofs of claim (a) the names, home and email addresses of individual creditors—including the Debtors' patients, employees, contract workers, former employees, vendors, and suppliers—and any individual equity holders who are citizens of the United States located in the United States, (b) all personally identifiable information of minors, and (c) the names, home and email addresses and other Personal Data of any natural person to the extent they are processed subject to the UK GDPR or EU GDPR because (x) such information can be used to perpetrate identity theft or locate survivors of domestic violence, harassment, stalking, or phishing scams under section 107(c)(1) of the Bankruptcy Code, and (y) disclosure risks violating the CCPA, CRS, UK GDPR, and EU GDPR, exposing the Debtors to potential civil liability and significant financial penalties.

14. The risk in relation to section § 107(c)(1) of the Bankruptcy Code is not merely speculative. In at least one chapter 11 case, the abusive former partner of a debtor's employee used the publicly accessible creditor and employee information filed in the chapter 11 case to track the employee at her new address that had not been publicly available until then, forcing the

---

[4] As defined in the *Debtors' <u>Emergency</u> Motion for Entry of an Order (I) Extending Time to File (A) Schedules of Assets and Liabilities, (B) Schedules of Current Income and Expenditures, (C) Schedules of Executory Contracts and Unexpired Leases, and (D) Statements of Financial Affairs, and (II) Granting Related Relief*, filed contemporaneously herewith.

employee to change addresses again.[5] More recently, in a chapter 11 case in the Southern District of New York, at least four phishing scams have been uncovered.[6] These incidents targeted individuals whose names were publicized in the creditor matrix and include two attacks where scammers posed as associates of debtors' counsel using fake email accounts and requested that individual creditors reply with their account and other personal information, another where scammers posed as the debtors' claims agent and requested the same information from individual creditors, and a fourth attack where scammers sent a doctored court order suggesting individuals had to provide account access information to be able to receive a recovery in the debtors' cases. These events also suggest that disclosure of Personal Data may not satisfy a legitimate interests assessment and would not be compliant with the minimization principle under the UK GDPR and EU GDPR.

15. The Debtors propose to provide an unredacted version of the Creditor Matrix, Schedules and Statements, and any other filings redacted pursuant to the proposed order to (a) the Court, (b) the United States Trustee for the Southern District of Texas (the "U.S. Trustee"), (c) the proposed claims and noticing agent, (d) counsel to any official committee appointed in these chapter 11 cases, and (e) any party in interest upon a request to the Debtors (email being sufficient) or to the Court that is reasonably related to these chapter 11 cases. In each case, this would be subject to a review of whether such disclosure, on a case-by-case basis, would violate any privacy or data protection law or regulation. Nothing precludes a party in interest's right to file a motion requesting that the Court unseal the information redacted by the Order. In addition,

---

[5] The incident, which took place during the first *Charming Charlie* chapter 11 proceedings in 2017, is described in the "creditor matrix motion" filed in *In re Charming Charlie Holdings, Inc.*, No. 19-11534 (CSS) (Bankr. D. Del. Jul. 11, 2019), ECF No. 4.

[6] *See In re Celsius Network, LLC*, Case No. 22-10964 (MG), Docket Nos. 1527, 1904, 1992, 2082.

8

the Debtors will distribute as applicable any notices that are received at the Debtors' corporate headquarters and are intended for a current employee.

16. For these reasons, cause exists to authorize the Debtors to redact, pursuant to section 107(c)(1) of the Bankruptcy Code and in compliance with the CCPA, CRS, UK GDPR and EU GDPR, the names, home and email addresses of individuals (and, where such information has been provided to, and is being processed by, an organization with an establishment located in the United Kingdom or a member state of the European Economic Area, the names, home and email addresses, and other Personal Data of any individual) listed on the creditor matrix, schedules and statements, or any other document filed with the Court. Absent the relief requested herein, the Debtors (a) may be in violation of applicable data privacy law and HIPAA, thereby exposing them to severe monetary penalties that could threaten the Debtors' operations during this sensitive stage of their efforts to maximize the value of their estates, (b) would unnecessarily render individuals more susceptible to identity theft, and (c) could jeopardize the safety of employees, contract workers, former employees, vendors, suppliers, and other individual creditors or individual equity holders who, unbeknownst to the Debtors, are survivors of domestic violence, harassment, or stalking by publishing their home and email addresses without any advance notice or opportunity to opt out or take protective measures.

17. Finally, as operators of hospitals, a large proportion of the Debtors' creditors are current and former patients (the "<u>Patients</u>"). The Debtors propose to further protect the confidential information of the Patients pursuant to specific procedures, as more fully descried in the *Debtors' <u>Emergency</u> Motion for an Order Authorizing the Implementation of Procedures to Protect Confidential Patient Information*, filed contemporaneously herewith.

**II.    Service of Required Notices to Creditors.**

18.    Bankruptcy Rule 2002(a) provides, in relevant part, that "the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees at least twenty-one days' notice by mail of: the meeting of creditors under § 341 or § 1104(b) of the Code." Fed. R. Bankr. P. 2002(a). Subsection (f) provides that notice of the order for relief shall be sent by mail to all creditors. *See* Fed. R. Bankr. P. 2002(f).

