United States Bankruptcy Court
Southern District of Texas
**ENTERED**
May 15, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENVISION HEALTHCARE CORPORATION., *et al.*,[1] | ) ) ) | Case No. 23-90342 (CML) |
| Debtors. | ) ) ) | (Jointly Administered) |

**ORDER AUTHORIZING THE
EMPLOYMENT AND RETENTION OF KROLL RESTRUCTURING
ADMINISTRATION LLC AS CLAIMS, NOTICING, AND SOLICITATION AGENT**

The Court has considered the Debtors' application (the "Application")[2] to employ Kroll Restructuring Administration LLC ("Kroll") as its claims, noticing, and solicitation agent in these chapter 11 cases. The Court finds that *ex parte* relief is appropriate. The Court orders:

1. The Debtors are authorized to employ Kroll under the terms of the Engagement Letter attached to the Application and as modified by this order (this "Order").

2. Kroll is authorized and directed to perform the services as described in the Application, the Engagement Letter, and this Order. If a conflict exists, this Order controls.

3. The Clerk shall provide Kroll with Electronic Case Filing ("ECF") credentials that allow Kroll to receive ECF notifications and file certificates and/or affidavits of service.

4. Kroll is a custodian of court records and is designated as the authorized repository for all proofs of claim filed in these chapter 11 cases. Kroll shall maintain the official claims register(s) in these cases. Kroll must make complete copies of all proofs of claim available to the public electronically without charge. Proofs of claim and all attachments may be redacted only as ordered by the Court.

5. Kroll must not transmit or utilize the data obtained by Kroll in exchange for direct or indirect compensation from any person other than the Debtors.

6. Kroll shall provide the Clerk with a certified duplicate of the official claims register(s) upon request.

---

[1] A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/Envision. The Debtors' service address is 1A Burton Hills Boulevard, Nashville, Tennessee 37215.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

7. Kroll shall provide: (i) an electronic interface for filing proofs of claim in these cases; and (ii) a post office box or street mailing address for the receipt of proofs of claim sent by United States Mail or overnight delivery.

8. Kroll is authorized to take such other actions as are necessary to comply with all duties and provide the services set forth in the Application and the Engagement Letter.

9. Kroll shall provide detailed invoices setting forth the services provided and the rates charged on a monthly basis to the Debtors, their counsel, the U.S. Trustee, counsel for any official committee, and any party in interest who specifically requests service of the monthly invoices in writing.

10. Kroll shall not be required to file fee applications. Upon receipt of Kroll's invoices, the Debtors are authorized to compensate and reimburse Kroll for all undisputed amounts in the ordinary course in accordance with the terms of the Engagement Letter. All amounts due to Kroll will be treated as section 503(b) administrative expenses. Kroll may apply its advance in accordance with the Engagement Letter and the terms of this Order.

11. The Debtors shall indemnify Kroll under the terms of the Engagement Letter, as modified and limited by this Order. Notwithstanding the foregoing, Kroll is not indemnified for, and may not receive any contribution or reimbursement with respect to:

   a. Matters or services arising before these cases are closed, if any matter or service is not approved by an order of this Court.

   b. Any matter that is determined by a final order of a court of competent jurisdiction that arises from: (i) Kroll's gross negligence, willful misconduct, fraud, bad faith, self-dealing, or breach of fiduciary duty; (ii) a contractual dispute if the Court determines that indemnification, contribution, or reimbursement would not be permissible under applicable law; or (iii) any situation in which the Court determines that indemnification, contribution, or reimbursement would not be permissible pursuant to *In re Thermadyne Holdings Corp.*, 283 B.R. 749, 756 (B.A.P. 8th Cir. 2002). No matter governed by this paragraph may be settled without this Court's approval.

   c. This paragraph does not preclude Kroll from seeking an order from this Court requiring the advancement of indemnity, contribution, or reimbursement obligations in accordance with applicable law.

12. Kroll shall not cease providing services during these chapter 11 cases for any reason, including nonpayment, without an order of the Court. In the event Kroll is unable to provide the services set out in this Order and/or the Engagement Letter, Kroll will immediately notify the Clerk and the Debtors' counsel and cause all original proofs of claim and data turned over to such persons as directed by the Court.

13. After entry of an order terminating Kroll's services, Kroll shall deliver to the Clerk an electronic copy in pdf format of all proofs of claim. Once the electronic copy has been received by the Clerk, Kroll may destroy all proofs of claims in its possession sixty days after filing a Notice of Intent to Destroy on the Court's docket.

14. The terms and conditions of this Order are immediately effective and enforceable upon its entry.

15. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order. The scope of Kroll's services may be altered only on further order of this Court.

Signed: May 15, 2023

_____
Christopher Lopez
United States Bankruptcy Judge