IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENVISION HEALTHCARE CORPORATION, *et al.*,[1] | ) ) ) ) | Case No. 23-90342 (CML) |
| Debtors. | ) ) ) ) | (Joint~~ly~~ Administer~~ationed~~ ~~Requested~~) |
|  | ) | Re:  Docket No. ~~—~~ 9 |

**ORDER
(I) AUTHORIZING
THE DEBTORS TO (A)
HONOR AND INCUR OBLIGATIONS
TO PROFESSIONAL CORPORATIONS, (B)
OBTAIN NEW PROFESSIONAL CORPORATION
CONTRACTS, (C) HONOR AND INCUR OBLIGATIONS TO
AMBULATORY SURGERY CENTERS, AND (D) OBTAIN NEW AMBULATORY
SURGERY CENTER CONTRACTS, (II) EXTENDING THE AUTOMATIC STAY
TO AMBULATORY SURGERY CENTERS, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (i) authorizing the Debtors to (a) honor, pay, or otherwise satisfy any and all prepetition and postpetition obligations incurred in relation to the Professional Corporations, including obligations pursuant to the Existing Professional Corporation Contracts, (b) enter into and honor, pay, or otherwise satisfy any and all prepetition and postpetition obligations related to attracting, seeking, entering into, and maintaining New Professional Corporation Contracts, (c) honor, pay, or otherwise satisfy

---

[1]  A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/Envision.  The Debtors' service address is 1A Burton Hills Boulevard, Nashville, Tennessee 37215.

[2]  Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

any and all prepetition and postpetition obligations incurred in relation to the ASC Entities, including obligations pursuant to the Existing ASC Contracts, (d) enter into and honor, pay, or otherwise satisfy any and all prepetition and postpetition obligations related to attracting, seeking, entering into, and maintaining the New ASC Contracts, and (e) provide Cash Collateral Equipment Guarantees and ASC Medical Supply Vendor Guarantees to the ASC Entities, in each case in the ordinary course of business, (ii) extending the automatic stay to the ASC Entities on a limited basis, and (iii) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is permissible pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Debtors are authorized to (a) honor, pay, or otherwise satisfy any and all prepetition and postpetition obligations incurred in relation to the Professional Corporations,

including obligations pursuant to the Existing Professional Corporation Contracts and (b) honor, pay, or otherwise satisfy any and all prepetition and postpetition obligations incurred in relation to the ASC Entities, including obligations pursuant to the Existing ASC Contracts, in each case in the ordinary course of business consistent with historical practice.

2. The Debtors are authorized to provide Cash Collateral Equipment Guarantees and ASC Medical Supply Vendor Guarantees in the ordinary course of business, without further order of the Court and without notice or hearing; *provided*, that the Cash Collateral Equipment Guarantees shall be junior and subordinate to the Prepetition ABL Liens and the superpriority administrative expense claims and liens granted pursuant to the Cash Collateral Orders (as defined below).

3. The Debtors are authorized to enter into New Professional Corporation Contracts and New ASC Contracts in the ordinary course of business consistent with historical practice, without further order of the Court and without notice or hearing.

4. Pursuant to section 541(a) and 541(c) of the Bankruptcy Code, the Debtors' ASC Ownership Interests constitute property of the Debtors' estates.

5. The Debtors' contractual relationships with and ownership interests in, as applicable, the Professional Corporations, PC Physicians, the ASC Entities, and the ASC Partners and the Professional Corporation Contracts and ASC Contracts, as described in the Motion, are entitled to the protections set forth in sections 541(c) and 365(e) of the Bankruptcy Code to the maximum extent permitted by law.

6. Pursuant to section 105 of the Bankruptcy Code, notwithstanding a provision in a contract or lease or any applicable law, all persons are hereby stayed, restrained, and enjoined from terminating or modifying any and all contracts and leases to which the ASC Entities are

party or signatory, at any time after the commencement of these cases because of a provision in such contract or lease that is conditioned on the commencement of these chapter 11 cases under the Bankruptcy Code. Accordingly, all such persons are required to continue to perform their obligations under such leases and contracts during the postpetition period.

7. Pursuant to section 525 of the Bankruptcy Code, all governmental units and other regulatory authorities are prohibited and enjoined from: (a) denying, revoking, suspending, or refusing to renew any license, permit, charter, franchise, or other similar grant to the ASC Entities; (b) placing conditions upon such a grant to the ASC Entities; or (c) discriminating against the ASC Entities with respect to such a grant, solely because the Debtors are debtors under the Bankruptcy Code, may have been insolvent before the commencement of these chapter 11 cases, or are insolvent during the pendency of these chapter 11 cases.

8. For the avoidance of doubt, this Order does not expand or enlarge the rights afforded to the Debtors under the Bankruptcy Code.

9. Nothing in this Order or the Motion shall constitute a rejection or assumption by the Debtors, as debtors in possession, of any executory contract or unexpired lease.

10. Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing in this Order shall be deemed (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law, (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds, (c) a promise or requirement to pay any claim, (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested in the Motion or a finding that any particular claim is an administrative expense claim or other priority claim, (e) an authorization to assume, adopt, or

reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates, (g) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law, or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

11. Notwithstanding anything to the contrary contained in the Motion or this Order, any payment to be made and any relief or authorization granted hereunder shall be limited by, and shall be subject to, the requirements imposed on the Debtors in any orders entered by this Court authorizing the Debtors' use of cash collateral (any such order, a "Cash Collateral Order"), including, for the avoidance of doubt, the cash collateral budget. To the extent of any conflict (but solely to the extent of such conflict) between the terms of this Order and the terms of any Cash Collateral Order, the terms of the Cash Collateral Order will govern.

12. Notwithstanding anything to the contrary in the Motion or this Order, any payments made and relief or authorization granted under this Order that are attributable to the EVPS Debtors (as defined in the Restructuring Support Agreements) shall be satisfied solely by the EVPS Debtors  and any payments made under this Order that are attributable to the AMSURG ~~segment shall be satisfied solely by the AMSURG~~ Debtors (as defined in the Restructuring Support Agreements) shall be satisfied solely by the AMSURG Debtors, in each case in the ordinary course of business, consistent with past practice, and in accordance with the shared-services agreement dated April 29, 2022, by and between AmSurg, LLC and Envision

5

Healthcare Corporation, and in accordance with the Cash Collateral Orders and the corresponding cash collateral budgets.

13. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved in this Order.

14. The Debtors are authorized to issue postpetition checks or to effect postpetition fund transfer requests in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

15. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

16. Notice of the Motion as provided therein shall be deemed good and sufficient and satisfies the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules.

17. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

18. The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

19. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Houston, Texas
Dated: _____, 2023

CHRISTOPHER M. LOPEZ

_____
UNITED STATES BANKRUPTCY JUDGE

| Summary report: Litera Compare for Word 11.2.0.54 Document comparison done on 5/15/2023 1:50:51 PM ||
|---|---|
| **Style name:** Color (Kirkland Default) ||
| **Intelligent Table Comparison:** Active ||
| **Original DMS:** iw://dms.kirkland.com/LEGAL/96914170/1 ||
| **Modified filename:** Envision - PC_ASC Contracts Order _Amended Filing Version_(96913629.1).docx ||
| **Changes:** ||
| Add | 5 |
| Delete | 4 |
| Move From | 1 |
| Move To | 1 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 11 |