United States Bankruptcy Court
Southern District of Texas

**ENTERED**

May 15, 2023

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENVISION HEALTHCARE CORPORATION, *et al.*,[1] | ) | Case No. 23-90342 (CML) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re:  Docket No. 10** |

**ORDER APPROVING
NOTIFICATION AND HEARING PROCEDURES
FOR CERTAIN TRANSFERS OF AND DECLARATIONS
OF WORTHLESSNESS WITH RESPECT TO COMMON STOCK**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"):  (a) approving the Procedures related to transfers of Beneficial Ownership of, and declarations of worthlessness with respect to, Common Stock;  (b) directing that any purchase, sale, other transfer of, or declaration of worthlessness with respect to, Beneficial Ownership of Common Stock in violation of the Procedures shall be null and void *ab initio*; and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court

---

[1]  A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/Envision.  The Debtors' service address is 1A Burton Hills Boulevard, Nashville, Tennessee 37215.

[2]  Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Procedures, as set forth in **<u>Exhibit 1</u>** attached hereto, are hereby approved; *provided*, *however*, that any party in interest may file a motion and seek emergency relief from the Procedures based upon a showing of sufficient cause; *provided* that the Debtors' and the other Notice Parties' rights to oppose such relief are fully reserved and preserved.

2.      Any transfer of or declaration of worthlessness with respect to Beneficial Ownership of Common Stock in violation of the Procedures, including but not limited to the notice requirements, shall be null and void *ab initio*.

3.      In the case of any such transfer of Beneficial Ownership of Common Stock in violation of the Procedures, including but not limited to the notice requirements, the person or entity making such transfer shall be required to take remedial actions specified by the Debtors, which may include the actions specified in Private Letter Ruling 201010009 (Dec. 4, 2009), to appropriately reflect that such transfer is null and void *ab initio*.

4.      In the case of any such declaration of worthlessness with respect to Beneficial Ownership of Common Stock in violation of the Procedures, including the notice requirements, the person or entity making such declaration shall be required to file an amended tax return revoking such declaration and any related deduction to appropriately reflect that such declaration is void *ab initio*.

5.      The Debtors are authorized to retroactively or prospectively waive any and all restrictions, stays, and notification procedures set forth in the Procedures.

6.      The Debtors shall post the Procedures to the website established by Kroll Restructuring Administration LLC ("Kroll") for these chapter 11 cases (https://restructuring.ra.kroll.com/Envision), such notice being reasonably calculated to provide notice to all parties that may be affected by the Procedures, whether known or unknown.

7.      To the extent that this Order is inconsistent with any prior order or pleading with respect to the Motion in these chapter 11 cases, the terms of this Order shall govern.

8.      Nothing herein shall preclude any person desirous of acquiring Common Stock from requesting relief from this Order from this Court, subject to the Debtors' and the other Notice Parties' rights to oppose such relief.

9.      The requirements set forth in this Order are in addition to the requirements of applicable law and do not excuse compliance therewith.

10.      Nothing contained in the Motion or this Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Order), is intended as or shall be construed or deemed to be:  (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute

any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

11.     Notice of the Motion satisfies the requirements of the Bankruptcy Rules and the Bankruptcy Local Rules are satisfied by such notice.

12.     The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

13.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed:  May 15, 2023

Christopher Lopez
United States Bankruptcy Judge

## <u>Exhibit 1</u>

**Procedures for Transfers of and Declarations of
Worthlessness with Respect to Beneficial Ownership of Common Stock**

## PROCEDURES FOR TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO COMMON STOCK

The following procedures apply to transfers of Common Stock:[1]

