Case 23-90342   Document 114   Filed in TXSB on 05/15/23   Page 1 of 15

United States Bankruptcy Court
Southern District of Texas
**ENTERED**
May 15, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENVISION HEALTHCARE CORPORATION, *et al.*,[1] | ) ) ) | Case No. 23-90243 (CML) |
| Debtors. | ) ) ) ) | (Jointly Administered) |
| | ) | Re: Docket No. 12 |

**ORDER (I) APPROVING
THE PROPOSED ADEQUATE
ASSURANCE DEPOSIT FOR FUTURE
UTILITY SERVICES, (II) PROHIBITING
UTILITY PROVIDERS FROM ALTERING,
REFUSING, OR DISCONTINUING SERVICES (III)
APPROVING THE PROPOSED ADEQUATE ASSURANCE
PROCEDURES FOR RESOLVING ADEQUATE ASSURANCE
REQUESTS, (IV) AUTHORIZING CERTAIN FEE PAYMENTS
FOR SERVICES PERFORMED, AND (V) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) approving the Adequate Assurance Deposit for future Utility Services, (b) prohibiting the Utility Providers from altering, refusing, or discontinuing services, (c) approving the Adequate Assurance Procedures for resolving Adequate Assurance Requests, (d) authorizing certain fee payments for services performed, and (e) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to

---

[1] A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/Envision. The Debtors' service address is 1A Burton Hills Boulevard, Nashville, Tennessee 37215.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is permissible pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Debtors shall serve the Motion and this Order on each Utility Provider listed on the Utility Providers List, attached hereto as **Exhibit A**, no later than three business days after the date that this Order is entered.

2. The Debtors are authorized to cause the Adequate Assurance Deposit to be held in the Adequate Assurance Account during the pendency of these chapter 11 cases.

3. Each Utility Provider shall be entitled to such Utility Provider's share of the funds in the Adequate Assurance Account in the amount set forth for such Utility Provider in the column titled "Proposed Adequate Assurance" on the Utility Providers List attached hereto as **Exhibit A**, as may be amended or modified in accordance with this Order.

4. The Adequate Assurance Deposit, together with the Debtors' ability to pay for future Utility Services in the ordinary course of business subject to the Adequate Assurance

Procedures constitute adequate assurance of future payment in satisfaction of section 366 of the Bankruptcy Code.

5.  The following Adequate Assurance Procedures are hereby approved, and the terms thereof are in full force and effect:

   a.  Subject to paragraphs (b)–(i) herein, the Debtors will deposit the Adequate Assurance Deposit, in the aggregate amount of approximately $252,000, in the Adequate Assurance Account within fifteen (15) business days after entry of this Order; *provided* that, within thirty (30) days from the Petition Date, the Debtors may increase the Adequate Assurance Deposit to account for any Adequate Assurance Request that has not been mutually resolved by the Debtors and the applicable Utility Provider or by the Court; *provided further* that the Debtors may increase the Adequate Assurance Deposit to account for any Adequate Assurance Request that has not been mutually resolved by the Debtors and the applicable Subsequently Identified Utility Provider or by the Court.

   b.  A Utility Provider may make an Adequate Assurance Request if the Debtors have not satisfied their postpetition payment obligation with respect to the applicable Utility Services in accordance with the terms and conditions of such service, and such payment obligation remains unpaid past any applicable grace period for the Utility Service. No disbursement will be made for an Adequate Assurance Request unless the requesting Utility Provider provides notice to the following parties (the "<u>Utility Notice Parties</u>"): (i) the Debtors, 1A Burton Hills Boulevard, Nashville, Tennessee 37215, Attn: Michael Wrenn (michael.wrenn@envisionhealth.com); (ii) proposed counsel to the Debtors, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn: Anne G. Wallice (anne.wallice@kirkland.com) and Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn: John R. Luze (john.luze@kirkland.com) and Annie L. Dreisbach (annie.dreisbach@kirkland.com); (iii) proposed co-counsel for the Debtors, Jackson Walker LLP, 1401 McKinney Street, Suite 1900, Houston, TX 77010, Attn: Rebecca Blake Chaikin (rchaikin@jw.com); (iv) the Office of the United States Trustee, 515 Rusk Street, Suite 3516, Houston, Texas 77002, Attn: Ha M. Nguyen (ha.nguyen@usdoj.gov); (v) counsel for the official committee of unsecured creditors (if any) appointed in these chapter 11 cases; (vi) counsel to the Envision Ad Hoc Group, Gibson Dunn & Crutcher LLP, 200 Park Avenue, New York, New York 10166, Attn: Jason Zachary Goldstein (JGoldstein@gibsondunn.com) and Tommy Scheffer (TScheffer@gibsondunn); (vii) counsel to the AmSurg 2L Group, Milbank LLP, 55 Hudson Yards, New York, New York 10001, Attn: Dennis Dunne (ddunne@milbank.com), Samuel Khalil (skhalil@milbank.com), and Michael Price (mprice@milbank.com); (viii) counsel to the ABL Agent,

        Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York, 10017, Attn: Eli J. Vonnegut (eli.vonnegut@davispolk.com) and Gene S. Goldmintz (gene.goldmintz@davispolk.com); (ix) co-counsel to the ABL Agent, Hunton Andrews Kurth LLP, 600 Travis, Suite 4200, Houston, Texas 77002, Attn: Tad Davidson (taddavidson@huntonak.com) and Ashley Harper (ashleyharper@hutnoak.com); and (x) counsel to the RCF Agent, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Attn: Brian M. Resnick (brian.resnick@davispolk.com) and Michael Pera (michael.pera@davispolk.com). The Debtors shall honor such request within ten (10) business days after the date they receive such Adequate Assurance Request, subject to the Debtors and the requesting Utility Provider reaching an alternative resolution. A court order is not required to honor the Adequate Assurance Request in accordance with the Adequate Assurance Procedures or to settle a postpetition payment dispute related to Utility Services.

c.    If the Debtors make a disbursement to a Utility Provider from the Adequate Assurance Account, the Debtors shall replenish the Adequate Assurance Account in the amount so disbursed.

d.    The portion of the Adequate Assurance Deposit attributable to each Utility Provider shall be returned to the Debtors or the Reorganized Debtors, as applicable, automatically, without further order of the Court, on the earlier of (i) the Debtors reconciling and paying the Utility Provider's final invoice in accordance with applicable nonbankruptcy law following the Debtors' termination of Utility Services from such Utility Provider or (ii) the effective date of any chapter 11 plan confirmed in these chapter 11 cases.

e.    A Utility Provider desiring additional assurances of payment in the form of deposits, prepayments, increases in the proposed allocable Adequate Assurance amount, or otherwise must serve a request for additional assurance (an "Additional Assurance Request") on the Utility Notice Parties within thirty (30) days of the Petition Date.

f.    All Additional Assurance Requests and Adequate Assurance Requests must set forth in writing the following: (i) the location(s) for which Utility Services are provided and the account number(s) for such location(s); (ii) the outstanding balance for each such account and a summary of the Debtors' payment history relevant to the affected account(s); (iii) an explanation as to why the Utility Provider believes the Adequate Assurance Deposit is not adequate assurance of payment under section 366 of the Bankruptcy Code or the basis for seeking the Adequate Assurance Deposit, each as applicable; and (iv) list all Prepetition Deposits or surety bonds that the Utility Provider holds for the Utility Services related to the Additional Assurance Request.

g. The Debtors may, without further order from the Court, resolve an Additional Assurance Request by mutual agreement with a Utility Provider, and the Debtors may, in connection with any such agreement, provide a Utility Provider with additional adequate assurance of payment, including cash deposits, prepayments, or other forms of security if the Debtors believe that such adequate assurance is reasonable. The Debtors shall maintain a summary record of such agreements and their respective terms, and such summary record and the agreements themselves shall be available to the ABL Agent, Envision Ad Hoc Group, the AmSurg 2L Group, the official committee appointed in these cases, and the U.S. Trustee upon request.

h. The Debtors may reduce or remove a Utility Provider's portion of the Adequate Assurance Deposit with the consent of such Utility Provider at any time during the chapter 11 cases.

i. If the Debtors and the Utility Provider are not able to reach a resolution within fourteen (14) days of receipt of the Additional Assurance Request, the Debtors may request a hearing before the Court to determine the adequacy of assurances of payment with respect to a particular Utility Provider (the "Determination Hearing") pursuant to section 366(c)(3) of the Bankruptcy Code as soon as reasonably practicable, but in no event later than thirty (30) days following receipt of the Additional Assurance Request. Pending final resolution of the Determination Hearing, the Utility Provider filing such Additional Assurance Request shall be prohibited from altering, refusing, or discontinuing Utility Services to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

