United States Bankruptcy Court
Southern District of Texas
**ENTERED**
May 15, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENVISION HEALTHCARE CORPORATION, *et al.*,[1] | ) ) | Case No. 23-90342 (CML) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) ) ) | Re: Docket No. 16 |

**ORDER (I) AUTHORIZING THE DEBTORS TO
(A) CONTINUE THEIR PREPETITION INSURANCE
COVERAGE AND SATISFY PREPETITION OBLIGATIONS RELATED
THERETO, (B) RENEW, AMEND, SUPPLEMENT, EXTEND, OR PURCHASE
INSURANCE POLICIES, (C) CONTINUE TO PAY BROKERAGE FEES AND
CLAIMS ADMINISTRATION FEES, AND (D) MAINTAIN THE SURETY BOND
PROGRAM AND LETTERS OF CREDIT, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) authorizing the Debtors to (i) continue their prepetition insurance coverage and satisfy prepetition obligations related thereto, (ii) renew, amend, supplement, extend, or purchase insurance coverage on a postpetition basis in the ordinary course, (iii) pay prepetition Brokerage Fees and Claims Administration Fees and continue to pay Brokerage Fees and Claims Administration Fees on a postpetition basis in the ordinary course, and (iv) maintain the Surety Bond Program and Letters of Credit, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declarations; and

---

[1] A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/Envision. The Debtors' service address is 1A Burton Hills Boulevard, Nashville, Tennessee 37215.

[2] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is permissible pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Debtors are authorized to maintain, continue, amend, renew, and/or extend the Insurance Policies, and to purchase new insurance policies in the ordinary course of business, including, but not limited to, the Insurance Policies identified on **Exhibit A** attached hereto and any related agreements, and to pay any prepetition or postpetition obligations related to the Insurance Policies, including the Premiums and any other costs and fees related thereto in the ordinary course of business.

2. The Debtors are authorized to pay the prepetition Brokerage Fees, ECM RRG Fees, Claim Settlement Fees, Collateral Fees, Claims Administration Fees, and any prepetition amounts due on account of Insurance Policy Audits and to continue to pay the Brokerage Fees, Claims

Administration Fees, ECM RRG Fees, Claim Settlement Fees, Collateral Fees, and any amounts due on account of Insurance Policy Audits on a postpetition basis in the ordinary course.

3. The Debtors are authorized to maintain the Surety Bond Program and Letters of Credit without interruption, including, without limitation, payment of the premiums for the Surety Bonds, Letters of Credit and any other agreements related to thereto, and to pay any prepetition or postpetition obligations related to the Surety Bond Program and Letters of Credit.

4. The Debtors are authorized to renew, amend, supplement, and/or extend the Surety Bonds, including, without limitation, the Surety Bonds identified on <u>Exhibit B</u> attached to the Order, or to purchase new Surety Bonds, and to execute other agreements, such as letters of credit, in connection with the Surety Bond Program; *provided*, however, the Debtors are not authorized by this Order to take any action with respect to a Surety Bond that would have the effect of transforming a prepetition undersecured or unsecured Surety Bond to a postpetition or secured obligation; *provided further* that nothing herein shall prejudice the Debtors' ability to seek such relief by separate motion.

5. The Debtors shall maintain a matrix/schedule of payments made pursuant to this Order, including the following information: (a) the names of the payee; (b) the date and amount of the payment; (c) the category or type of payment, as further described and classified in the Motion. Debtors shall provide a copy of such matrix/schedule to the ABL Agent, the Envision Ad Hoc Group, the U.S. Trustee, and any statutory committee appointed in these chapter 11 cases every 30 days beginning upon entry of this Order.

6. The Debtors will notify the Envision Ad Hoc Group, the U.S. Trustee, and any statutory committee appointed in these cases if Debtors renew, amend, supplement, extend, terminate, replace, increase, or decrease existing insurance and surety coverage or change

insurance or surety carriers, enter into any new premium financing agreements, or obtain additional insurance or surety coverage.

7. Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing in this Order shall be deemed (a) an admission as to the amount of, basis for, or validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law, (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds, (c) a promise or requirement to pay any claim, (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested in the Motion or a finding that any particular claim is an administrative expense claim or other priority claim, (e) an authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates, (g) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law, or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in this Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

8. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved in this Order.

