United States Bankruptcy Court
Southern District of Texas

**ENTERED**

May 15, 2023

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENVISION HEALTHCARE CORPORATION, *et al.*,[1] | ) | Case No. 23-90342 (CML) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Re:  Docket No. 6** |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO
(A) CONTINUE TO OPERATE THEIR CASH MANAGEMENT SYSTEM
AND MAINTAIN EXISTING BANK ACCOUNTS, (B) CONTINUE TO PERFORM
INTERCOMPANY TRANSACTIONS, AND (C) MAINTAIN EXISTING BUSINESS
FORMS AND BOOKS AND RECORDS, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for the entry of an interim order (this "Order"), (a) authorizing the

Debtors to (i) continue to operate their Cash Management System and maintain their existing Bank

Accounts, including honoring certain prepetition obligations related thereto, (ii) continue to

perform Intercompany Transactions and funding as set forth herein, and (iii) maintain existing

Business Forms and Books and Records in the ordinary course of business; and (b) granting related

relief, all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court

having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that

this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue

of this proceeding and the Motion in this district is permissible pursuant to 28 U.S.C. §§ 1408 and

---

[1]     A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/Envision.   The Debtors' service address is 1A Burton Hills Boulevard, Nashville, Tennessee 37215.

[2]     Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The final hearing (the "Final Hearing") on the Motion shall be held on June 16, 2023, at 1:00 p.m., prevailing Central Time.  Any objections or responses to entry of a Final Order on the Motion shall be filed on or before 5:00 p.m., prevailing Central Time, on June 5, 2023.  If no objections to entry of the Final Order on the Motion are timely received, the Court may enter such final order without need for the Final Hearing.

2.      The Debtors are authorized, but not directed, on an interim basis and in their sole discretion, to (a) continue operating the Cash Management System, substantially as illustrated in Exhibit A to the Motion, (b) continue to use the Bank Accounts in existence as of the Petition Date, including those Bank Accounts identified on Exhibit B attached to the Motion, in the names and with the account numbers existing immediately before the Petition Date, (c) pay any Bank Fees or Software Fees, irrespective of whether such fees arose prior to the Petition Date, and perform their obligations under the documents and arrangements governing the Bank Accounts, (d) continue to perform Intercompany Transactions, including the ASC Loans and the JV Capital Contributions, and take any actions related thereto in the ordinary course of business substantially consistent with

2

the Debtors' prepetition practice; in each case subject to the remainder of this Order, including paragraph 15 hereof.

3.      To the extent any of the Debtors' Bank Accounts are not in compliance with section 345(b) of the Bankruptcy Code or any of the U.S. Trustee's requirements or guidelines, the Debtors shall have until forty-five days after entry of this Order, without prejudice to seek an additional extension or waiver, to come into compliance with section 345(b) of the Bankruptcy Code; *provided* that nothing herein shall prevent the Debtors or the U. S. Trustee from seeking further relief from the Court to the extent that an agreement cannot be reached.  The Debtors may obtain a further extension of the forty-five day period referenced above by entering into a written stipulation with the U.S. Trustee and filing such stipulation on the Court's docket without the need for further Court order.

4.      Those agreements existing between the Debtors and the Cash Management Banks shall continue to govern the postpetition cash management relationship between the Debtors and the Cash Management Banks and, subject to applicable bankruptcy or other law, all of the provisions of such agreements, including the termination, fee provisions, rights, benefits, collateral, offset rights, and remedies afforded under such agreements shall remain in full force and effect absent further order of the Court or, with respect to any such agreement with any Cash Management Bank (including, for the avoidance of doubt, any rights of a Cash Management Bank to use funds from the Bank Accounts to remedy any overdraft of another Bank Account or other cash management obligations, whether prepetition or postpetition, to the extent permitted under the applicable agreement), unless the Debtors and such Cash Management Bank agree otherwise, and any other legal rights and remedies afforded to the Cash Management Banks under applicable law shall be preserved, subject to applicable bankruptcy law.   The Debtors and the Cash

3

Management Banks may, without further order of this Court, agree to implement changes to the Cash Management System in the ordinary course of business pursuant to the terms of those certain existing deposit agreements, including, without limitation, the opening and closing of Bank Accounts.

5.      The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved in this Order.

6.      The Debtors are authorized, but not directed, to continue using, in their present form, the Business Forms as well as checks and other documents related to the Bank Accounts existing immediately before the Petition Date without reference to the Debtors' status as debtors in possession; *provided* that once the Debtors have exhausted their existing stock of checks, the Debtors shall ensure that any new checks are clearly labeled "Debtor In Possession" as soon as it is reasonably practicable to do so.

7.      The Cash Management Banks are authorized to continue to maintain, service, and administer the Bank Accounts as accounts of the Debtors as debtors in possession without interruption and in the ordinary course of business and to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wires, ACH transfers, and other electronic transfers of any kind issued and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be (including the completion of any such transaction commenced on or before the Petition Date but not completed until on or after the Petition Date).

8.      The Debtors are authorized, in the ordinary course of business, to open any new bank accounts or close any existing Bank Accounts and enter into any ancillary agreements, including new deposit account control agreements, related to the foregoing, as they may deem necessary and appropriate, subject to the terms and provisions of the Debtors' agreement with the Cash Management Banks, as applicable; *provided*, however, that all accounts opened by the Debtors on or after the Petition Date shall be at depositories that are (a) insured by the FDIC or the Federal Savings and Loan Insurance Corporation, (b) designated as an authorized depository by the U.S. Trustee pursuant to the U.S. Trustee Guidelines, and (c) with a bank that agrees to be bound by the terms of this Order; *provided further*, *however*, that such opening shall be timely indicated on the Debtors' monthly operating reports and notice of such opening or closing shall be provided to the U.S. Trustee and any statutory committee.

9.      The relief granted in this Order is extended to any new bank account opened by the Debtors in the ordinary course of business and consistent with historical practice after the date hereof, which account shall be deemed a Bank Account, and to the bank at which such account is opened, which bank shall be deemed a Cash Management Bank.