19.    The Debtors propose that Kroll Restructuring Administration LLC ("Kroll"), the Debtors' proposed claims and noticing agent (the "Claims and Noticing Agent"), undertake all mailings directed by the Court or the U.S. Trustee or as required in section 342(a) of the Bankruptcy Code and Bankruptcy Rules 2002(a) and (f), including the notice of commencement of these chapter 11 cases, substantially in the form attached as Exhibit A to the Order (the "Notice of Commencement") on all parties listed on the Creditor Matrix to advise them of the meeting of creditors under section 341 of the Bankruptcy Code. Service of the Notice of Commencement on the Creditor Matrix will not only avoid confusion among creditors but will also prevent the Debtors' estates from incurring unnecessary costs associated with serving multiple notices to the parties listed on the Debtors' voluminous Creditor Matrix. Accordingly, service of the Notice of Commencement is warranted.

20.    The Debtors believe that using Kroll to promptly provide notices to all applicable parties will maximize efficiency in administering these chapter 11 cases and will ease administrative burdens that would otherwise fall upon the Court and the U.S. Trustee. Additionally, Kroll will assist the Debtors in preparing creditor lists and mailing initial notices, and, therefore, it is more efficient to authorize Kroll to mail the Notice of Commencement of these chapter 11 cases. Accordingly, Kroll should undertake such mailings.

**Emergency Consideration**

21. Bankruptcy Rule 6003 empowers a court to grant relief within the first twenty-one days after the Petition Date "to the extent that relief is necessary to avoid immediate and irreparable harm." The requested relief will save costs and avoid undue administrative burden and confusion only if granted before the applicable deadlines. The Debtors have satisfied the "immediate and irreparable harm" standard of Bankruptcy Rule 6003 and request that the Court approve the relief requested on an emergency basis.

**Notice**

22. The Debtors will provide notice of this motion to the following: (a) the U.S. Trustee for the Southern District of Texas; (b) the holders of the thirty largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the ABL Agent; (d) counsel to the RCF Agent; (e) counsel to the Ad Hoc Group of First Lien AmSurg Lenders; (f) counsel to the AmSurg 2L Group; (g) counsel to the Envision Ad Hoc Group; (h) counsel to the Unsecured Notes Group; (i) counsel to the Consenting Sponsors; (j) the United States Attorney's Office for the Southern District of Texas; (k) the Internal Revenue Service; (l) the United States Securities and Exchange Commission; (m) the state attorneys general for states in which the Debtors conduct business; and (n) any party that has requested notice pursuant to Bankruptcy Rule 2002 and Bankruptcy Local Rule 9013-1(d). No other or further notice is needed in light of the nature of the relief requested.

The Debtors request that the Court enter the Order granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Houston, Texas
May 15, 2023

*/s/ Rebecca Blake Chaikin*

| | |
|---|---|
| **JACKSON WALKER LLP** <br> Matthew D. Cavenaugh (TX Bar No. 24062656) <br> Rebecca Blake Chaikin (TX Bar No. 24133055) <br> Vienna Anaya (TX Bar No. 24091225) <br> Javier Gonzalez (TX Bar No. 24119697) <br> 1401 McKinney Street, Suite 1900 <br> Houston, TX 77010 <br> Telephone: (713) 752-4200 <br> Facsimile: (713) 752-4221 <br> Email: rchaikin@jw.com <br> vanaya@jw.com <br> jgonzalez@jw.com | **KIRKLAND & ELLIS LLP** <br> **KIRKLAND & ELLIS INTERNATIONAL LLP** <br> Edward O. Sassower, P.C. <br> Joshua A. Sussberg, P.C. (*pro hac vice* pending) <br> Nicole L. Greenblatt, P.C. (*pro hac vice* pending) <br> Anne G. Wallice (*pro hac vice* pending) <br> 601 Lexington Avenue <br> New York, New York 10022 <br> Telephone: (212) 446-4800 <br> Facsimile: (212) 446-4900 <br> Email: esassower@kirkland.com <br> jsussberg@kirkland.com <br> ngreenblatt@kirkland.com <br> anne.wallice@kirkland.com |
| | - and - |
| | **KIRKLAND & ELLIS LLP** <br> **KIRKLAND & ELLIS INTERNATIONAL LLP** <br> John R. Luze (*pro hac vice* pending) <br> Annie L. Dreisbach (*pro hac vice* pending) <br> 300 North LaSalle Street <br> Chicago, Illinois 60654 <br> Telephone: (312) 862-2000 <br> Facsimile: (312) 862-2200 <br> Email: john.luze@kirkland.com <br> annie.dreisbach@kirkland.com |
| *Proposed Co-Counsel to the Debtors and Debtors in Possession* | *Proposed Co-Counsel to the Debtors and Debtors in Possession* |

**Certificate of Accuracy**

I certify that the foregoing statements are true and accurate to the best of my knowledge. This statement is being made pursuant to Bankruptcy Local Rule 9013-1(i).

*/s/ Rebecca Blake Chaikin*
Rebecca Blake Chaikin

**Certificate of Service**

I certify that on May 15, 2023, I caused a copy of the foregoing document to be served via the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Rebecca Blake Chaikin*
Rebecca Blake Chaikin