a.    Any entity (as defined in section 101(15) of the Bankruptcy Code) that is a Substantial Shareholder (as defined herein) must file with the Court, and serve upon: Envision Healthcare Corporation, 1A Burton Hills Boulevard, Nashville, Tennessee 37215, Attn.: Matthew Musso (mmuso@envisionhealth.com); (ii) proposed co-counsel to the Debtors, (A) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Joshua A. Sussberg, P.C. (jsussberg@kirkland.com), Nicole L. Greenblatt, P.C. (ngreenblatt@kirkland.com), and Anne G. Wallice (anne.wallice@kirkland.com), and Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn.: John R. Luze (john.luze@kirkland.com) and Annie L. Dreisbach (annie.dreisbach@kirkland.com), and (B) Jackson Walker LLP, 1401 McKinney Street, Suite 1900, Houston, Texas 77010, Attn.: Rebecca Blake Chaikin (rchaikin@jw.com), Vienna Anaya (vanaya@jw.com), and Javier Gonzalez (jgonzalez@jw.com); (iii) counsel to any statutory committee appointed in these cases (if any); (iv) counsel to the Envision Ad Hoc Group, Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, New York 10166, Attn.: Scott J. Greenberg (sgreenberg@gibsondunn.com), Jason Zachary Goldstein (jgoldstein@gibsondunn.com), Steven A. Domanowski (sdomanowski@gibsondunn.com); (v) counsel to the AmSurg 2L Group, Milbank LLP, 55 Hudson Yards, New York, New York 10001, Attn.: Dennis Dunne (ddunne@milbank.com), Samuel Khalil (skhalil@milbank.com), Michael Price (mprice@milbank.com); (vi) counsel to the Consenting Sponsors, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019, Attn.: Brian S. Hermann (bhermann@paulweiss.com), Brian Bolin (bbolin@paulweiss.com), Jacob Adlerstein (jadlerstein@paulweiss.com); (vii) counsel to the ABL Agent, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017. Attn: Eli J. Vonnegut (eli.vonnegut@davispolk.com) and Gene S. Goldmintz (gene.goldmintz@davispolk.com); (viii) co-counsel to the ABL Agent, Hunton Andrews Kurth LLP, 600 Travis, Suite 4200, Houston, Texas 77002, Attn: Tad Davidson (taddavidson@huntonak.com) and Ashley Harper (ashleyharper@hutnoak.com); (ix) counsel to the RCF Agent, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Atn.: Brian M. Resnick (brian.resnick@davispolk.com) and Michael Pera (michael.pera@davispolk.com), and (x) the U.S. Trustee for the Southern District of Texas, Office of the U.S. Trustee for the Southern District of Texas, 515 Rusk Street, Suite 3516, Houston, Texas 77002,

---

[1]    Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

Attn.:   Ha Nguyen   (Ha.Nguyen@usdoj.gov),   (collectively, the "<u>Notice Parties</u>"), a declaration of such status, substantially in the form attached to the Procedures as **<u>Exhibit 1A</u>** (each, a "<u>Declaration of Status as a Substantial Shareholder</u>"), on or before the later of (A) twenty calendar days after the date of the Notice of Order, or (B) ten calendar days after becoming a Substantial Shareholder; *provided* that, for the avoidance of doubt, the other procedures set forth herein shall apply to any Substantial Shareholder even if no Declaration of Status as a Substantial Shareholder has been filed.

b.     Prior to effectuating any transfer of Beneficial Ownership of Common Stock that would result in an increase in the amount of Common Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity or individual becoming a Substantial Shareholder, the parties to such transaction must file with the Court, and serve upon the Notice Parties, an advance written declaration of the intended transfer of Common Stock, substantially in the form attached to the Procedures as **<u>Exhibit 1B</u>** (each, a "<u>Declaration of Intent to Accumulate Common Stock</u>").

c.     Prior to effectuating any transfer of Beneficial Ownership of Common Stock that would result in a decrease in the amount of Common Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity or individual ceasing to be a Substantial Shareholder, the parties to such transaction must file with the Court, and serve upon the Notice Parties, an advance written declaration of the intended transfer of Common Stock, substantially in the form attached to the Procedures as **<u>Exhibit 1C</u>** (each, a "<u>Declaration of Intent to Transfer Common Stock</u>," and together with a Declaration of Intent to Accumulate Common Stock, each, a "<u>Declaration of Proposed Transfer</u>").

d.     The Debtors and the other Notice Parties shall have twenty calendar days after receipt of a Declaration of Proposed Transfer to file with the Court and serve on such Substantial Shareholder or potential Substantial Shareholder an objection to any proposed transfer of Beneficial Ownership of Common Stock, as applicable, described in the Declaration of Proposed Transfer on the grounds that such transfer might adversely affect the Debtors' ability to utilize their Tax Attributes.  If the Debtors or any of the other Notice Parties file an objection, such transaction will remain ineffective unless such objection is withdrawn, or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors and the other Notice Parties do not object within such twenty-day period, such transaction can proceed solely as set forth in the Declaration of Proposed Transfer.   Further transactions within the scope of this paragraph must be the subject of additional notices in accordance with the procedures set forth herein, with an additional twenty-day waiting period for each Declaration of Proposed Transfer.  To the extent that the Debtors receive an appropriate Declaration of Proposed Transfer and determine in their business judgment not to object,

they shall provide notice of that decision as soon as is reasonably practicable to any statutory committee(s) appointed in these chapter 11 cases.