6. The Utility Providers are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

7. Unless and until a Utility Provider files and serves an Additional Assurance Request in accordance with the Adequate Assurance Procedures and the Court rules otherwise at a Determination Hearing, the Utility Provider shall be (a) deemed to have received "satisfactory" adequate assurance of payment in compliance with section 366 of the Bankruptcy Code and (b) forbidden from (i) discontinuing, altering, or refusing Utility Services to or discriminating against the Debtors on account of any unpaid prepetition charges, the commencement of these chapter 11 cases, or any perceived inadequacy of the Proposed Adequate Assurance, or (ii) requiring additional assurance of payment other than the Proposed Adequate Assurance.

5

8.  The Debtors are authorized, without notice or further order from the Court, to (a) add any Utility Provider to the Utility Providers List (each, a "Subsequently Identified Utility Provider"), (b) remove any Utility Provider from the Utility Providers List, and (c) add to or subtract from the Adequate Assurance Account the portion of such deposit allocated to any Utility Provider(s) or Subsequently Identified Utility Provider(s); *provided* that the Debtors shall provide fourteen days notice to any Utility Provider that it is being removed from the Utility Providers List and that its respective Adequate Assurance Deposit will be deducted from the Adequate Assurance Account.  If an objection is received from such Utility Provider(s), the Debtors may request a hearing before this Court regarding such objection.  The Debtors shall not deduct the Adequate Assurance Deposit allocated to any such Utility Provider that the Debtors seek to terminate or delete from the Utility Providers List unless and until the fourteen-day notice period has expired without objection from the respective Utility Provider(s).

9.  The Debtors must (a) serve any Subsequently Identified Utility Provider a copy of the Motion and Order within three business days of such provider being added to the list, (b) allocate additional amounts to the Adequate Assurance Deposit in accordance with the Motion, and (c) provide notice to the Subsequently Identified Utility Provider of its proposed Adequate Assurance.  Any Subsequently Identified Utility Provider shall (a) be bound to the Adequate Assurance Procedures and (b) have twenty-one days from the date of service of the Motion and the Order to make a request for additional adequate assurance of payment in accordance with the Adequate Assurance Procedures.

10.  The Adequate Assurance Procedures set forth herein are for all Utility Providers providing Utility Services to the Debtors in either their capacity as tenants and are not limited to those entities listed on the Utility Providers List.

11. The Debtors are authorized to satisfy their prepetition obligations to Engie under the Engie Agreements.

12. The Debtors are authorized to satisfy their prepetition obligations to Hastings under the Hastings Agreements.

13. The Debtors' service of the Motion upon the Utility Services List shall not constitute an admission or concession that each such entity is a "utility" within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto.

14. The Debtors shall serve a copy of this Order on any non-Debtor landlord that pays directly for Utility Services for the benefit of the Debtors pursuant to a nonresidential real property lease.

15. Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing in this Order shall be deemed (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law, (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds, (c) a promise or requirement to pay any claim, (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested in the Motion or a finding that any particular claim is an administrative expense claim or other priority claim, (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates, (g) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law, or (h) a

concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

16. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved in this Order.

17. The Debtors are authorized to issue postpetition checks or to effect postpetition fund transfer requests in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

18. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

19. Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

20. Notwithstanding anything to the contrary contained in the Motion or this Order, any payment to be made and any relief or authorization granted hereunder shall be limited by, and shall be subject to, the requirements imposed on the Debtors in any orders entered by this Court authorizing the Debtors' use of cash collateral (any such order, a "Cash Collateral Order"), including, for the avoidance of doubt, the cash collateral budget. To the extent of any conflict (but

solely to the extent of such conflict) between the terms of this Order and the terms of any Cash Collateral Order, the terms of the Cash Collateral Order will govern.

21. Notwithstanding anything to the contrary in the Motion or this Order, any payments made and relief or authorization granted under this Order that are attributable to the EVPS Debtors (as defined in the Restructuring Support Agreements) shall be satisfied solely by the EVPS Debtors and any payments made under this Order that are attributable to the AMSURG Debtors (as defined in the Restructuring Support Agreements) shall be satisfied solely by the AMSURG Debtors, in each case in the ordinary course of business, consistent with past practice, and in accordance with the shared-services agreement dated April 29, 2022, by and between AmSurg, LLC and Envision Healthcare Corporation, and in accordance with the Cash Collateral Orders and the corresponding cash collateral budgets.

22. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

23. The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

24. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: May 15, 2023

_____
Christopher Lopez
United States Bankruptcy Judge

**Exhibit A**

**Utility Providers List**

| Name of Provider | Address of Facility | Utility Service | Utility Account Number | Average Monthly Spend | Prepetition Deposit | Proposed Adequate Assurance |
|---|---|---|---|---|---|---|
| Associated Fire Protection | 100 Jackson St<br>Paterson, NJ 07501 | Fire Protection | 24028-1 | $100.40 | - | $50.20 |
| Kistler Obrien Fire Protection | 2210 City Line Rd<br>Bethlehem, PA 18017 | Fire Protection | 12501 | $156.85 | - | $78.42 |
| Liberty Fire Service | 5546 Camino Al Norte #2 #355 North<br>Las Vegas, NV 89031 | Fire Protection | Inv #: 4140 | $9.23 | - | $4.62 |
| Metro Fire Equipment Inc | 63 S Hamilton Pl<br>Gilbert, AZ 85233 | Fire Protection | Inv #: IN00401419 | $32.45 | - | $16.23 |
| Johnson Controls Fire Protection LP | 6600 Congress Ave<br>Boca Raton, FL 33487-1213 | Fire Protection | 01300 106231954 | $4,299.61 | - | $2,149.80 |
| Airgas Usa LLC | 259 N Radnor Chester Rd Ste 100<br>Radnor, PA 19087-5240 | Medical Gas | 3151068 | $3,030.25 | - | $1,515.12 |
| Stericycle Inc | 2355 Waukegan Road<br>Bannockburn, IL 60015 | Medical Waste | 1000094790, 1000216023, 1000403095, 1000411681, 3000121849, 3000142548, 3000165391, 3000165444, 3000279669, 3000281289, 3000289631, 3000290549, 3000386193, 3000410536, 3000460370, 3000466812, 3000802612 | $12,154.17 |  | $6,077.09 |

| Name of Provider | Address of Facility | Utility Service | Utility Account Number | Average Monthly Spend | Prepetition Deposit | Proposed Adequate Assurance |
|---|---|---|---|---|---|---|
| ADT Security Services | 1501 Yamato Road<br>Boca Raton, FL 33431 | Security | INV #: 402616653 02112023 | $22.78 | - | $11.39 |
| Allied Universal Security Services | 450 Exchange<br>Irvine, CA 929602 | Security | 209606 | $15,702.65 | - | $7,851.32 |
| Bay Alarm Company | 5130 Commercial Cir<br>Concord, CA 94520 | Security | 776854 | $444.87 | - | $222.44 |
| BH Security | 10 Progress Street<br>Union, NJ 07083 | Security | INV #: 3101632 | $310.34 | - | $155.17 |
| Johnson Controls Security Solutions | 111 Windsor Dr<br>Oak Brook, IL 60523 | Security | 01300 106231541 | $871.09 | - | $435.54 |
| Key Rite Security Lock & Safe Inc. | 750 W 100th Pl Northglenn<br>Northglenn, CO 80260 | Security | 0487354397 | $117.37 | - | $58.69 |
| Securitas Electronic Security Inc | 3800 Tabs Drive<br>Uniontown, OH 44685 | Security | PHY-006 | $367.03 | - | $183.52 |
| Southeastern Security Prof LLC | 1025 Progress Circle<br>Lawrenceville, GA 30043 | Security | INV #: 220824237 | $241.32 | - | $120.66 |
| Stanley Convergent Security Solutions Inc | 2150 Western Court Suite 300<br>Lisle, IL 60532 | Security | 10674201 | $215.30 | - | $107.65 |
| Titanium Security & Surveillance | 1212 Germantown Pike Suite 4<br>Plymouth Meeting, PA 19462 | Security | INV #: 282-2023 | $11,161.29 | - | $5,580.64 |
| VSC Fire & Security Inc | 1780 Corporate Drive Suite 425<br>Norcross, GA 30093 | Security | 027575NO42 | $72.58 | - | $36.29 |
| AT&T | 208 S. Akard St.<br>Dallas, TX 75202 | Telecom | 5973888608, 19317596-C, 305819190663903000000, 305W551414727040122, 204-004961, 337406916700104000000, 33798403500010 | $52,719.05 | - | $26,359.52 |