9. The Debtors are authorized to issue postpetition checks or to effect postpetition fund transfer requests in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

10. Notwithstanding anything to the contrary contained in the Motion or this Order, any payment to be made and any relief or authorization granted hereunder shall be limited by, and shall be subject to, the requirements imposed on the Debtors in any orders entered by this Court authorizing the Debtors' use of cash collateral (any such order, a "Cash Collateral Order"), including for the avoidance of doubt, the cash collateral budget. To the extent of any conflict (but solely to the extent of such conflict) between the terms of this Order and the terms of any Cash Collateral Order, the terms of the Cash Collateral Order will govern.

11. Notwithstanding anything to the contrary in the Motion or this Order, any payments made under this Order that are attributable to the EVPS Debtors (as defined in the Restructuring Support Agreements) shall be satisfied solely by the EVPS Debtors and any payments made under this Order that are attributable to the AMSURG Debtors (as defined in the Restructuring Support Agreements) shall be satisfied solely by the AMSURG Debtors, in each case in the ordinary course of business, consistent with past practice, and in accordance with the shared-services agreement dated April 29, 2022, by and between AmSurg, LLC and Envision Healthcare Corporation, and in accordance with the Cash Collateral Orders and the corresponding cash collateral budgets.

12. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

13. Notice of the Motion as provided therein shall be deemed good and sufficient and satisfies the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules.

14. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

15. The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

16. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: May 15, 2023

Christopher Lopez
United States Bankruptcy Judge

## Exhibit A

### Insurance Policies[1]

| Policy Coverage | Insurance Carrier(s) | Policy Number | Policy Term |
|---|---|---|---|
| Primary Directors & Officers (D&O) Liability - $10M<br><br>Primary Fiduciary Liability - $10M | US Specialty Insurance Company | 14-MGU-22-A55108 | 10/01/22 – 01/31/24 |
| First Layer Excess Directors & Officers Liability - $10M x/o $10M<br><br>First Layer Excess Fiduciary Liability - $10M x/o $10M | ACE American Insurance Company | G31329231 005 | 10/01/22 – 01/31/24 |
| Second Layer Excess Directors & Officers Liability - $10M x/o $20M<br><br>Second Layer Excess Fiduciary Liability - $10M x/o $20M | Fair American Insurance and Reinsurance Company | MLX-1001346-01 | 10/01/22 – 01/31/24 |
| Third Layer Excess Directors & Officers Liability - $10M x/o $30M | Allianz Global Risks US Insurance Company | USF00220122 | 10/01/22 – 01/31/24 |
| Fourth Layer Excess Directors & Officers Liability - $10M x/o $40M | The North River Insurance Company | 575-102679-3 | 10/01/22 – 01/31/24 |
| Fifth Layer Excess Directors & Officers Liability - $10M x/o $50M | Zurich American Insurance Company | DOC 6359975-04 | 10/01/22 – 01/31/24 |
| Sixth Layer Excess Directors & Officers Liability - $10M x/o $60M | Markel American Insurance Company | MKLM1MXM000787 | 10/01/22 – 01/31/24 |
| Seventh Layer Excess Directors & Officers Liability - $10M x/o $70M | Argonaut Insurance Company | MLX 4209479-4 | 10/01/22 – 01/31/24 |
| Eighth Layer Excess Directors & Officers Liability - $10M x/o $80M | Starr Indemnity & Liability Company | 1.00062E+12 | 10/01/22 – 01/31/24 |
| Ninth Layer Excess Directors & Officers Liability - $10M x/o $90M | Allied World Specialty Insurance Company | 0311-5653 | 10/01/22 – 01/31/24 |
| Tenth Layer Excess Directors & Officers Liability - $10M x/o $100M | US Specialty Insurance Company | 14-MGU-22-A55110 | 10/01/22 – 01/31/24 |
| Eleventh Layer Excess Directors & Officers Liability | ACE American Insurance Company | G31329553 005 | 10/01/22 – 01/31/24 |

---

[1] The Debtors request authority to honor existing Insurance Policies and renew Insurance Policies, as applicable, regardless of whether the Debtors inadvertently failed to include a particular Insurance Policy on this exhibit.