10.     In the course of providing cash management services to the Debtors, the Cash Management Banks are authorized, without further order of the Court, to deduct the applicable fees and expenses associated with the nature of the deposit and cash management services rendered to the Debtors, whether arising prepetition or postpetition, from the appropriate accounts of the Debtors, and further, to charge back to, and take and apply reserves from, the appropriate accounts of the Debtors any amounts resulting from returned checks or other returned items, including returned items that result from ACH transactions, wire transfers, merchant services transactions, or other electronic transfers of any kind, regardless of whether such items were deposited or

transferred prepetition or postpetition and regardless of whether the returned items relate to prepetition or postpetition items or transfers.

11.     Notwithstanding any other provision of this Order, the Cash Management Banks shall not be deemed to be nor shall be liable to the Debtors or their estates or otherwise be in violation of this Order if a Cash Management Bank honors a prepetition check or other item drawn on any account that is the subject of this Order (a) at the direction of the Debtors, (b) in a good-faith belief that the Court has authorized such prepetition check or item to be honored, or (c) as a result of an innocent mistake made despite implementation of customary item handling procedures. Without limiting the foregoing, any of the Cash Management Banks may rely on the representations of the Debtors with respect to whether any check or other payment order drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to this or any other order of the Court, and such Cash Management Bank shall not have any liability to any party for relying on such representations by the Debtors as provided for herein.

12.     Each Cash Management Bank is authorized to debit the Debtors' accounts in the ordinary course of business without the need for further order of the Court for (a) all checks drawn on the Debtors' accounts which are cashed at such Cash Management Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date, (b) all checks or other items deposited in one of the Debtors' accounts with such Cash Management Bank prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtors were responsible for such items prior to the Petition Date, (c) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Cash Management Bank as service charges for the maintenance of the Cash Management System, and (d) all reversals, returns, refunds, and chargebacks of checks,

deposited items, and other debits credited to Debtor's account after the Petition Date, regardless of the reason such item is returned or reversed.

13.    The Debtors are authorized to enter into, engage in, and satisfy any payments in connection with the Intercompany Transactions, including the ASC Loans and the JV Capital Contributions, and to take any reasonable actions related thereto, in each case, in the ordinary course and consistent with the Debtors' prepetition practices; *provided that*, for the avoidance of doubt, the Debtors shall not be authorized to undertake any Intercompany Transactions or incur any intercompany claims that are (i) not on the same terms as, or materially consistent with, the Debtors' operation of their business in the ordinary course during the prepetition period or (ii) prohibited or restricted by the terms of any Cash Collateral Order (as defined herein).  The Debtors are authorized to set off mutual postpetition obligations relating to intercompany receivables and payables through the Cash Management System in the ordinary course of business consistent with the Debtors' prepetition practices.  The Debtors are authorized to continue Intercompany Transactions, including the ASC Loans and the JV Capital Contributions, arising from or related to the operation of their business in the ordinary course and consistent with historical practice.  All postpetition obligations owing by a Debtor to another Debtor under any postpetition Intercompany Transactions, including the ASC Loans and the JV Capital Contributions, authorized hereunder are hereby accorded administrative expense status under section 503(b) of the Bankruptcy Code; *provided* that any such administrative expense status claim shall be junior and subordinate to the carve out and approved superpriority administrative expense claims provided for in any order, including the Cash Collateral Order (as defined below), entered by the Court approving the Debtors' entry into postpetition financing arrangements or use of cash collateral.  In connection with the Intercompany Transactions, the Debtors shall continue to

maintain current and complete records with respect to all Intercompany Transactions, including all transfers of cash, so that all Intercompany Transactions may be readily ascertained, traced, properly recorded on intercompany accounts, and distinguished between prepetition and postpetition transactions.   No later than the thirtieth day following the last business day of each month, the Debtors shall provide the U.S. Trustee, counsel to the Ad Hoc Group of First Lien AmSurg Lenders, counsel to the AmSurg 2L Group, and counsel to the Envision Ad Hoc Group with a reasonably detailed summary of (i) gross and net payments under the Shared Services Agreement and (ii) a reasonably detailed summary of all other Intercompany Transactions, in each case during the preceding month.   Such records shall be made available upon request by the U.S. Trustee, Envision Ad Hoc Group, and any official statutory committee.   To the extent that the transfers within the Cash Management system are disbursements, they will be noted and reflected on the monthly operating reports.   Notwithstanding the Debtors' use of a consolidated cash management system, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of which entity makes the disbursements or pays those disbursements.   The Debtors shall not make any material changes in their Cash Management System without obtaining the prior written consent of the Controlling Collateral Agent (as defined in that certain First-Out First Lien Intercreditor Agreement, dated as of July 20, 2022 (as amended, restated, amended and restated, supplemented, or otherwise modified from time to time prior to the Petition Date)), the Required Consenting AmSurg Second Lien Term Lenders (as defined in the AMSURG Restructuring Support Agreement), and the Required Consenting Lenders (as defined in the EVPS Restructuring Support Agreement).

14.   Notwithstanding any other provision of this Order, but subject to paragraph 17 below, (i) Intercompany Transactions between any Debtor that is a part of AMSURG LLC on the

one hand, and any Debtor that is not part of AMSURG LLC or any subsidiaries, owned ASCs, or joint ventures of any Debtor that is not part of AMSURG LLC, on the other, and any subsidiaries or owned ASCs or joint ventures of any Debtors that is not part of AMSURG LLC, on the other, shall be conducted strictly in accordance with the Shared Services Agreement, and (ii) the Debtors shall not commingle cash of AMSURG LLC with cash of (w) a Debtor that is not part of AMSURG LLC, (x) EVHC ASC, (y) Physician Services, or (z) any of their respective subsidiaries and ASCs and joint ventures and shall, consistent with the Cash Management System, maintain separate accounts for receipt and collection of funds of or owing to AMSURG LLC.

15.     The Debtors are authorized, but not directed, to continue issuing credit cards and reimbursing expenses incurred under the Credit Card Programs in the ordinary course of business consistent with prepetition practices, including by paying obligations outstanding with respect thereto and applying any charges against prepetition deposits on a prepetition and postpetition basis, subject to the limitations of this Order.