e.    For purposes of these Procedures (including, for the avoidance of doubt, with respect to both transfers and declarations of worthlessness): (i) a "Substantial Shareholder" is any entity or individual person that has Beneficial Ownership of at least: (A) 14,753,767 shares of Common Stock (representing approximately 4.5 percent of all issued and outstanding shares of Common Stock); and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of section 382 of the IRC, and the Treasury Regulations promulgated thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (e.g., (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire). An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

The following procedures apply for declarations of worthlessness of Common Stock:

a.    Any person or entity that currently is or becomes a 50-Percent Shareholder[2] must file with the Court and serve upon the Notice Parties a declaration of such status, substantially in the form attached to the Procedures as **Exhibit 1D** (each, a "Declaration of Status as a 50-Percent Shareholder"), on or before the later of (i) twenty calendar days after the date of the Notice of Order and (ii) ten calendar days after becoming a 50-Percent Shareholder; *provided* that, for the avoidance of doubt, the other procedures set forth herein shall apply to any 50-Percent Shareholder even if no Declaration of Status as a 50-Percent Shareholder has been filed.

b.    Prior to filing any federal or state tax return, or any amendment to such a return, or taking any other action that claims any deduction for worthlessness of Beneficial Ownership of Common Stock for a taxable year ending before the Debtors' emergence from chapter 11 protection, such 50-Percent

---

[2]    For purposes of the Procedures, a "50-Percent Shareholder" is any person or entity that, at any time since December 31, 2019, has owned Beneficial Ownership of 50 percent or more of the Common Stock (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder).

Shareholder must file with the Court and serve upon the Notice Parties a declaration of intent to claim a worthless stock deduction (a "<u>Declaration of Intent to Claim a Worthless Stock Deduction</u>"), substantially in the form attached to the Procedures as **Exhibit 1E**.

    i.    The Debtors and the other Notice Parties shall have twenty calendar days after receipt of a Declaration of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50-Percent Shareholder an objection to any proposed claim of worthlessness described in the Declaration of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.

    ii.    If the Debtors or the other Notice Parties timely object, the filing of the tax return or amendment thereto with such claim will not be permitted unless approved by a final and non-appealable order of the Court, unless such objection is withdrawn.

    iii.    If the Debtors and the other Notice Parties do not object within such twenty-day period, the filing of the return or amendment with such claim will be permitted solely as described in the Declaration of Intent to Claim a Worthless Stock Deduction. Additional returns and amendments within the scope of this section must be the subject of additional notices as set forth herein, with an additional twenty-day waiting period. To the extent that the Debtors receive an appropriate Declaration of Intent to Claim a Worthless Stock Deduction and determine in their business judgment not to object, they shall provide notice of that decision as soon as is reasonably practicable to any statutory committee(s) appointed in these chapter 11 cases.

## <u>NOTICE PROCEDURES</u>

The following notice procedures apply to these Procedures:

    a.    No later than three business days following entry of the Order, the Debtors shall serve a notice by first class or overnight mail, postage prepaid, substantially in the form attached to the Procedures as **Exhibit 1F** (the "<u>Notice of Order</u>"), on: (i) the U.S. Trustee for the Southern District of Texas; (ii) the entities listed on the consolidated list of creditors holding the 30 largest unsecured claims; (iii) the U.S. Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) any official committees appointed in these chapter 11 cases; (vi) the Notice Parties; and (vii) other than Individual Holders, all registered and nominee holders of Common Stock (with instructions to serve down to the beneficial holders (other than Individual Holders) of Common Stock, as applicable).

b.      All registered and nominee holders of Common Stock shall be required to serve the Notice of Order on any holder for whose benefit such registered or nominee holder holds such Common Stock, down the chain of ownership for all such holders of Common Stock.

c.      Any entity or individual, or broker or agent acting on such entity's or individual's behalf who sells Common Stock to another entity or individual, shall be required to serve a copy of the Notice of Order on such purchaser of such Common Stock, or any broker or agent acting on such purchaser's behalf.