2

| Name of Provider | Address of Facility | Utility Service | Utility Account Number | Average Monthly Spend | Prepetition Deposit | Proposed Adequate Assurance |
|---|---|---|---|---|---|---|
| | | | 40000, 678319952634803000000, 772V106790429120122-A, 3134932203-A, 8165251717413040322-A, 5680898601-A, 8764949605-A, 904241002566604 0000, 954447270837503000000, 292129600, 030 520 2805 001, 287284644735 | | | |
| At&T Mobility | 1025 Lenox Park Blvd Ne Atlanta, GA 30319-5309 | Telecom | 287284496437 | $31,902.50 | - | $15,951.25 |
| Bullseye Telecom Inc | 25925 Telegraph Rd Ste 210 Southfield, MI 48033-2527 | Telecom | 006467C | $5,133.49 | - | $2,566.75 |
| Cablevision Lightpath Inc | 312 44th St Union City, NJ 07087 | Telecom | 52522 | $264.91 | - | $132.45 |
| Centurylink | 100 Centurylink Dr. Monroe, LA 71203 | Telecom | 60289200, 84451911, 88640015 | $10,911.60 | - | $5,455.80 |
| Centurylink 1319 | 100 Centurylink Dr. Monroe, LA 71203 | Telecom | 311288938, 418246625 | $670.64 | - | $335.32 |
| Centurylink 2961 | 100 Centurylink Dr. Monroe, LA 71203 | Telecom | 309413732 | $175.38 | - | $87.69 |
| Cogent Communications Inc | 2450 N Street, Nw Washington, DC 20037 | Telecom | INFINITY00011 | $62.50 | - | $31.25 |
| Cohere Communications LLC | 845 3rd Ave Rm 1900 New York, NY 10022 | Telecom | ImagingOnCall | $1,166.96 | - | $583.48 |

3

| Name of Provider | Address of Facility | Utility Service | Utility Account Number | Average Monthly Spend | Prepetition Deposit | Proposed Adequate Assurance |
|---|---|---|---|---|---|---|
| Comcast | 1255 W North Ave<br>Chicago, IL  60642 | Telecom | 900014933, 964609630, 8495 75 392 12762908396 51 172 1252410, 8396 51 172 1283332 | $18,364.55 | - | $9,182.28 |
| Consolidated Communications | 2116 S. 17th Street<br>Mattoon, IL 61938 | Telecom | 913-150-1301/0 | $1,064.88 | - | $532.44 |
| Cox Communications | 6205-B Peachtree Dunwoody Road Ne<br>Atlanta, GA 30328 | Telecom | 001 8501 207216001, 001 8501 221067201 | $1,740.53 | - | $870.26 |
| Granite Telecommunications LLC | 100 Newport Ave. Ext<br>Quincy, MA 02171 | Telecom | 1496807 | $30.75 | - | $15.38 |
| GTT Communications Inc | 7900 Tysons One Place<br>Suite 1450<br>Mclean, VA 22102 | Telecom | 9548382544, T169023 | $549.25 | - | $274.63 |
| Hawaiian Telcom | 1177 Bishop Street<br>Honolulu, HI 96813 | Telecom | 100411755800010, 102006520600010 | $102.01 | - | $51.00 |
| Intelepeer Cloud Communications | 155 Bovet Rd<br>Ste 405<br>San Mateo, CA 94402-3137 | Telecom | 1017293 | $1,194.50 | - | $597.25 |
| Level 3 Communications LLC | 1025 Eldorado Blvd<br>Broomfield, CO 80021-8869 | Telecom | 265832, 264634, 331271, 401560, 1-7P5RET | $49,601.21 | - | $24,800.60 |
| Momentum Telecom | 1 Concourse Parkway Ne<br>Suite 600<br>Atlanta, GA 30328 | Telecom | 3001359582-00, 3905001374-00 | $2,079.09 | - | $1,039.55 |
| Optimum | 1111 Stewart Ave<br>Bethpage, NY 11714-3533 | Telecom | 07707-125756-02-0 | $108.46 | - | $54.23 |
| Spectrum | 400 Washington Blvd.<br>Stamford, CT 06902 | Telecom | 0050336120-01, 0050545757-01, 0050841912-01 | $959.77 | - | $479.88 |