| - $10M x/o $110M | | | |
|---|---|---|---|
| Twelfth Layer Excess Directors & Officers Liability - $5M x/o $120M | Ironshore Indemnity Inc. | DO6NAB3LTQ003 | 10/01/22 – 01/31/24 |
| Primary Crime Protection Policy - $5M | US Specialty Insurance Company | 14-MGU-22-A55109 | 10/01/22 – 01/31/24 |
| First Layer Excess Crime Protection Policy - $5M x/o $5M | ACE American Insurance Company | G3132919A 005 | 10/01/22 – 01/31/24 |
| Second Layer Excess Crime Protection Policy - $5M x/o $10M | Zurich American Insurance Company | FID 8667783-04 | 10/01/22 – 01/31/24 |
| Third Layer Excess Crime Protection Policy - $5M x/o $15M | RLI Insurance Company | BND0102723 | 10/01/22 – 01/31/24 |
| Workers Compensation and Employers Liability Policy | The Charter Oak Fire Insurance Company | UB-9P161854-22-51-H | 10/01/22 - 10/01/23 |
| Workers Compensation and Employers Liability Policy | Travelers Property Casualty Company of America | UB-0R011787-22-51-H | 10/01/22 - 10/01/23 |
| Commercial Automobile | Travelers Property Casualty Company of America | TC2JCAP-1R571752-TIL-22 | 10/01/22 - 10/01/23 |
| Excess Healthcare Liability | National Fire & Marine Insurance Company (MedPro) | EN038697 | 11/01/22 - 10/01/23 |
| Excess Healthcare Liability - 1st xs | Vantage Risk Specialty Insurance Company | P03HC0000027070 | 11/01/22 - 10/01/23 |
| Excess Healthcare Liability - 2nd xs | National Fire & Marine Insurance Company (MedPro) | EN046884 | 11/01/22 - 10/01/23 |
| Primary Cyber Liability ($10M) | Beazley Infosec | FSCE02203607 | 10/15/22 - 10/15/23 |
| Excess Cyber - $10M xs $10M | AXA XL | MTE9039659 | 10/15/22 - 10/15/23 |
| Excess Cyber - $10M xs $20M | CFC | FSCEO2202159 | 10/15/22 - 10/15/23 |
| Excess Cyber - $10M xs $30M | Arch Specialty Insurance Company | NPL0067323-01 | 10/15/22 - 10/15/23 |
| Excess Cyber - $10M xs $40M | *Quota Share:* | | |
| | Allianz Underwriters Insurance Company - $5M | U5F00194822 | 10/15/22 - 10/15/23 |
| | Nationwide Insurance Company - $5M | XMS2209085 | 10/15/22 - 10/15/23 |
| Excess Cyber - $25M xs $50M | *Quota Share:* | | |
| | Canopius US Insurance - $5M | CYT27220098 | 10/15/22 - 10/15/23 |
| | Landmark American Insurance Company - $5M | LQS799283 | 10/15/22 - 10/15/23 |
| | Starr Surplus Lines Insurance Company - $5M | 1000635377221 | 10/15/22 - 10/15/23 |
| | Westfield Surplus Line | XCO-00019FH-00 | 10/15/22 - |

| | Insurance Company - $10M | | 10/15/23 |
|---|---|---|---|
| Professional Liability Prior Acts Reporting Policy | ProAssurance Specialty Insurance Company, Inc. | ES2573 | 04/19/23 - 04/19/24 |
| Medical Professional Liability Insurance Claims Made Policy - $1M/$3M | MagMutual | PSL 09111995 | 01/01/23 - 01/01/24 |
| Medical Professional Liability Insurance Claims Made Policy - $1M/$3M | MagMutual | PSL 09111996 | 01/01/23 - 01/01/24 |
| Flood Insurance Policy (Amsurg Center #2178) | American Bankers Insurance Company of Florida | 7406055416 | 01/18/23 - 01/18/24 |
| Special Crime | Hiscox Insurance Co Inc | UKA301835721 | 09/01/21 - 09/01/24 |
| Commercial Property | *Quota Share:* | | |
| | Starr Surplus Lines Insurance Company - $2.25M PO $25M x Ded | SLSTPTY11653722 | 06/30/22 - 06/30/23 |
| | AIG Specialty Insurance Company - $12.5M PO $50M x Ded | 018406494 | 06/30/22 - 06/30/23 |
| | ACE American Ins Co - $3.7M PO $10M x Ded | CX D42312022 003 | 06/30/22 - 06/30/23 |
| | Helix Underwriting Partners on behalf of Somers Re - $18.75M PO $25M x $25M | MM100F100509AO2022 | 06/30/22 - 06/30/23 |
| | Chubb BDA - $50M PO $50M x $50M | ENVHLTH01983P02 | 06/30/22 - 06/30/23 |
| | Allied World Assurance Company (U.S.), Inc. - $2.5M PO $25M x Ded | 0313-4516-1A | 06/30/22 - 06/30/23 |
| | Arch Specialty Ins Co - $6M PO $15M x $10M | ESP1003391-02 | 06/30/22 - 06/30/23 |
| | Swiss Re - $2M PO $25M x Ded | NAP200496600 | 06/30/22 - 06/30/23 |
| | Lloyds 2987 (Brit Insurance) - $300K PO $10M x Ded | PTNAM2207194 | 06/30/22 - 06/30/23 |
| | Lloyds 033 (Hiscox Syndicates) - $2M PO $25M x Ded | PTNAM2207038 | 06/30/22 - 06/30/23 |
| Commercial Property - CA Earthquake Coverage ($10M part of $35M xs of $10M) | Trisura Specialty Insurance Company | 14100486 | 06/30/22 - 06/30/23 |
| Commercial Property - CA Earthquake Coverage ($7M part of $35M xs of $10M) | General Security Indemnity Co of AZ | TR00014861348622 | 06/30/22 - 06/30/23 |
| Commercial Property - CA Earthquake Coverage ($18M part of $35M xs of $10M) | Palomar Excess & Surplus Ins Co | PE701973 | 06/30/22 - 06/30/23 |
| Clinical Research Professional Liability | Allied World Assurance Company | 0310-1815 | 07/01/22 - 07/01/23 |