16.     Without limiting paragraph 15 of this Order, the Debtors are authorized, but not directed, to continue to use the Credit Card Programs in the ordinary course of business in accordance with the terms of the contract under the Credit Card Programs, to honor all past and future contractual obligations under the Credit Card Programs, and to make timely payments on account of charges that were made under the Credit Card Programs prior to the Petition Date.  The Debtors are further authorized, but not directed, to continue operating the Credit Card Contract Collateral Account, which serves as a collateral account for certain obligations under the KeyBank Credit Card Program, in the ordinary course of business, and any prepetition security interest in the Credit Card Contract Collateral Account held by KeyBank shall continue.  The terms and conditions of the prepetition Credit Card Programs shall remain in effect, the Credit Card Contract

Collateral Account shall continue to secure all prepetition obligations with respect to the KeyBank Credit Card Program and the Credit Card Contract Collateral Account shall also secure all obligations with respect to the KeyBank Credit Card Program arising postpetition, without any additional documentation executed between the Debtors and KeyBank.  KeyBank, WEX, and Bento Technologies, Inc. may rely on the representations of the Debtors with respect to their use of the Credit Card Programs pursuant to the contracts thereunder, and KeyBank, WEX, and Bento Technologies, Inc. shall not have any liability to any party for relying on such representations by the Debtors as provided for herein.

17.     For the avoidance of doubt, the relief granted in this Order with respect to the postpetition Intercompany Transactions and the Intercompany Balances resulting therefrom shall not constitute a finding as to the validity, priority, or status of any prepetition Intercompany Balance or any Intercompany Transaction from which such Intercompany Balance may have arisen, and the Debtors expressly reserve any and all rights with regard to the validity, priority, or status of any prepetition Intercompany Balance or any Intercompany Transaction from which such Intercompany Balance may have arisen.  The Debtors also expressly reserve any and all rights to contest the validity, priority, or status of any prepetition Intercompany Balance or any Intercompany Transaction from which such Intercompany Balance may have arisen.  The rights of any party in interest to challenge or object to any Intercompany Claim or Intercompany Claim Balance are likewise expressly preserved.

18.     The Debtors will not be required to establish separate bank accounts for cash collateral and/or tax payments.

19.     Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing in this Order shall be deemed (a) an admission as to the amount of, basis for, or

validity of any claim against a Debtor entity under the Bankruptcy Code or other applicable nonbankruptcy law, (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds, (c) a promise or requirement to pay any claim, (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested in the Motion or a finding that any particular claim is an administrative expense claim or other priority claim, (e) an authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code, (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates, (g) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law, or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief granted herein are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

20.     The Debtors are authorized, but not directed, to issue postpetition checks or to effect postpetition fund transfer requests in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

21.     Notwithstanding anything to the contrary contained in the Motion or this Order, any payment to be made and any relief or authorization granted hereunder shall be limited by, and shall be subject to, the requirements imposed on the Debtors in any orders entered by this Court authorizing the Debtors' use of cash collateral (any such order, a "Cash Collateral Order"), including, for the avoidance of doubt, the cash collateral budget.  To the extent of any conflict (but

solely to the extent of such conflict) between the terms of this Interim Order and the terms of any Cash Collateral Order, the terms of the Cash Collateral Order will govern.

22.     Notwithstanding anything to the contrary in the Motion or this Order, any payments made under this Order that are attributable to the EVPS Debtors (as defined in the Restructuring Support Agreements) shall be satisfied solely by the EVPS Debtors and any payments made under this Order that are attributable to the AMSURG Debtors (as defined in the Restructuring Support Agreements) shall be satisfied solely by the AMSURG Debtors, in each case in the ordinary course of business, consistent with past practice, and in accordance with the shared-services agreement dated April 29, 2022, by and between AmSurg, LLC and Envision Healthcare Corporation, and in accordance with the Cash Collateral Orders and the corresponding cash collateral budgets.

23.     The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

24.     Notice of the Motion as provided therein shall be deemed good and sufficient and satisfies the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules.

25.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

26.     The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

27.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed:  May 15, 2023

_____
Christopher Lopez
United States Bankruptcy Judge

United States Bankruptcy Court
Southern District of Texas

In re:                                                                                                          Case No. 23-90342-cml

Envision Healthcare Corporation                                                                   Chapter 11
        Debtor

# CERTIFICATE OF NOTICE

District/off: 0541-4                                         User: ADIuser                                      Page 1 of 11
Date Rcvd: May 15, 2023                                Form ID: pdf002                                  Total Noticed: 23

The following symbols are used throughout this certificate:
**Symbol        Definition**
+                   Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS
                     regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 17, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Envision Healthcare Corporation, 1A Burton Hills Boulevard, Nashville, TN 37215-6187 |
| aty | + | Angela K. Herring, Wachtell, Lipton, Rosen & Katz, 51 West 52nd St, New York, NY 10019-6150 |
| aty | + | Anne G. Wallice, Kirland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022-4643 |
| aty | + | Anne I. Salomon, 300 North LaSalle St, Chicago, IL 60654, UNITED STATES 60654-3406 |
| aty | + | Annie Dreisbach, Kirkland & Ellis LLP, 300 North LaSalle St, Chicago, IL 60654, UNITED STATES 60654-5412 |
| aty | + | C. Lee Wilson, 200 Park Avenue, New York, NY 10166-0005 |
| aty | + | Casey James McGushin, Kirkland & Ellis LLP, 300 N. LaSalle, Chicago, IL 60654-5412 |
| aty | + | David M. Feldman, Gibson Dunn & Crutcher, 200 Park Avenue, New York, NY 10166-4799 |
| aty | + | Eli J. Vonnegut, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017-3982 |
| aty | + | Gene S. Goldmintz, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017-3982 |
| aty | | Gianfranco Finizio, Kilpatrick Townsend & Stockton LLP, 1114 Avenue of the Americas, NYC, NY 10036-7703 |
| aty | + | Jeffrey R. Goldfine, Kirkland & Ellis LLP, 601 Lexington Ave., New York, NY 10022, UNITED STATES 10022-4643 |
| aty | + | John R. Luze, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, IL 60654-5412 |
| aty | + | Joshua A. Sussberg, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022-4643 |
| aty | + | Joshua Greenblatt, 601 Lexington Ave., New York, NY 10022, UNITED STATES 10022-4611 |
| aty | + | Margaret Reiney, Kirkland & Ellis LLP, 601 Lexington Ave., New York, NY 10022-4643 |
| aty | | Mary Beth Maloney, 200 Park Avenue, New York, NY 10166-0005 |
| aty | + | Michael Pera, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017-3982 |
| aty | + | Ruth Mulvihill, Kirkland & Ellis LLP, 300 North LaSalle St, Chicago, IL 60654, UNITED STATES 60654-5412 |
| aty | + | William Arnault, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, IL 60654-5412 |
| cr | + | AHS Staffing, c/o Liz George and Associates, Attn: Lysbeth L. George, 8101 S. Walker, Suite F, Oklahoma City, OK 73139-9406 |
| cr | | Envision Ad Hoc Group, c/o Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166-0005 |