d.      To the extent confidential information is required in any declaration described in the Procedures, such confidential information may be filed and served in redacted form; *provided*, *however*, that any such declarations served on the Debtors ***shall not*** be in redacted form.  The Debtors shall keep all information provided in such declarations strictly confidential and shall not disclose the contents thereof to any person except:  (i) to the extent necessary to respond to a petition or objection filed with the Court; (ii) to the extent otherwise required by law; or (iii) to the extent that the information contained therein is already public; *provided*, *however*, that the Debtors may disclose the contents thereof to their professional advisors, who shall keep all such notices strictly confidential and shall not disclose the contents thereof to any other person, subject to further Court order.  To the extent confidential information is necessary to respond to a petitioner objection filed with the Court, such confidential information shall be filed under seal or in a redacted form.

## **Exhibit 1A**

**Declaration of Status as a Substantial Shareholder**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENVISION HEALTHCARE CORPORATION, *et al.*,[1] | ) | Case No. 23-90342 (CML) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |
| | ) | Re: Docket No. __ |

## DECLARATION OF STATUS AS A SUBSTANTIAL SHAREHOLDER[2]

**PLEASE TAKE NOTICE** that the undersigned party is/has become a Substantial Shareholder with respect to the existing classes of common stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of common stock, collectively, the "Common Stock") of Enterprise Parent Holdings, Inc.  Enterprise Parent Holdings, Inc. is a debtor and debtor in possession in Case No. 23-90342 pending in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

---

[1]    A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/Envision.  The Debtors' service address is 1A Burton Hills Boulevard, Nashville, Tennessee 37215.

[2]    For purposes of these Procedures:  (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least:  (A) 14,753,767 shares of Common Stock (representing approximately 4.5 percent of issued and outstanding shares of Common Stock); and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire).  An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that, as of _____ __, 2023, the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.  The following table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership of such Common Stock:

| Number of Shares | Date Acquired |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

(Attach additional page or pages if necessary)

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Order Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock* [Docket No. ____] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Order).

**PLEASE TAKE FURTHER NOTICE** that, at the election of the Substantial Shareholder, the Declaration to be filed with this Court (but not the Declaration that is served upon the Notice Parties) may be redacted to exclude the Substantial Shareholder's taxpayer

identification number and the amount of Common Stock that the Substantial Shareholder beneficially owns.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Substantial Shareholder)

By:
_____
Name:  _____
Address:  _____
_____
Telephone:  _____
Facsimile:  _____

Dated: _____ __, 20__
_____, _____
      (City)        (State)

## Exhibit 1B

**Declaration of Intent to Accumulate Common Stock**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENVISION HEALTHCARE CORPORATION, *et al.*,[1] | ) | Case No. 23-90342 (CML) |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |
|  | ) | **Re: Docket No. __** |

**DECLARATION OF INTENT TO ACCUMULATE COMMON STOCK[2]**

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to purchase, acquire, or otherwise accumulate (the "<u>Proposed Transfer</u>") one or more shares of the existing classes of common stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of common stock, collectively, the "<u>Common Stock</u>") of Enterprise Parent Holdings, Inc.  Enterprise Parent Holdings, Inc. is a debtor and debtor in

---

[1]   A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at <u>https://restructuring.ra.kroll.com/Envision</u>.  The Debtors' service address is 1A Burton Hills Boulevard, Nashville, Tennessee 37215.

[2]   For purposes of these Procedures:  (i) a "<u>Substantial Shareholder</u>" is any entity or individual that has Beneficial Ownership of at least:  (A) 14,753,767 shares of Common Stock (representing approximately 4.5 percent of issued and outstanding shares of Common Stock); and (ii) "<u>Beneficial Ownership</u>" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "<u>IRC</u>"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (e.g., (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire).  An "<u>Option</u>" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

possession in Case No. 23-90342 pending in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

PLEASE TAKE FURTHER NOTICE that, if applicable, on _____ __, 2023, the undersigned party filed a Declaration of Status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

PLEASE TAKE FURTHER NOTICE that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Transfer, the undersigned party proposes to purchase, acquire, or otherwise accumulate Beneficial Ownership of _____ shares of Common Stock or an Option with respect to _____ shares of Common Stock.  If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of _____ shares of Common Stock.