4

| Name of Provider | Address of Facility | Utility Service | Utility Account Number | Average Monthly Spend | Prepetition Deposit | Proposed Adequate Assurance |
|---|---|---|---|---|---|---|
| Spectrum Voip | 7600 Windrose Ave Unit 350 Plano, TX 75024-0169 | Telecom | 2142171911 | $3,936.83 | - | $1,968.42 |
| Spok Inc | 5911 Kingstowne Village Parkway 6th Floor Alexandria, VA 22315 | Telecom | 0607273 - 0, 0638305 - 3, 3559801 - 0, 5372414 - 2, 7828922 - 0 | $1,933.26 | - | $966.63 |
| Sprint | 6391 Sprint Parkway Overland Park, KS 66251-4300 | Telecom | 864390313, 864390313-053 | $129.20 | - | $64.60 |
| Time Warner Cable | 10 Columbus Cir New York, NY 10019 | Telecom | 0331195501, 8260 13 208 1455361 | $587.87 | - | $293.94 |
| Velocity | 9099 Zach Dr Olive Branch, MS 38654-3798 | Telecom | 1001710 | $120,118.24 | - | $60,059.12 |
| Verizon | 1095 Avenue of the Americas, NY 10036 | Telecom | 152-510-156-0001-05, 5423 13637-00001, 220292760-00001, Customer ID: 00118090CG Account Number: U0191825 | $78,734.57 | - | $39,367.29 |
| Verizon Business | 1095 Avenue of the Americas, NY 10036 | Telecom | Corporate ID: VS91430007 Bill Payer ID: 91430007, Customer ID: F0121281 Account Number: F1427334 | $2,126.35 | - | $1,063.18 |
| Voyant Communications LLC | 2490 Junction Pl Ste 300 Boulder, CO 80301-2170 | Telecom | 16250 | $3,734.82 | - | $1,867.41 |

| Name of Provider | Address of Facility | Utility Service | Utility Account Number | Average Monthly Spend | Prepetition Deposit | Proposed Adequate Assurance |
|---|---|---|---|---|---|---|
| West Unified Communications Services Inc | 8420 W Bryn Mawr Ave Ste 400 Chicago, IL 60631-3489 | Telecom | 1096207 | $29.94 | - | $14.97 |
| Windstream | 4001 N Rodney Parham Rd Little Rock, AR 72212-2459 | Telecom | 5313201 | $29,714.57 | - | $14,857.29 |
| T-Mobile | 12920 Se 38Th St Bellevue, WA 98006-1350 | Telecom | 965246275 | $695.06 | - | $347.53 |
| TXU Energy | 6555 Sierra Drive Irving, TX 75039 | Electric | 100054520588 | $297.20 | - | $148.60 |
| Duke Energy | 526 S Church St Charlotte, NC 28202-1802 | Electric | 910086475591, 910086475921 | $723.19 | - | $361.59 |
| Aps | 3636 33rd St Ste 205 Long Island City, NY 11106-2329 | Electric | 4485700000, 8453716597 | $817.35 | - | $408.67 |
| Salt River Project | 1500 N. Mill Ave. Tempe, AZ 85288 | Electric | 174-154-001, 836-735-004, 703-935-004 | $1,217.97 | - | $608.99 |
| NV Energy | 6226 W. Sahara Ave. Las Vegas, NV 89146 | Electric | 3000229192016403054, 3000229192016659812 | $128.11 | - | $64.06 |
| Florida Power & Light Company (FPL) | 700 Universe Blvd. Juno Beach, FL 33408-0420 | Electric | 26257-99131 | $429.33 | - | $214.66 |
| City Of Ocala, FL | 110 Se Watula Avenue Ocala, FL 34471 | Electric/Sewer | 551375-223030 | $99.09 | - | $49.55 |
| FPL Northwest FL | 700 Universe Blvd. Juno Beach, FL 33408-0420 | Electric | 21006-23947, 21046-58063 | $432.12 | - | $216.06 |
| Huntsville Utilities, AL | 112 Spragins Street Huntsville, AL 35801 | Electric/Natural Gas/Sewer/Trash/Water | 221010132356 | $232.34 | - | $116.17 |
| Nashville Electric Service | 1214 Church Street Nashville, TN 37246 | Electric | 0576385-0508770 | $26,192.08 | - | $13,096.04 |
| Metro Water Services TN | 1700 3rd Ave N Nashville, TN 37208 | Irrigation/Sewer/Water | 268014301 | $2,971.58 | - | $1,485.79 |