3

| Primary Managed Care E&O | Ironshore Specialty Insurance Company | HC7CACAT3R002 | 07/01/22 - 07/01/23 |
|---|---|---|---|
| Terrorism & Sabotage Coverage | Lloyd's Syndicate 2003 | CMCTR2104510 | 06/30/22 - 06/30/23 |
| Professional Liability - Medical Claims Made and Reported $1M/$3M | National Fire & Marine Insurance Company (Medpro) | HN059386 | 03/31/23 - 03/31/24 |
| Professional Liability - Medical Claims Made and Reported $500K/1.5M | The Medical Protective Company | H006507 | 03/31/23 - 03/31/24 |
| 1st Dollar Professional Liability - New York - $1.3M/$3.9M | Healthcare Risk Advisors / TDC Group | HGP-03701-23-00 | 03/31/23 - 03/31/24 |
| Professional Liability - Claims Made Kansas & Wisconsin - $1M/$3M | The Medical Protective Company | G01303 | 03/31/23 - 03/31/24 |
| Professional and General Liability (All Other States) PL: $1M/$3M GL: $1M/$3M | Emergency Capital Management RRG, LLC | ECMRRG-ASC-22 | 10/01/22 - 10/01/23 |
| Professional Liability (Kansas) Claims Made and Reported $500K/$1.5M | The Medical Protective Company | H006657 | 10/01/22 - 10/01/23 |
| Workers Comp | Ohio BWC | 80081003 | 10/01/21 - 10/01/22 |
| Patient Compensation Fund Premium - WI | State of Wisconsin | N/A | 07/01/22 - 07/01/23 |
| Patient Compensation Fund Premiums - IN | State of Indiana | N/A | 03/31/23 - 03/31/24 |
| Patient Compensation Fund Premiums - PA | State of Pennsylvania | N/A | 03/31/23 - 03/31/24 |
| Patient Compensation Fund Premiums - KS | State of Kansas/MedPro | N/A | 03/31/23 - 03/31/24 |
| Patient Compensation Fund Premiums - LA EMG | State of Louisiana | N/A | 03/31/23 - 03/31/24 |
| Automobile Liability Deductible Reimbursement Policy | EMCA Insurance Company, LTD. | EMCA 2022 - AL | 10/01/22 - 10/01/23 |
| Privacy & Security (Cyber) Deductible Reimbursement Policy | EMCA Insurance Company, LTD. | EMCA-CYBER-2022 | 10/01/22 - 10/01/23 |
| Workers Compensation / Employer's Liability Deductible Reimbursement Policy | EMCA Insurance Company, LTD. | EMCA 2022 - WC | 10/01/22 - 10/01/23 |
| Employment Practices Liability | EMCA Insurance Company, LTD. | EMCA-EPLI-2022 | 10/01/22 - 10/01/23 |
| Property Deductible Reimbursement Policy: Amsurg Centers Only | EMCA Insurance Company, LTD. | EMCA-ASC-PROP-2022 | 06/30/22 - 06/30/23 |

4

| | | | |
|---|---|---|---|
| Professional and General Liability<br>PL: $1M/$3M<br>GL: $3M/$5M | Emergency Capital Management RRG, LLC | ECM RRG 2023 | 03/31/23 - 03/31/24 |