TOTAL: 22

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern
Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| op | + | Email/Text: EBN@primeclerk.com | | |
| | | | May 15 2023 20:16:00 | Kroll Restructuring Administration LLC, (f/k/a Prime Clerk LLC), 55 East 52nd Street, 17th Floor, New York, NY 10055-0002 |

TOTAL: 1

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| cr | | Ad Hoc Group of AmSurg Lenders |
| cr | | Ad Hoc Group of First Lien AmSurg Lenders |
| intp | | Ankura Trust Company, LLC, in its capacity as Envi |
| cr | | Citibank, N.A. |
| intp | | Credit Suisse AG, Cayman Islands Branch, as AmSurg |
| cr | | Funds and Accounts Managed by Kohlberg Kravis Robe |
| cr | | HCA-EMS Holdings, LLC |
| cr | | Thermo Fisher Scientific |

District/off: 0541-4            User: ADIuser            Page 2 of 11
Date Rcvd: May 15, 2023            Form ID: pdf002            Total Noticed: 23
TOTAL: 8 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: May 17, 2023            Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 15, 2023 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Aaron James Power | on behalf of Interested Party Credit Suisse AG  Cayman Islands Branch, as AmSurg RCF Agent apower@porterhedges.com, egarfias@porterhedges.com;ysanders@porterhedges.com |
| Beau Butler | on behalf of Debtor Medical Information Management Solutions  LLC bbutler@jw.com, kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com |
| Beau Butler | on behalf of Debtor New Generations Babee Bag  Inc. bbutler@jw.com, kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com |
| Beau Butler | on behalf of Debtor Jupiter Healthcare  LLC bbutler@jw.com, kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com |
| Beau Butler | on behalf of Debtor MSO Newco  LLC bbutler@jw.com, kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com |
| Beau Butler | on behalf of Debtor Long Beach NSC  LLC bbutler@jw.com, kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com |
| Beau Butler | on behalf of Debtor NAC Properties  LLC bbutler@jw.com, kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com |
| Beau Butler | on behalf of Debtor North Florida Anesthesia Consultants  Inc. bbutler@jw.com, kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com |
| Beau Butler | on behalf of Debtor KMAC  Inc. bbutler@jw.com, kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com |
| Beau Butler | on behalf of Debtor Jupiter Anesthesia Associates  L.L.C. bbutler@jw.com, kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com |
| Beau Butler | on behalf of Debtor North Florida Perinatal Associates  Inc. bbutler@jw.com, kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com |
| Beau Butler | on behalf of Debtor Kenwood NSC  LLC bbutler@jw.com, kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com |
| Beau Butler | on behalf of Debtor MedAssociates  LLC bbutler@jw.com, kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com |
| Beau Butler | on behalf of Debtor Millennium Vision Surgical  LLC bbutler@jw.com, kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com |
| Beau Butler | on behalf of Debtor Medi-Bill of North Florida  Inc. bbutler@jw.com, |

kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Beverly Weiss Manne

on behalf of Creditor Thermo Fisher Scientific bmanne@tuckerlaw.com

Bruce J Ruzinsky

on behalf of Debtor AmSurg Temecula CA  Inc. bruzinsky@jw.com, msalinas@jw.com;kgradney@jw.com;dtrevino@jw.com

Bruce J Ruzinsky

on behalf of Debtor AmSurg Physicians HoldCo  LLC bruzinsky@jw.com, msalinas@jw.com;kgradney@jw.com;dtrevino@jw.com

Bruce J Ruzinsky

on behalf of Debtor AmSurg Ocala  Inc. bruzinsky@jw.com, msalinas@jw.com;kgradney@jw.com;dtrevino@jw.com

Bruce J Ruzinsky

on behalf of Debtor AmSurg Northwest Florida  Inc. bruzinsky@jw.com, msalinas@jw.com;kgradney@jw.com;dtrevino@jw.com

Bruce J Ruzinsky

on behalf of Debtor AmSurg Palmetto  Inc. bruzinsky@jw.com, msalinas@jw.com;kgradney@jw.com;dtrevino@jw.com

Bruce J Ruzinsky

on behalf of Debtor AmSurg Scranton PA  Inc. bruzinsky@jw.com, msalinas@jw.com;kgradney@jw.com;dtrevino@jw.com

Bruce J Ruzinsky

on behalf of Debtor AmSurg Oakland CA  Inc. bruzinsky@jw.com, msalinas@jw.com;kgradney@jw.com;dtrevino@jw.com

Bruce J Ruzinsky

on behalf of Debtor AmSurg New Port Richey FL  Inc. bruzinsky@jw.com, msalinas@jw.com;kgradney@jw.com;dtrevino@jw.com

Bruce J Ruzinsky

on behalf of Debtor AmSurg Physicians Arizona  LLC bruzinsky@jw.com, msalinas@jw.com;kgradney@jw.com;dtrevino@jw.com

Bruce J Ruzinsky

on behalf of Debtor AmSurg Pottsville PA  LLC bruzinsky@jw.com, msalinas@jw.com;kgradney@jw.com;dtrevino@jw.com

Bruce J Ruzinsky

on behalf of Debtor AmSurg Naples  Inc. bruzinsky@jw.com, msalinas@jw.com;kgradney@jw.com;dtrevino@jw.com

Bruce J Ruzinsky

on behalf of Debtor AmSurg Suncoast  Inc. bruzinsky@jw.com, msalinas@jw.com;kgradney@jw.com;dtrevino@jw.com