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification number of the undersigned party are _____.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain *Order Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock* [Docket No. ____] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Order).

PLEASE TAKE FURTHER NOTICE that, at the election of the undersigned party, the Declaration to be filed with this Court (but not the Declaration that is served upon the Notice Parties) may be redacted to exclude the undersigned party's taxpayer identification number and the amount of Common Stock that the undersigned party beneficially owns.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Debtors and the other Notice Parties have twenty calendar days after receipt of this Declaration to object to the Proposed Transfer described herein.  If the Debtors or any of the other Notice Parties file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors and the other Notice Parties do not object within such twenty-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring, or otherwise accumulating Beneficial Ownership of additional shares of Common Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:

_____

Name:   _____
Address:   _____
_____
Telephone:   _____
Facsimile:   _____

Dated: _____ __, 20__
_____, _____

       (City)        (State)

**<u>Exhibit 1C</u>**

**Declaration of Intent to Transfer Common Stock**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENVISION HEALTHCARE CORPORATION, *et al.*,[1] | ) | Case No. 23-90342 (CML) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |
| | ) | Re: Docket No. __ |

**DECLARATION OF INTENT TO TRANSFER COMMON STOCK[2]**

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to sell, trade, or otherwise transfer (the "Proposed Transfer") one or more shares of the existing classes of common stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of common stock, collectively, the "Common Stock") of Enterprise Parent Holdings, Inc.   Enterprise Parent Holdings Inc. is a debtor and debtor in possession in

---

[1]   A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/Envision.   The Debtors' service address is 1A Burton Hills Boulevard, Nashville, Tennessee 37215.

[2]   For purposes of these Procedures:  (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least:  (A) 14,753,767 shares of Common Stock (representing approximately 4.5 percent of issued and outstanding shares of Common Stock); and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (e.g., (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire).  An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

Case No. 23-90342 pending in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

PLEASE TAKE FURTHER NOTICE that, if applicable, on _____ __, 2023, the undersigned party filed a Declaration of Status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

PLEASE TAKE FURTHER NOTICE that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Proposed Transfer, the undersigned party proposes to sell, trade, or otherwise transfer Beneficial Ownership of _____ shares of Common Stock or an Option with respect to _____ shares of Common Stock.  If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of _____ shares of Common Stock after such transfer becomes effective.

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification number of the undersigned party are _____.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain *Order Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock* [Docket No. ___] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Order).

PLEASE TAKE FURTHER NOTICE that, at the election of the undersigned party, the Declaration to be filed with this Court (but not the Declaration that is served upon the Notice Parties) may be redacted to exclude the undersigned party's taxpayer identification number and the amount of Common Stock that the undersigned party beneficially owns.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Debtors and the other Notice Parties have twenty calendar days after receipt of this Declaration to object to the Proposed Transfer described herein.  If the Debtors or any of the other Notice Parties file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors and the other Notice Parties do not object within such twenty-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party selling, trading, or otherwise transferring Beneficial Ownership of additional shares of Common Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:

_____

Name: _____

Address: _____

_____

Telephone: _____

Facsimile: _____

Dated: _____ __, 20__

_____, _____

      (City)        (State)

## **Exhibit 1D**

**Declaration of Status as a 50-Percent Shareholder**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENVISION HEALTHCARE CORPORATION, *et al.*,[1] | ) | Case No. 23-90342 (CML) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |
| | ) | Re: Docket No. __ |

**DECLARATION OF STATUS AS A 50-PERCENT SHAREHOLDER**

**PLEASE TAKE NOTICE** that the undersigned party is/has become a 50-Percent Shareholder[2] with respect to one or more shares of the existing classes of common stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of common stock, collectively, the "Common Stock") of Enterprise Parent Holdings Inc.  Enterprise Parent Holdings Inc. is a debtor and debtor in possession in Case No. 23-90342 (CML) pending in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

---

[1]  A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/Envision.  The Debtors' service address is 1A Burton Hills Boulevard, Nashville, Tennessee 37215.