**Exhibit B**

**Surety Bonds**

| Policy Coverage | Policy Number | Principal | Obligee | Policy Term |
|---|---|---|---|---|
| Bond for Sheridan Healthcorp, Inc. | CMS0350529 | Sheridan Healthcorp, Inc. | State of Florida, Agency for Health Care Administration | 05/22/22 - 05/22/23 |
| Bond for Anesthesiology Associates of Tallahassee | CMS0350531 | Anesthesiology Associates of Tallahassee | State of Florida, Agency for Health Care Administration | 06/26/22 - 06/26/23 |
| Bond for Anesthesiology Associates of Tallahassee | CMS0350532 | Anesthesiology Associates of Tallahassee | State of Florida, Agency for Health Care Administration | 06/26/22 - 06/26/23 |
| Bond for Greater Florida Anesthesiologists, LLC | DVHNSU0770886 | Greater Florida Anesthesiologists, LLC | State of Florida, Agency for Health Care Administration | 07/13/22 - 07/13/23 |
| Bond for Anesthesiology Associates of Tallahassee Inc. | CMS0349704 | Anesthesiology Associates of Tallahassee Inc. | State of Florida, Agency for Health Care Administration | 07/13/22 - 07/13/23 |
| Bond for Anesthesiologists of Tallahassee, Inc | CMS0349705 | Anesthesiologists of Tallahassee, Inc | State of Florida, Agency for Health Care Administration | 07/13/22 - 07/13/23 |
| Bond for Anesthesiologists Associates of Tallahassee, Inc. | CMS0349706 | Anesthesiologists Associates of Tallahassee, Inc. | State of Florida, Agency for Health Care Administration | 07/13/22 - 07/13/23 |
| Bond for Jupiter Anesthesia Assoc, LLC | CMS0350544 | Jupiter Anesthesia Assoc, LLC | State of Florida, Agency for Health Care Administration | 07/20/22 - 07/20/23 |
| Bond for North Florida Anesthesia Consultants, Inc | CMS0350545 | North Florida Anesthesia Consultants, Inc | State of Florida, Agency for Health Care Administration | 07/20/22 - 07/20/23 |
| Bond for North Florida Perinatal Associates Inc | CMS0350526 | North Florida Perinatal Associates Inc | State of Florida, Agency for Health Care Administration | 08/08/22 - 08/08/23 |
| Bond for Greater Florida Anesthesiologists, LLC | CMS0350546 | Greater Florida Anesthesiologists, LLC | State of Florida, Agency for Health Care Administration | 08/14/22 - 08/14/23 |
| Bond for Greater Florida Anesthesiologists, LLC | CMS0350547 | Greater Florida Anesthesiologists, LLC | State of Florida, Agency for Health Care Administration | 08/14/22 - 08/14/23 |
| Bond for Greater Florida Anesthesiologists, LLC | CMS0350548 | Greater Florida Anesthesiologists, LLC | State of Florida, Agency for Health Care Administration | 08/14/22 - 08/14/23 |
| Bond for Sheridan Children's Services of Alabama | CMS0350530 | Sheridan Children's Services of Alabama | State of Florida, Agency for Health Care Administration | 08/24/22 - 08/24/23 |
| Bond for North Florida Anesthesia Consultants, Inc | CMS0350556 | North Florida Anesthesia Consultants, Inc | State of Florida, Agency for Health Care Administration | 10/18/22 - 10/18/23 |
| Bond for North Florida Anesthesia Consultants, Inc | N/A | North Florida Anesthesia Consultants, Inc | State of Florida, Agency for Health Care Administration | 10/24/22 - 10/24/23 |

2

| | | | | |
|---|---|---|---|---|
| Bond for North Florida Anesthesia Consultants, Inc | N/A | North Florida Anesthesia Consultants, Inc | State of Florida, Agency for Health Care Administration | 10/25/22 - 10/25/23 |
| Bond for Sheridan Healthcorp, Inc. | CMS0350562 | Sheridan Healthcorp, Inc. | State of Florida, Agency for Health Care Administration | 02/01/23 - 02/01/24 |
| Bond for All Women's Healthcare, Inc. | CMA0350568 | All Women's Healthcare, Inc. | State of Florida, Agency for Health Care Administration | 06/01/23 - 06/01/24 |
| Appeal Bond for Imaging Advantage LLC | CMS0349700 | Imaging Advantage LLC | Gordon J. Harris, Ph.D. & Massachusetts General Physicians Organizations, Inc. | 06/14/22 - 06/14/23 |
| Bond for REIMBURSEMENT TECHNOLOGIES | 0467083 | REIMBURSEMENT TECHNOLOGIES | State of Maryland | 01/01/23 - continuous until cancelled |
| Bond for REIMBURSEMENT TECHNOLOGIES INC. | 0467082 | REIMBURSEMENT TECHNOLOGIES INC. | State of Texas | 01/01/23 - continuous until cancelled |