Bruce J Ruzinsky

on behalf of Debtor AmSurg San Antonio TX  Inc. bruzinsky@jw.com, msalinas@jw.com;kgradney@jw.com;dtrevino@jw.com

Christopher R. Bankler

on behalf of Debtor Partners in Medical Billing  Inc. cbankler@jw.com, kgradney@jw.com

Christopher R. Bankler

on behalf of Debtor Provider Account Management  Inc. cbankler@jw.com, kgradney@jw.com

Christopher R. Bankler

on behalf of Debtor Practice Account Management Services  LLC cbankler@jw.com, kgradney@jw.com

Christopher R. Bankler

on behalf of Debtor Physician Office Partners  Inc. cbankler@jw.com, kgradney@jw.com

Christopher R. Bankler

on behalf of Debtor Phoenix Physicians  LLC cbankler@jw.com, kgradney@jw.com

Christopher R. Bankler

on behalf of Debtor Northwood Anesthesia Associates  L.L.C. cbankler@jw.com, kgradney@jw.com

Christopher R. Bankler

on behalf of Debtor NSC West Palm  LLC cbankler@jw.com, kgradney@jw.com

Christopher R. Bankler

on behalf of Debtor NSC Healthcare  Inc. cbankler@jw.com, kgradney@jw.com

Christopher R. Bankler

on behalf of Debtor NSC RBO East  LLC cbankler@jw.com, kgradney@jw.com

Christopher R. Bankler

on behalf of Debtor Pinnacle Consultants Mid-Atlantic  L.L.C. cbankler@jw.com, kgradney@jw.com

Christopher R. Bankler

on behalf of Debtor Physician Account Management  Inc. cbankler@jw.com, kgradney@jw.com

Christopher R. Bankler

on behalf of Debtor Proven Healthcare Solutions of New Jersey  LLC cbankler@jw.com, kgradney@jw.com

Christopher R. Bankler
on behalf of Debtor Phoenix Business Systems  LLC cbankler@jw.com, kgradney@jw.com

Christopher R. Bankler
on behalf of Debtor Parity Healthcare  Inc. cbankler@jw.com, kgradney@jw.com

Christopher Ross Travis
on behalf of U.S. Trustee US Trustee C.Ross.Travis@usdoj.gov

Emily Meraia
on behalf of Debtor AmSurg Maryville  Inc. emeraia@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Emily Meraia
on behalf of Debtor AmSurg La Jolla  Inc. emeraia@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Emily Meraia
on behalf of Debtor AmSurg Glendale  Inc. emeraia@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Emily Meraia
on behalf of Debtor AmSurg Holdings  LLC emeraia@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Emily Meraia
on behalf of Debtor AmSurg Glendora CA  Inc. emeraia@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Emily Meraia
on behalf of Debtor AmSurg Kissimmee FL  Inc. emeraia@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Emily Meraia
on behalf of Debtor AmSurg KEC  Inc. emeraia@jw.com, kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Emily Meraia
on behalf of Debtor AmSurg Holdco  LLC emeraia@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Emily Meraia
on behalf of Debtor AmSurg Hillmont  Inc. emeraia@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Emily Meraia
on behalf of Debtor AmSurg Lancaster PA  LLC emeraia@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Emily Meraia
on behalf of Debtor AmSurg Inglewood  Inc. emeraia@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Emily Meraia
on behalf of Debtor AmSurg Main Line PA  LLC emeraia@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Emily Meraia
on behalf of Debtor AmSurg Melbourne  Inc. emeraia@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Emily Meraia
on behalf of Debtor AmSurg Miami  Inc. emeraia@jw.com, kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Genevieve Marie Graham
on behalf of Debtor Discovery Clinical Research  Inc. ggraham@jw.com,
dtrevino@jw.com;kgradney@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Genevieve Marie Graham
on behalf of Debtor Coastal Anesthesiology Consultants  LLC ggraham@jw.com,
dtrevino@jw.com;kgradney@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Genevieve Marie Graham
on behalf of Debtor Clinical Partners Management Company  LLC ggraham@jw.com,
dtrevino@jw.com;kgradney@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Genevieve Marie Graham
on behalf of Debtor Doctors Billing Service  Inc. ggraham@jw.com,
dtrevino@jw.com;kgradney@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Genevieve Marie Graham
on behalf of Debtor Children's Anesthesia Associates  Inc. ggraham@jw.com,
dtrevino@jw.com;kgradney@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Genevieve Marie Graham
on behalf of Debtor Davis NSC LLC ggraham@jw.com,
dtrevino@jw.com;kgradney@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Genevieve Marie Graham
on behalf of Debtor Coral Springs NSC LLC ggraham@jw.com,
dtrevino@jw.com;kgradney@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Genevieve Marie Graham
on behalf of Debtor Centennial Emergency Physicians LLC ggraham@jw.com,
dtrevino@jw.com;kgradney@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Genevieve Marie Graham
on behalf of Debtor Boca Anesthesia Service Inc. ggraham@jw.com,
dtrevino@jw.com;kgradney@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Genevieve Marie Graham
on behalf of Debtor Bravo Reimbursement Specialist L.L.C. ggraham@jw.com,
dtrevino@jw.com;kgradney@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Genevieve Marie Graham
on behalf of Debtor Chandler Emergency Medical Group L.L.C. ggraham@jw.com,
dtrevino@jw.com;kgradney@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Genevieve Marie Graham
on behalf of Debtor Broad Midwest Anesthesia LLC ggraham@jw.com,
dtrevino@jw.com;kgradney@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Genevieve Marie Graham
on behalf of Debtor Desert Mountain Consultants in Anesthesia Inc. ggraham@jw.com,
dtrevino@jw.com;kgradney@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Genevieve Marie Graham
on behalf of Debtor CMORx LLC ggraham@jw.com,
dtrevino@jw.com;kgradney@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Ha Minh Nguyen
on behalf of U.S. Trustee US Trustee ha.nguyen@usdoj.gov

J Scott Rose
on behalf of Debtor QRx Medical Management LLC srose@jw.com, kgradney@jw.com

J Scott Rose
on behalf of Debtor Sheridan Children's Healthcare Services of Louisiana Inc. srose@jw.com, kgradney@jw.com

J Scott Rose
on behalf of Debtor San Antonio NSC LLC srose@jw.com, kgradney@jw.com