[2]  For purposes of this Declaration:  (i) a "50-Percent Shareholder" is any person or entity that, at any time since December 31, 2019, has owned Beneficial Ownership of 50 percent or more of the Common Stock (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder); (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); and (iii) an "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that, as of _____ __, 2023, the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.  The following table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership of such Common Stock:

| Number of Shares | Date Acquired |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

(Attach additional page or pages if necessary)

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Order Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock* [Docket No. ___] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Order).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of 50-Percent Shareholder)

By:

_____

Name:   _____
Address:   _____
_____
Telephone:   _____
Facsimile:   _____

Dated: _____ __, 20__
_____, _____

       (City)         (State)

## <u>Exhibit 1E</u>

**Declaration of Intent to Claim a Worthless Stock Deduction**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENVISION HEALTHCARE CORPORATION, *et al.*,[1] | ) ) | Case No. 23-90342 (CML) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |
| | ) | Re:  Docket No. __ |

## DECLARATION OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION[2]

**PLEASE  TAKE  NOTICE** that the undersigned party hereby provides notice of its intention to claim a worthless stock deduction (the "<u>Worthless Stock Deduction</u>") with respect to one or more shares of the existing classes of common stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of common stock, collectively, the "<u>Common Stock</u>") of Enterprise Parent Holdings, Inc.  Enterprise Parent Holdings, Inc. is a debtor and debtor in

---

[1] A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/Envision.  The Debtors' service address is 1A Burton Hills Boulevard, Nashville, Tennessee 37215.

[2] For purposes of this Declaration:  (i) a "<u>50-Percent Shareholder</u>" is any person or entity that, at any time since December 31, 2019, has had Beneficial Ownership of 50 percent or more of the Common Stock (determined in accordance with IRC § 382(g)(4)(D) and the applicable Treasury Regulations); (ii) "<u>Beneficial Ownership</u>" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C.  §§ 1–9834 as amended (the "<u>IRC</u>"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (e.g., (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); and (iii) an "<u>Option</u>" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

possession in Case No. 23-90342 pending in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

PLEASE TAKE FURTHER NOTICE that, if applicable, on _____ __, 2023, the undersigned party filed a Declaration of Status as a 50-Percent Shareholder with the Court and served copies thereof as set forth therein.

PLEASE TAKE FURTHER NOTICE that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Worthless Stock Deduction, the undersigned party proposes to declare that _____ shares of Common Stock became worthless during the tax year ending _____.

PLEASE TAKE FURTHER NOTICE that the last four digits of the taxpayer identification number of the undersigned party are _____.

PLEASE TAKE FURTHER NOTICE that, pursuant to that certain *Order Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock* [Docket No. ____] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Order).

PLEASE TAKE FURTHER NOTICE that, at the election of the undersigned party, the Declaration to be filed with this Court (but not the Declaration that is served upon the Notice Parties) may be redacted to exclude the undersigned party's taxpayer identification number and the amount of Common Stock that the undersigned party beneficially owns.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, the undersigned party acknowledges that the Debtors and the other Notice Parties have twenty calendar days after receipt

of this Declaration to object to the Worthless Stock Deduction described herein.  If the Debtors or any of the other Notice parties file an objection, such Worthless Stock Deduction will not be effective unless such objection is withdrawn or such action is approved by a final and non-appealable order of the Court.  If the Debtors and the other Notice Parties do not object within such twenty-day period, then after expiration of such period the Worthless Stock Deduction may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further claims of worthlessness contemplated by the undersigned party will each require an additional notice filed with the Court to be served in the same manner as this Declaration and are subject to an additional twenty-day waiting period.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:

_____
Name:  _____
Address:  _____
_____
Telephone:  _____
Facsimile:  _____

Dated: _____ __, 20__
_____, _____
      (City)      (State)

**Exhibit 1F**

**Notice of Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENVISION HEALTHCARE CORPORATION, *et al.*,[1] | ) | Case No. 23-90342 (CML) |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |
|  | ) | **Re: Docket No. __** |

**NOTICE OF ORDER
APPROVING NOTIFICATION
AND HEARING PROCEDURES FOR CERTAIN
CERTAIN TRANSFERS OF AND DECLARATIONS OF
WORTHLESSNESS WITH RESPECT TO COMMON STOCK**

**TO: ALL ENTITIES (AS DEFINED BY SECTION 101(15) OF THE BANKRUPTCY CODE) THAT MAY HOLD BENEFICIAL OWNERSHIP OF THE EXISTING CLASSES OF COMMON STOCK (THE "COMMON STOCK"), OF ENTERPRISE PARENT HOLDINGS, INC.:**

**PLEASE TAKE NOTICE** that on May 15, 2023 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors"), filed petitions with the United States Bankruptcy Court for the Southern District of Texas (the "Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Subject to certain exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession of property of or from the Debtors' estates or to exercise control over property of or from the Debtors' estates.