J Scott Rose
on behalf of Debtor Sheridan Anesthesia Services of Virginia Inc. srose@jw.com, kgradney@jw.com

J Scott Rose
on behalf of Debtor Rose Radiology LLC srose@jw.com, kgradney@jw.com

J Scott Rose
on behalf of Debtor Sheridan Anesthesia Services of Alabama Inc. srose@jw.com, kgradney@jw.com

J Scott Rose
on behalf of Debtor Sheridan CADR Solutions Inc. srose@jw.com, kgradney@jw.com

J Scott Rose
on behalf of Debtor Sheridan Children's Healthcare Services of Arizona Inc. srose@jw.com, kgradney@jw.com

J Scott Rose
on behalf of Debtor Reimbursement Technologies Inc. srose@jw.com, kgradney@jw.com

J Scott Rose
on behalf of Debtor Radstaffing Management Solutions Inc. srose@jw.com, kgradney@jw.com

J Scott Rose
on behalf of Debtor Sheridan Anesthesia Services of Louisiana Inc. srose@jw.com, kgradney@jw.com

J Scott Rose
on behalf of Debtor Sentinel Healthcare Services LLC srose@jw.com, kgradney@jw.com

J Scott Rose
on behalf of Debtor Radiology Staffing Solutions Inc. srose@jw.com, kgradney@jw.com

J Scott Rose
on behalf of Debtor Sheridan Children's Healthcare Services of Kentucky Inc. srose@jw.com, kgradney@jw.com

Javier Gonzalez, Jr
on behalf of Debtor AmSurg EC Centennial Inc. jgonzalez@jw.com,

kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Javier Gonzalez, Jr

on behalf of Debtor Envision Healthcare Corporation jgonzalez@jw.com
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Javier Gonzalez, Jr

on behalf of Debtor AmSurg Escondido CA  Inc. jgonzalez@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Javier Gonzalez, Jr

on behalf of Debtor AmSurg Finance  Inc. jgonzalez@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Javier Gonzalez, Jr

on behalf of Debtor AmSurg Burbank  Inc. jgonzalez@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Javier Gonzalez, Jr

on behalf of Debtor AmSurg EC Santa Fe  Inc. jgonzalez@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Javier Gonzalez, Jr

on behalf of Debtor AmSurg Colton CA  Inc. jgonzalez@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Javier Gonzalez, Jr

on behalf of Debtor AmSurg EC Washington  Inc. jgonzalez@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Javier Gonzalez, Jr

on behalf of Debtor AmSurg Crystal River  Inc. jgonzalez@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Javier Gonzalez, Jr

on behalf of Debtor AmSurg EC St. Thomas  Inc. jgonzalez@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Javier Gonzalez, Jr

on behalf of Debtor AmSurg EC Beaumont  Inc. jgonzalez@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Javier Gonzalez, Jr

on behalf of Debtor AmSurg Fresno Endoscopy  Inc. jgonzalez@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Javier Gonzalez, Jr

on behalf of Debtor AmSurg El Paso  Inc. jgonzalez@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Javier Gonzalez, Jr

on behalf of Debtor AmSurg EC Topeka  Inc. jgonzalez@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Javier Gonzalez, Jr

on behalf of Debtor AmSurg Arcadia CA  Inc. jgonzalez@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

John David Cornwell

on behalf of Creditor Envision Ad Hoc Group jcornwell@munsch.com  hvalentine@munsch.com;CourtMail@munsch.com

John F Higgins, IV

on behalf of Interested Party Credit Suisse AG  Cayman Islands Branch, as AmSurg RCF Agent jhiggins@porterhedges.com,
emoreland@porterhedges.com;eliana-garfias-8561@ecf.pacerpro.com;mwebb@porterhedges.com

John Machir Stull

on behalf of Debtor Greater Florida Anesthesiologists  LLC mstull@jw.com,
kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;dtrevino@jw.com;azuniga@jw.com;steso@jw.com;jpupo@jw.com

John Machir Stull

on behalf of Debtor FO Investments  Inc. mstull@jw.com,
kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;dtrevino@jw.com;azuniga@jw.com;steso@jw.com;jpupo@jw.com

John Machir Stull

on behalf of Debtor Holiday Acquisition Company  Inc. mstull@jw.com,
kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;dtrevino@jw.com;azuniga@jw.com;steso@jw.com;jpupo@jw.com

John Machir Stull

on behalf of Debtor Imaging Advantage LLC mstull@jw.com
kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;dtrevino@jw.com;azuniga@jw.com;steso@jw.com;jpupo@jw.com

John Machir Stull

on behalf of Debtor Infinity Healthcare  Inc. mstull@jw.com,

kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;dtrevino@jw.com;azuniga@jw.com;steso@jw.com;jpupo@jw.com

John Machir Stull

on behalf of Debtor Hawkeye Holdco LLC mstull@jw.com
kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;dtrevino@jw.com;azuniga@jw.com;steso@jw.com;jpupo@jw.com

John Machir Stull

on behalf of Debtor Global Surgical Partners  Inc. mstull@jw.com,
kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;dtrevino@jw.com;azuniga@jw.com;steso@jw.com;jpupo@jw.com

John Machir Stull

on behalf of Debtor Illinois NSC  Inc. mstull@jw.com,
kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;dtrevino@jw.com;azuniga@jw.com;steso@jw.com;jpupo@jw.com

John Machir Stull

on behalf of Debtor Fullerton NSC  LLC mstull@jw.com,
kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;dtrevino@jw.com;azuniga@jw.com;steso@jw.com;jpupo@jw.com

John Machir Stull

on behalf of Debtor Gynecologic Oncology Associates  Inc. mstull@jw.com,
kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;dtrevino@jw.com;azuniga@jw.com;steso@jw.com;jpupo@jw.com

John Machir Stull

on behalf of Debtor FO Investments III  Inc. mstull@jw.com,
kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;dtrevino@jw.com;azuniga@jw.com;steso@jw.com;jpupo@jw.com

John Machir Stull

on behalf of Debtor ISelect Healthcare LLC mstull@jw.com
kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;dtrevino@jw.com;azuniga@jw.com;steso@jw.com;jpupo@jw.com