---

[1] A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/Envision. The Debtors' service address is 1A Burton Hills Boulevard, Nashville, Tennessee 37215.

PLEASE TAKE FURTHER NOTICE that on the Petition Date, the Debtors filed the *Debtors' Emergency Motion for Entry of an Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. ___] (the "Motion").

PLEASE TAKE FURTHER NOTICE that on [_____], 2023, the Court entered the *Order Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock* [Docket No. ___] (the "Order") approving procedures for certain transfers of and declarations of worthlessness with respect to Common Stock set forth in **Exhibit 1** attached to the Order (the "Procedures").[2]

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, a Substantial Shareholder may not consummate any purchase, sale, or other transfer of Common Stock or Beneficial Ownership of Common Stock in violation of the Procedures, and any such transaction in violation of the Procedures shall be null and void *ab initio*.

PLEASE TAKE FURTHER NOTICE that, pursuant to the Order, the Procedures shall apply to the holding and transfers of Common Stock or any Beneficial Ownership therein by a Substantial Shareholder or someone who may become a Substantial Shareholder.

PLEASE TAKE FURTHER NOTICE that pursuant to the Order, a 50-Percent Shareholder may not claim a worthless stock deduction with respect to Common Stock, or Beneficial Ownership of Common Stock, in violation of the Procedures, and any such deduction in violation of the Procedures shall be null and void *ab initio*, and the 50-Percent Shareholder shall be required to file an amended tax return revoking such proposed deduction.

---

[2] Capitalized terms used but not otherwise defined herein have the meanings given to them in the Order or the Motion, as applicable.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, upon the request of any entity, the proposed notice, claims, and solicitation agent for the Debtors, Kroll, will provide a copy of the Order and a form of each of the declarations required to be filed by the Procedures in a reasonable period of time.  Such declarations are also available via PACER on the Court's website at https://ecf.txsb.uscourts.gov/ for a fee, or free of charge by accessing the Debtors' restructuring website at https://restructuring.ra.kroll.com/Envision.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, failure to follow the procedures set forth in the Order shall constitute a violation of, among other things, the automatic stay provisions of section 362 of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that nothing in the Order shall preclude any person desirous of acquiring any Common Stock from requesting relief from the Order from this Court, subject to the Debtors' and the other Notice Parties' rights to oppose such relief.

**PLEASE TAKE FURTHER NOTICE** that other than to the extent that the Order expressly conditions or restricts trading in Common Stock, nothing in the Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any holders of Common Stock, including in connection with the treatment of any such stock under any chapter 11 plan or any applicable bankruptcy court order.

**PLEASE TAKE FURTHER NOTICE** that any prohibited purchase, sale, other transfer of, or declaration of worthlessness with respect to Common Stock, beneficial ownership thereof, or option with respect thereto in violation of the Order is prohibited and shall be null and void *ab initio* and may be subject to additional sanctions as this court may determine.

**PLEASE TAKE FURTHER NOTICE** that the requirements set forth in the Order are in addition to the requirements of applicable law and do not excuse compliance therewith.

Houston, Texas
May 15, 2023

*/s/ Rebecca Blake Chaikin*

**JACKSON WALKER LLP**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Rebecca Blake Chaikin (TX Bar No. 24133055)
Vienna Anaya (TX Bar No. 24091225)
Javier Gonzalez (TX Bar No. 24119697)
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone:   (713) 752-4200
Facsimile:     (713) 752-4221
Email:          rchaikin@jw.com
                      vanaya@jw.com
                      jgonzalez@jw.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Nicole L. Greenblatt, P.C. (*pro hac vice* pending)
Anne G. Wallice (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:     (212) 446-4900
Email:          esassower@kirkland.com
                      jsussberg@kirkland.com
                      ngreenblatt@kirkland.com
                      anne.wallice@kirkland.com

- and -

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
John R. Luze (*pro hac vice* pending)
Annie L. Dreisbach (*pro hac vice* pending)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:     (312) 862-2200
Email:          john.luze@kirkland.com
                      annie.dreisbach@kirkland.com

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*