John Machir Stull

on behalf of Debtor Jacksonville Beaches Anesthesia Associates  Inc. mstull@jw.com,
kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;dtrevino@jw.com;azuniga@jw.com;steso@jw.com;jpupo@jw.com

John Machir Stull

on behalf of Debtor Healthcare Administrative Services  Inc. mstull@jw.com,
kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;dtrevino@jw.com;azuniga@jw.com;steso@jw.com;jpupo@jw.com

Keith Richard Martorana

on behalf of Creditor Envision Ad Hoc Group kmartorana@gibsondunn.com

Kristhy M Peguero

on behalf of Debtor Emergency Medical Services LLC kpeguero@jw.com
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Kristhy M Peguero

on behalf of Debtor EmCare Physician Services  Inc. kpeguero@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Kristhy M Peguero

on behalf of Debtor EmCare Holdings  LLC kpeguero@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Kristhy M Peguero

on behalf of Debtor EDIMS  L.L.C. kpeguero@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Kristhy M Peguero

on behalf of Debtor Drs. Ellis  Rojas, Ross & Debs, Inc. kpeguero@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Kristhy M Peguero

on behalf of Debtor Emergency Medicine Education Systems  Inc. kpeguero@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Kristhy M Peguero

on behalf of Debtor EmCare Holdco  LLC kpeguero@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Kristhy M Peguero

on behalf of Debtor EmCare of California  Inc. kpeguero@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Kristhy M Peguero

on behalf of Debtor EmCare Anesthesia Providers  Inc. kpeguero@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Kristhy M Peguero

on behalf of Debtor EMS Management LLC kpeguero@jw.com
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Kristhy M Peguero

on behalf of Debtor EmCare  LLC kpeguero@jw.com,

kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Kristhy M Peguero

on behalf of Debtor EHR Management Co. kpeguero@jw.com
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Kristhy M Peguero

on behalf of Debtor ED Solutions  LLC kpeguero@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Kristhy M Peguero

on behalf of Debtor EmCare Physician Providers  Inc. kpeguero@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Lysbeth Lou George

on behalf of Creditor AHS Staffing liz@georgelawok.com  karen@georgelawok.com

Mark Curtis Taylor

on behalf of Creditor HCA-EMS Holdings  LLC mark.taylor@hklaw.com,
tammy.greenblum@wallerlaw.com;annmarie.jezisek@wallerlaw.com

Matthew D Cavenaugh

on behalf of Debtor All Women's Healthcare of Dade  Inc. mcavenaugh@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Matthew D Cavenaugh

on behalf of Debtor All Women's Healthcare  Inc. mcavenaugh@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Matthew D Cavenaugh

on behalf of Debtor Alpha Physician Resources  L.L.C. mcavenaugh@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Matthew D Cavenaugh

on behalf of Debtor Affilion  Inc. mcavenaugh@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Matthew D Cavenaugh

on behalf of Debtor All Women's Healthcare Services  Inc. mcavenaugh@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Matthew D Cavenaugh

on behalf of Debtor All Women's Healthcare of West Broward  Inc. mcavenaugh@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Matthew D Cavenaugh

on behalf of Debtor AllegiantMD  Inc. mcavenaugh@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Matthew D Cavenaugh

on behalf of Debtor AmSurg Anesthesia Management Services  LLC mcavenaugh@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Matthew D Cavenaugh

on behalf of Debtor All Women's Healthcare of Sawgrass  Inc. mcavenaugh@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Matthew D Cavenaugh

on behalf of Debtor All Women's Healthcare Holdings  Inc. mcavenaugh@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Matthew D Cavenaugh

on behalf of Debtor AmSurg Abilene Eye  Inc. mcavenaugh@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Matthew D Cavenaugh

on behalf of Debtor American Emergency Physicians Management  Inc. mcavenaugh@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Matthew D Cavenaugh

on behalf of Debtor AmSurg Abilene  Inc. mcavenaugh@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Matthew D Cavenaugh

on behalf of Debtor AmSurg Altamonte Springs FL  Inc. mcavenaugh@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Michael A. Garza

on behalf of Creditor Ad Hoc Group of First Lien AmSurg Lenders mgarza@velaw.com

Michael Anthony Drab

on behalf of Debtor Sheridan Children's Healthcare Services of New Mexico  Inc. mdrab@jw.com, kgradney@jw.com

District/off: 0541-4

Date Rcvd: May 15, 2023

User: ADIuser

Form ID: pdf002

Page 9 of 11

Total Noticed: 23

Michael Anthony Drab

on behalf of Debtor Sheridan Healthcare of Louisiana  Inc. mdrab@jw.com, kgradney@jw.com

Michael Anthony Drab

on behalf of Debtor Sheridan Emergency Physician Services of North Missouri  Inc. mdrab@jw.com, kgradney@jw.com

Michael Anthony Drab

on behalf of Debtor Sheridan Children's Healthcare Services of Ohio  Inc. mdrab@jw.com, kgradney@jw.com

Michael Anthony Drab

on behalf of Debtor Sheridan Emergency Physician Services of Missouri  Inc. mdrab@jw.com, kgradney@jw.com

Michael Anthony Drab

on behalf of Debtor Sheridan Children's Healthcare Services  Inc. mdrab@jw.com, kgradney@jw.com

Michael Anthony Drab

on behalf of Debtor Sheridan Children's Healthcare Services of Virginia  Inc. mdrab@jw.com, kgradney@jw.com

Michael Anthony Drab

on behalf of Debtor Sheridan Children's Services of Alabama  Inc. mdrab@jw.com, kgradney@jw.com

Michael Anthony Drab

on behalf of Debtor Sheridan Emergency Physician Services of South Florida  Inc. mdrab@jw.com, kgradney@jw.com

Michael Anthony Drab

on behalf of Debtor Sheridan Emergency Physician Services  Inc. mdrab@jw.com, kgradney@jw.com

Nicole Greenblatt

on behalf of Debtor Envision Healthcare Corporation ngreenblatt@kirkland.com

Paul E Heath

on behalf of Creditor Ad Hoc Group of First Lien AmSurg Lenders pheath@velaw.com

Philip M. Guffy

on behalf of Creditor Citibank  N.A. pguffy@huntonak.com

Rebecca Blake Chaikin

on behalf of Debtor Acute Management  LLC rchaikin@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Rebecca Blake Chaikin

on behalf of Debtor Envision Healthcare Corporation rchaikin@jw.com
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Rebecca Blake Chaikin

on behalf of Debtor AmSurg  LLC rchaikin@jw.com, kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Robert Bernard Bruner

on behalf of Creditor Funds and Accounts Managed by Kohlberg Kravis Roberts & Co. L.P. bob.bruner@nortonrosefulbright.com

Timothy Alvin Davidson, II

on behalf of Creditor Citibank  N.A. taddavidson@andrewskurth.com

Todd C Meyers

on behalf of Interested Party Ankura Trust Company  LLC, in its capacity as Envision Term Loan Facility Agent tmeyers@kilpatricktownsend.com,
kmoynihan@kilpatricktownsend.com;gfinizio@kilpatricktownsend.com;jborey@kilpatricktownsend.com

US Trustee

USTPRegion07.HU.ECF@USDOJ.GOV

Veronica Ann Polnick

on behalf of Debtor Evolution Mobile Imaging  LLC vpolnick@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Veronica Ann Polnick

on behalf of Debtor Envision Physician Services  LLC vpolnick@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Veronica Ann Polnick

on behalf of Debtor Enterprise Parent Holdings  Inc. vpolnick@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Veronica Ann Polnick

on behalf of Debtor Envision Anesthesia Services of Sierra Vista  Inc. vpolnick@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Veronica Ann Polnick

on behalf of Debtor Flamingo Anesthesia Associates  Inc. vpolnick@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Veronica Ann Polnick

on behalf of Debtor FMO Healthcare Holdings  LLC vpolnick@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Veronica Ann Polnick

on behalf of Debtor FO Investments II  Inc. vpolnick@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Veronica Ann Polnick

on behalf of Debtor Envision Healthcare Clinical Research  Inc. vpolnick@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Veronica Ann Polnick

on behalf of Debtor Envision Children's Healthcare Services of North Mississippi  Inc. vpolnick@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Veronica Ann Polnick

on behalf of Debtor Envision Healthcare Scientific Intelligence  Inc. vpolnick@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Veronica Ann Polnick

on behalf of Debtor EMSC ServicesCo  LLC vpolnick@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Veronica Ann Polnick

on behalf of Debtor Envision Anesthesia Services of Delaware  Inc. vpolnick@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Veronica Ann Polnick

on behalf of Debtor FM Healthcare Services  Inc. vpolnick@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Vienna Flores Anaya

on behalf of Debtor Anesthesiology Associates of Tallahassee  Inc. vanaya@jw.com,
kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;jpupo@jw.com;dtrevino@jw.com;azuniga@jw.com;steso@jw.com

Vienna Flores Anaya

on behalf of Debtor Anesthesiologists of Greater Orlando  Inc. vanaya@jw.com,
kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;jpupo@jw.com;dtrevino@jw.com;azuniga@jw.com;steso@jw.com

Vienna Flores Anaya

on behalf of Debtor AmSurg Torrance  Inc. vanaya@jw.com,
kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;jpupo@jw.com;dtrevino@jw.com;azuniga@jw.com;steso@jw.com

Vienna Flores Anaya

on behalf of Debtor Bethesda Anesthesia Associates  Inc. vanaya@jw.com,
kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;jpupo@jw.com;dtrevino@jw.com;azuniga@jw.com;steso@jw.com

Vienna Flores Anaya

on behalf of Debtor ASDH II  LLC vanaya@jw.com,
kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;jpupo@jw.com;dtrevino@jw.com;azuniga@jw.com;steso@jw.com

Vienna Flores Anaya

on behalf of Debtor Arizona Perinatal Care Centers  LLC vanaya@jw.com,
kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;jpupo@jw.com;dtrevino@jw.com;azuniga@jw.com;steso@jw.com

Vienna Flores Anaya

on behalf of Debtor Bay Area Anesthesia  L.L.C. vanaya@jw.com,
kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;jpupo@jw.com;dtrevino@jw.com;azuniga@jw.com;steso@jw.com

Vienna Flores Anaya

on behalf of Debtor Envision Healthcare Corporation vanaya@jw.com
kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;jpupo@jw.com;dtrevino@jw.com;azuniga@jw.com;steso@jw.com

Vienna Flores Anaya

on behalf of Debtor Austin NSC  LLC vanaya@jw.com,
kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;jpupo@jw.com;dtrevino@jw.com;azuniga@jw.com;steso@jw.com

Vienna Flores Anaya

on behalf of Debtor AmSurg San Luis Obispo CA  Inc. vanaya@jw.com,
kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;jpupo@jw.com;dtrevino@jw.com;azuniga@jw.com;steso@jw.com

Vienna Flores Anaya

on behalf of Debtor ASDH I  LLC vanaya@jw.com,
kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;jpupo@jw.com;dtrevino@jw.com;azuniga@jw.com;steso@jw.com

Vienna Flores Anaya

on behalf of Debtor Austin NSC  LP vanaya@jw.com,
kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;jpupo@jw.com;dtrevino@jw.com;azuniga@jw.com;steso@jw.com

Vienna Flores Anaya

on behalf of Debtor AmSurg Temecula II  Inc. vanaya@jw.com,
kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;jpupo@jw.com;dtrevino@jw.com;azuniga@jw.com;steso@jw.com

District/off: 0541-4                          User: ADIuser                          Page 11 of 11
Date Rcvd: May 15, 2023                    Form ID: pdf002                      Total Noticed: 23

Vienna Flores Anaya
　　　　　　on behalf of Debtor APH Laboratory Services  Inc. vanaya@jw.com,
　　　　　　kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;jpupo@jw.com;dtrevino@jw.com;azuniga@jw.com;steso@jw.com

Vienna Flores Anaya
　　　　　　on behalf of Debtor BestPractices  Inc. vanaya@jw.com,
　　　　　　kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;jpupo@jw.com;dtrevino@jw.com;azuniga@jw.com;steso@jw.com

Vienna Flores Anaya
　　　　　　on behalf of Debtor Apex Acquisition LLC vanaya@jw.com
　　　　　　kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;jpupo@jw.com;dtrevino@jw.com;azuniga@jw.com;steso@jw.com

TOTAL: 199