United States Bankruptcy Court
Southern District of Texas

**ENTERED**

May 15, 2023

Nathan Ochsner, Clerk

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENVISION HEALTHCARE CORPORATION, *et al.*,[1] | ) | Case No. 23-90342 (CML) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Re:  Docket No. 10** |

**ORDER APPROVING
NOTIFICATION AND HEARING PROCEDURES
FOR CERTAIN TRANSFERS OF AND DECLARATIONS
OF WORTHLESSNESS WITH RESPECT TO COMMON STOCK**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"):  (a) approving the Procedures related to transfers of Beneficial Ownership of, and declarations of worthlessness with respect to, Common Stock; (b) directing that any purchase, sale, other transfer of, or declaration of worthlessness with respect to, Beneficial Ownership of Common Stock in violation of the Procedures shall be null and void *ab initio*; and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declarations; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court

---

[1]    A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/Envision.   The Debtors' service address is 1A Burton Hills Boulevard, Nashville, Tennessee 37215.

[2]    Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Procedures, as set forth in **Exhibit 1** attached hereto, are hereby approved; *provided*, *however*, that any party in interest may file a motion and seek emergency relief from the Procedures based upon a showing of sufficient cause; *provided* that the Debtors' and the other Notice Parties' rights to oppose such relief are fully reserved and preserved.

2.      Any transfer of or declaration of worthlessness with respect to Beneficial Ownership of Common Stock in violation of the Procedures, including but not limited to the notice requirements, shall be null and void *ab initio*.

3.      In the case of any such transfer of Beneficial Ownership of Common Stock in violation of the Procedures, including but not limited to the notice requirements, the person or entity making such transfer shall be required to take remedial actions specified by the Debtors, which may include the actions specified in Private Letter Ruling 201010009 (Dec. 4, 2009), to appropriately reflect that such transfer is null and void *ab initio*.

4.     In the case of any such declaration of worthlessness with respect to Beneficial Ownership of Common Stock in violation of the Procedures, including the notice requirements, the person or entity making such declaration shall be required to file an amended tax return revoking such declaration and any related deduction to appropriately reflect that such declaration is void *ab initio*.

5.     The Debtors are authorized to retroactively or prospectively waive any and all restrictions, stays, and notification procedures set forth in the Procedures.

6.     The Debtors shall post the Procedures to the website established by Kroll Restructuring Administration LLC ("Kroll") for these chapter 11 cases (https://restructuring.ra.kroll.com/Envision), such notice being reasonably calculated to provide notice to all parties that may be affected by the Procedures, whether known or unknown.

7.     To the extent that this Order is inconsistent with any prior order or pleading with respect to the Motion in these chapter 11 cases, the terms of this Order shall govern.

8.     Nothing herein shall preclude any person desirous of acquiring Common Stock from requesting relief from this Order from this Court, subject to the Debtors' and the other Notice Parties' rights to oppose such relief.

9.     The requirements set forth in this Order are in addition to the requirements of applicable law and do not excuse compliance therewith.

10.     Nothing contained in the Motion or this Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Order), is intended as or shall be construed or deemed to be:  (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute

any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

11.     Notice of the Motion satisfies the requirements of the Bankruptcy Rules and the Bankruptcy Local Rules are satisfied by such notice.

12.     The Debtors are authorized to take all reasonable actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

13.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed:  May 15, 2023

_____
Christopher Lopez
United States Bankruptcy Judge

**Exhibit 1**

**Procedures for Transfers of and Declarations of
Worthlessness with Respect to Beneficial Ownership of Common Stock**

### PROCEDURES FOR TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO COMMON STOCK

The following procedures apply to transfers of Common Stock:[1]

a.  Any entity (as defined in section 101(15) of the Bankruptcy Code) that is a Substantial Shareholder (as defined herein) must file with the Court, and serve upon: Envision Healthcare Corporation, 1A Burton Hills Boulevard, Nashville, Tennessee 37215, Attn.: Matthew Musso (mmuso@envisionhealth.com); (ii) proposed co-counsel to the Debtors, (A) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Joshua A. Sussberg, P.C. (jsussberg@kirkland.com), Nicole L. Greenblatt, P.C. (ngreenblatt@kirkland.com), and Anne G. Wallice (anne.wallice@kirkland.com), and Kirkland & Ellis LLP, 300 North LaSalle Street, Chicago, Illinois 60654, Attn.: John R. Luze (john.luze@kirkland.com) and Annie L. Dreisbach (annie.dreisbach@kirkland.com), and (B) Jackson Walker LLP, 1401 McKinney Street, Suite 1900, Houston, Texas 77010, Attn.: Rebecca Blake Chaikin (rchaikin@jw.com), Vienna Anaya (vanaya@jw.com), and Javier Gonzalez (jgonzalez@jw.com); (iii) counsel to any statutory committee appointed in these cases (if any); (iv) counsel to the Envision Ad Hoc Group, Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, New York 10166, Attn.: Scott J. Greenberg (sgreenberg@gibsondunn.com), Jason Zachary Goldstein (jgoldstein@gibsondunn.com), Steven A. Domanowski (sdomanowski@gibsondunn.com); (v) counsel to the AmSurg 2L Group, Milbank LLP, 55 Hudson Yards, New York, New York 10001, Attn.: Dennis Dunne (ddunne@milbank.com), Samuel Khalil (skhalil@milbank.com), Michael Price (mprice@milbank.com); (vi) counsel to the Consenting Sponsors, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, New York 10019, Attn.: Brian S. Hermann (bhermann@paulweiss.com), Brian Bolin (bbolin@paulweiss.com), Jacob Adlerstein (jadlerstein@paulweiss.com); (vii) counsel to the ABL Agent, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017. Attn: Eli J. Vonnegut (eli.vonnegut@davispolk.com) and Gene S. Goldmintz (gene.goldmintz@davispolk.com); (viii) co-counsel to the ABL Agent, Hunton Andrews Kurth LLP, 600 Travis, Suite 4200, Houston, Texas 77002, Attn: Tad Davidson (taddavidson@huntonak.com) and Ashley Harper (ashleyharper@hutnoak.com); (ix) counsel to the RCF Agent, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, New York 10017, Attn.: Brian M. Resnick (brian.resnick@davispolk.com) and Michael Pera (michael.pera@davispolk.com), and (x) the U.S. Trustee for the Southern District of Texas, Office of the U.S. Trustee for the Southern District of Texas, 515 Rusk Street, Suite 3516, Houston, Texas 77002,

---

[1]  Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

Attn.:   Ha Nguyen   (Ha.Nguyen@usdoj.gov),   (collectively, the "Notice Parties"), a declaration of such status, substantially in the form attached to the Procedures as **Exhibit 1A** (each, a "Declaration of Status as a Substantial Shareholder"), on or before the later of (A) twenty calendar days after the date of the Notice of Order, or (B) ten calendar days after becoming a Substantial Shareholder; *provided* that, for the avoidance of doubt, the other procedures set forth herein shall apply to any Substantial Shareholder even if no Declaration of Status as a Substantial Shareholder has been filed.

b. Prior to effectuating any transfer of Beneficial Ownership of Common Stock that would result in an increase in the amount of Common Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity or individual becoming a Substantial Shareholder, the parties to such transaction must file with the Court, and serve upon the Notice Parties, an advance written declaration of the intended transfer of Common Stock, substantially in the form attached to the Procedures as **Exhibit 1B** (each, a "Declaration of Intent to Accumulate Common Stock").

c. Prior to effectuating any transfer of Beneficial Ownership of Common Stock that would result in a decrease in the amount of Common Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity or individual ceasing to be a Substantial Shareholder, the parties to such transaction must file with the Court, and serve upon the Notice Parties, an advance written declaration of the intended transfer of Common Stock, substantially in the form attached to the Procedures as **Exhibit 1C** (each, a "Declaration of Intent to Transfer Common Stock," and together with a Declaration of Intent to Accumulate Common Stock, each, a "Declaration of Proposed Transfer").

d. The Debtors and the other Notice Parties shall have twenty calendar days after receipt of a Declaration of Proposed Transfer to file with the Court and serve on such Substantial Shareholder or potential Substantial Shareholder an objection to any proposed transfer of Beneficial Ownership of Common Stock, as applicable, described in the Declaration of Proposed Transfer on the grounds that such transfer might adversely affect the Debtors' ability to utilize their Tax Attributes.  If the Debtors or any of the other Notice Parties file an objection, such transaction will remain ineffective unless such objection is withdrawn, or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors and the other Notice Parties do not object within such twenty-day period, such transaction can proceed solely as set forth in the Declaration of Proposed Transfer.   Further transactions within the scope of this paragraph must be the subject of additional notices in accordance with the procedures set forth herein, with an additional twenty-day waiting period for each Declaration of Proposed Transfer.  To the extent that the Debtors receive an appropriate Declaration of Proposed Transfer and determine in their business judgment not to object,

2

they shall provide notice of that decision as soon as is reasonably practicable to any statutory committee(s) appointed in these chapter 11 cases.

e.  For purposes of these Procedures (including, for the avoidance of doubt, with respect to both transfers and declarations of worthlessness): (i) a "Substantial Shareholder" is any entity or individual person that has Beneficial Ownership of at least: (A) 14,753,767 shares of Common Stock (representing approximately 4.5 percent of all issued and outstanding shares of Common Stock); and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of section 382 of the IRC, and the Treasury Regulations promulgated thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (e.g., (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire). An "<u>Option</u>" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

The following procedures apply for declarations of worthlessness of Common Stock:

a.  Any person or entity that currently is or becomes a 50-Percent Shareholder[2] must file with the Court and serve upon the Notice Parties a declaration of such status, substantially in the form attached to the Procedures as **<u>Exhibit 1D</u>** (each, a "<u>Declaration of Status as a 50-Percent Shareholder</u>"), on or before the later of (i) twenty calendar days after the date of the Notice of Order and (ii) ten calendar days after becoming a 50-Percent Shareholder; *provided* that, for the avoidance of doubt, the other procedures set forth herein shall apply to any 50-Percent Shareholder even if no Declaration of Status as a 50-Percent Shareholder has been filed.

b.  Prior to filing any federal or state tax return, or any amendment to such a return, or taking any other action that claims any deduction for worthlessness of Beneficial Ownership of Common Stock for a taxable year ending before the Debtors' emergence from chapter 11 protection, such 50-Percent

---

[2]  For purposes of the Procedures, a "<u>50-Percent Shareholder</u>" is any person or entity that, at any time since December 31, 2019, has owned Beneficial Ownership of 50 percent or more of the Common Stock (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder).

Shareholder must file with the Court and serve upon the Notice Parties a declaration of intent to claim a worthless stock deduction (a "<u>Declaration of Intent to Claim a Worthless Stock Deduction</u>"), substantially in the form attached to the Procedures as **Exhibit 1E**.

    i.  The Debtors and the other Notice Parties shall have twenty calendar days after receipt of a Declaration of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50-Percent Shareholder an objection to any proposed claim of worthlessness described in the Declaration of Intent to Claim a Worthless Stock Deduction on the grounds that such claim might adversely affect the Debtors' ability to utilize their Tax Attributes.

    ii.  If the Debtors or the other Notice Parties timely object, the filing of the tax return or amendment thereto with such claim will not be permitted unless approved by a final and non-appealable order of the Court, unless such objection is withdrawn.

    iii.  If the Debtors and the other Notice Parties do not object within such twenty-day period, the filing of the return or amendment with such claim will be permitted solely as described in the Declaration of Intent to Claim a Worthless Stock Deduction.  Additional returns and amendments within the scope of this section must be the subject of additional notices as set forth herein, with an additional twenty-day waiting period.  To the extent that the Debtors receive an appropriate Declaration of Intent to Claim a Worthless Stock Deduction and determine in their business judgment not to object, they shall provide notice of that decision as soon as is reasonably practicable to any statutory committee(s) appointed in these chapter 11 cases.

<h3 style="text-align:center"><u>NOTICE PROCEDURES</u></h3>

The following notice procedures apply to these Procedures:

    a.  No later than three business days following entry of the Order, the Debtors shall serve a notice by first class or overnight mail, postage prepaid, substantially in the form attached to the Procedures as **Exhibit 1F** (the "<u>Notice of Order</u>"), on:  (i) the U.S. Trustee for the Southern District of Texas; (ii) the entities listed on the consolidated list of creditors holding the 30 largest unsecured claims; (iii) the U.S. Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) any official committees appointed in these chapter 11 cases; (vi) the Notice Parties; and (vii) other than Individual Holders, all registered and nominee holders of Common Stock (with instructions to serve down to the beneficial holders (other than Individual Holders) of Common Stock, as applicable).

b.    All registered and nominee holders of Common Stock shall be required to serve the Notice of Order on any holder for whose benefit such registered or nominee holder holds such Common Stock, down the chain of ownership for all such holders of Common Stock.

c.    Any entity or individual, or broker or agent acting on such entity's or individual's behalf who sells Common Stock to another entity or individual, shall be required to serve a copy of the Notice of Order on such purchaser of such Common Stock, or any broker or agent acting on such purchaser's behalf.

d.    To the extent confidential information is required in any declaration described in the Procedures, such confidential information may be filed and served in redacted form; *provided*, *however*, that any such declarations served on the Debtors ***shall not*** be in redacted form.  The Debtors shall keep all information provided in such declarations strictly confidential and shall not disclose the contents thereof to any person except:  (i) to the extent necessary to respond to a petition or objection filed with the Court; (ii) to the extent otherwise required by law; or (iii) to the extent that the information contained therein is already public; *provided*, *however*, that the Debtors may disclose the contents thereof to their professional advisors, who shall keep all such notices strictly confidential and shall not disclose the contents thereof to any other person, subject to further Court order.  To the extent confidential information is necessary to respond to a petitioner objection filed with the Court, such confidential information shall be filed under seal or in a redacted form.

**<u>Exhibit 1A</u>**

**Declaration of Status as a Substantial Shareholder**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENVISION HEALTHCARE CORPORATION, *et al.*,[1] | ) ) | Case No. 23-90342 (CML) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |
| | ) | **Re: Docket No. __** |

**DECLARATION OF STATUS AS A SUBSTANTIAL SHAREHOLDER[2]**

**PLEASE TAKE NOTICE** that the undersigned party is/has become a Substantial Shareholder with respect to the existing classes of common stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of common stock, collectively, the "Common Stock") of Enterprise Parent Holdings, Inc. Enterprise Parent Holdings, Inc. is a debtor and debtor in possession in Case No. 23-90342 pending in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

---

[1] A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/Envision. The Debtors' service address is 1A Burton Hills Boulevard, Nashville, Tennessee 37215.

[2] For purposes of these Procedures: (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least: (A) 14,753,767 shares of Common Stock (representing approximately 4.5 percent of issued and outstanding shares of Common Stock); and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire). An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that, as of _____ __, 2023, the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock. The following table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership of such Common Stock:

| Number of Shares | Date Acquired |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |

(Attach additional page or pages if necessary)

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Order Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock* [Docket No. ____] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Order).

**PLEASE TAKE FURTHER NOTICE** that, at the election of the Substantial Shareholder, the Declaration to be filed with this Court (but not the Declaration that is served upon the Notice Parties) may be redacted to exclude the Substantial Shareholder's taxpayer

identification number and the amount of Common Stock that the Substantial Shareholder beneficially owns.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Substantial Shareholder)

By:

_____

Name: _____

Address: _____

_____

Telephone: _____

Facsimile: _____

Dated: _____ __, 20__

_____, _____

    (City)       (State)

**<u>Exhibit 1B</u>**

**Declaration of Intent to Accumulate Common Stock**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENVISION HEALTHCARE CORPORATION, *et al.*,[1] | ) | Case No. 23-90342 (CML) |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |
|  | ) | **Re: Docket No. __** |

**DECLARATION OF INTENT TO ACCUMULATE COMMON STOCK[2]**

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to purchase, acquire, or otherwise accumulate (the "Proposed Transfer") one or more shares of the existing classes of common stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of common stock, collectively, the "Common Stock") of Enterprise Parent Holdings, Inc. Enterprise Parent Holdings, Inc. is a debtor and debtor in

---

[1] A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/Envision. The Debtors' service address is 1A Burton Hills Boulevard, Nashville, Tennessee 37215.

[2] For purposes of these Procedures: (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least: (A) 14,753,767 shares of Common Stock (representing approximately 4.5 percent of issued and outstanding shares of Common Stock); and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (e.g., (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire). An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

possession in Case No. 23-90342 pending in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

      **PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____ __, 2023, the undersigned party filed a Declaration of Status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

      **PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, the undersigned party proposes to purchase, acquire, or otherwise accumulate Beneficial Ownership of _____ shares of Common Stock or an Option with respect to _____ shares of Common Stock.  If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of _____ shares of Common Stock.

      **PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Order Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock* [Docket No. ___] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Order).

      **PLEASE TAKE FURTHER NOTICE** that, at the election of the undersigned party, the Declaration to be filed with this Court (but not the Declaration that is served upon the Notice Parties) may be redacted to exclude the undersigned party's taxpayer identification number and the amount of Common Stock that the undersigned party beneficially owns.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Debtors and the other Notice Parties have twenty calendar days after receipt of this Declaration to object to the Proposed Transfer described herein.  If the Debtors or any of the other Notice Parties file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors and the other Notice Parties do not object within such twenty-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring, or otherwise accumulating Beneficial Ownership of additional shares of Common Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:

_____

Name:  _____

Address:  _____

_____

Telephone:  _____

Facsimile:  _____

Dated: _____ __, 20__

_____, _____

     (City)      (State)

4

## Exhibit 1C

**Declaration of Intent to Transfer Common Stock**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENVISION HEALTHCARE CORPORATION, *et al.*,[1] | ) | Case No. 23-90342 (CML) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |
| | ) | **Re: Docket No. __** |

**DECLARATION OF INTENT TO TRANSFER COMMON STOCK[2]**

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its intention to sell, trade, or otherwise transfer (the "Proposed Transfer") one or more shares of the existing classes of common stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of common stock, collectively, the "Common Stock") of Enterprise Parent Holdings, Inc. Enterprise Parent Holdings Inc. is a debtor and debtor in possession in

---

[1]   A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/Envision. The Debtors' service address is 1A Burton Hills Boulevard, Nashville, Tennessee 37215.

[2]   For purposes of these Procedures: (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least: (A) 14,753,767 shares of Common Stock (representing approximately 4.5 percent of issued and outstanding shares of Common Stock); and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (e.g., (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option to acquire). An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

Case No. 23-90342 pending in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

      **PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____ __, 2023, the undersigned party filed a Declaration of Status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

      **PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to the Proposed Transfer, the undersigned party proposes to sell, trade, or otherwise transfer Beneficial Ownership of _____ shares of Common Stock or an Option with respect to _____ shares of Common Stock. If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of_____ shares of Common Stock after such transfer becomes effective.

      **PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Order Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock* [Docket No. ___] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Order).

      **PLEASE TAKE FURTHER NOTICE** that, at the election of the undersigned party, the Declaration to be filed with this Court (but not the Declaration that is served upon the Notice Parties) may be redacted to exclude the undersigned party's taxpayer identification number and the amount of Common Stock that the undersigned party beneficially owns.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the Debtors and the other Notice Parties have twenty calendar days after receipt of this Declaration to object to the Proposed Transfer described herein.  If the Debtors or any of the other Notice Parties file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors and the other Notice Parties do not object within such twenty-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further transactions contemplated by the undersigned party that may result in the undersigned party selling, trading, or otherwise transferring Beneficial Ownership of additional shares of Common Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:
_____
Name: _____
Address: _____
_____
Telephone: _____
Facsimile: _____

Dated: _____ __, 20__
_____, _____
     (City)     (State)

4

**<u>Exhibit 1D</u>**

**Declaration of Status as a 50-Percent Shareholder**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ENVISION HEALTHCARE CORPORATION, *et al.*,[1] | ) | Case No. 23-90342 (CML) |
|  | ) |  |
| Debtors. | ) | (Joint Administration Requested) |
|  | ) |  |
|  | ) | **Re:  Docket No. __** |

**DECLARATION OF STATUS AS A 50-PERCENT SHAREHOLDER**

**PLEASE TAKE NOTICE** that the undersigned party is/has become a 50-Percent Shareholder[2] with respect to one or more shares of the existing classes of common stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of common stock, collectively, the "Common Stock") of Enterprise Parent Holdings Inc.  Enterprise Parent Holdings Inc. is a debtor and debtor in possession in Case No. 23-90342 (CML) pending in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

---

[1]   A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/Envision.   The Debtors' service address is 1A Burton Hills Boulevard, Nashville, Tennessee 37215.

[2]   For purposes of this Declaration: (i) a "50-Percent Shareholder" is any person or entity that, at any time since December 31, 2019, has owned Beneficial Ownership of 50 percent or more of the Common Stock (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder); (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); and (iii) an "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

**PLEASE TAKE FURTHER NOTICE** that, as of _____ __, 2023, the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.  The following table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership of such Common Stock:

| Number of Shares | Date Acquired |
|------------------|---------------|
|                  |               |
|                  |               |
|                  |               |
|                  |               |
|                  |               |

(Attach additional page or pages if necessary)

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Order Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock* [Docket No. ___] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Order).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of 50-Percent Shareholder)

By:

_____

Name: _____

Address: _____

_____

Telephone: _____

Facsimile: _____

Dated: _____ \_\_, 20\_\_

_____, _____

(City)        (State)

3

## Exhibit 1E

**Declaration of Intent to Claim a Worthless Stock Deduction**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ENVISION HEALTHCARE CORPORATION, | ) | Case No. 23-90342 (CML) |
| *et al.*,[1] | ) | |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |
| | ) | **Re:  Docket No. __** |

### DECLARATION OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION[2]

**PLEASE TAKE NOTICE** that the undersigned party hereby provides notice of its

intention to claim a worthless stock deduction (the "<u>Worthless Stock Deduction</u>") with respect to

one or more shares of the existing classes of common stock or any Beneficial Ownership therein

(any such record or Beneficial Ownership of common stock, collectively, the "<u>Common Stock</u>")

of Enterprise Parent Holdings, Inc.  Enterprise Parent Holdings, Inc. is a debtor and debtor in

---

[1]  A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at <u>https://restructuring.ra.kroll.com/Envision</u>.   The Debtors' service address is 1A Burton Hills Boulevard, Nashville, Tennessee 37215.

[2]  For purposes of this Declaration:  (i) a "<u>50-Percent Shareholder</u>" is any person or entity that, at any time since December 31, 2019, has had Beneficial Ownership of 50 percent or more of the Common Stock (determined in accordance with IRC § 382(g)(4)(D) and the applicable Treasury Regulations); (ii) "<u>Beneficial Ownership</u>" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C.  §§ 1–9834 as amended (the "<u>IRC</u>"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (e.g., (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire); and (iii) an "<u>Option</u>" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

possession in Case No. 23-90342 pending in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

**PLEASE TAKE FURTHER NOTICE** that, if applicable, on _____ __, 2023, the undersigned party filed a Declaration of Status as a 50-Percent Shareholder with the Court and served copies thereof as set forth therein.

**PLEASE TAKE FURTHER NOTICE** that the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Worthless Stock Deduction, the undersigned party proposes to declare that _____ shares of Common Stock became worthless during the tax year ending _____.

**PLEASE TAKE FURTHER NOTICE** that the last four digits of the taxpayer identification number of the undersigned party are _____.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to that certain *Order Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock* [Docket No. ___] (the "Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Order).

**PLEASE TAKE FURTHER NOTICE** that, at the election of the undersigned party, the Declaration to be filed with this Court (but not the Declaration that is served upon the Notice Parties) may be redacted to exclude the undersigned party's taxpayer identification number and the amount of Common Stock that the undersigned party beneficially owns.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the undersigned party acknowledges that the Debtors and the other Notice Parties have twenty calendar days after receipt

of this Declaration to object to the Worthless Stock Deduction described herein.  If the Debtors or any of the other Notice parties file an objection, such Worthless Stock Deduction will not be effective unless such objection is withdrawn or such action is approved by a final and non-appealable order of the Court.  If the Debtors and the other Notice Parties do not object within such twenty-day period, then after expiration of such period the Worthless Stock Deduction may proceed solely as set forth in this Declaration.

**PLEASE TAKE FURTHER NOTICE** that any further claims of worthlessness contemplated by the undersigned party will each require an additional notice filed with the Court to be served in the same manner as this Declaration and are subject to an additional twenty-day waiting period.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:
_____
Name: _____
Address: _____
_____
Telephone: _____
Facsimile: _____

Dated: _____ __, 20__
_____, _____
(City)            (State)

3

**<u>Exhibit 1F</u>**

**Notice of Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| ENVISION HEALTHCARE CORPORATION, *et al.*,[1] | ) | Case No. 23-90342 (CML) |
| | ) | |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |
| | ) | **Re: Docket No. __** |

**NOTICE OF ORDER
APPROVING NOTIFICATION
AND HEARING PROCEDURES FOR CERTAIN
CERTAIN TRANSFERS OF AND DECLARATIONS OF
WORTHLESSNESS WITH RESPECT TO COMMON STOCK**

**TO: ALL ENTITIES (AS DEFINED BY SECTION 101(15) OF THE BANKRUPTCY CODE) THAT MAY HOLD BENEFICIAL OWNERSHIP OF THE EXISTING CLASSES OF COMMON STOCK (THE "COMMON STOCK"), OF ENTERPRISE PARENT HOLDINGS, INC.:**

**PLEASE TAKE NOTICE** that on May 15, 2023 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors"), filed petitions with the United States Bankruptcy Court for the Southern District of Texas (the "Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"). Subject to certain exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession of property of or from the Debtors' estates or to exercise control over property of or from the Debtors' estates.

---

[1] A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' proposed claims and noticing agent at https://restructuring.ra.kroll.com/Envision. The Debtors' service address is 1A Burton Hills Boulevard, Nashville, Tennessee 37215.

**PLEASE TAKE FURTHER NOTICE** that on the Petition Date, the Debtors filed the *Debtors' Emergency Motion for Entry of an Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. __] (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that on [_____], 2023, the Court entered the *Order Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock* [Docket No. __] (the "Order") approving procedures for certain transfers of and declarations of worthlessness with respect to Common Stock set forth in **Exhibit 1** attached to the Order (the "Procedures").[2]

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, a Substantial Shareholder may not consummate any purchase, sale, or other transfer of Common Stock or Beneficial Ownership of Common Stock in violation of the Procedures, and any such transaction in violation of the Procedures shall be null and void *ab initio*.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, the Procedures shall apply to the holding and transfers of Common Stock or any Beneficial Ownership therein by a Substantial Shareholder or someone who may become a Substantial Shareholder.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Order, a 50-Percent Shareholder may not claim a worthless stock deduction with respect to Common Stock, or Beneficial Ownership of Common Stock, in violation of the Procedures, and any such deduction in violation of the Procedures shall be null and void *ab initio*, and the 50-Percent Shareholder shall be required to file an amended tax return revoking such proposed deduction.

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings given to them in the Order or the Motion, as applicable.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, upon the request of any entity, the proposed notice, claims, and solicitation agent for the Debtors, Kroll, will provide a copy of the Order and a form of each of the declarations required to be filed by the Procedures in a reasonable period of time.  Such declarations are also available via PACER on the Court's website at https://ecf.txsb.uscourts.gov/ for a fee, or free of charge by accessing the Debtors' restructuring website at https://restructuring.ra.kroll.com/Envision.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Order, failure to follow the procedures set forth in the Order shall constitute a violation of, among other things, the automatic stay provisions of section 362 of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that nothing in the Order shall preclude any person desirous of acquiring any Common Stock from requesting relief from the Order from this Court, subject to the Debtors' and the other Notice Parties' rights to oppose such relief.

**PLEASE TAKE FURTHER NOTICE** that other than to the extent that the Order expressly conditions or restricts trading in Common Stock, nothing in the Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any holders of Common Stock, including in connection with the treatment of any such stock under any chapter 11 plan or any applicable bankruptcy court order.

**PLEASE TAKE FURTHER NOTICE** that any prohibited purchase, sale, other transfer of, or declaration of worthlessness with respect to Common Stock, beneficial ownership thereof, or option with respect thereto in violation of the Order is prohibited and shall be null and void *ab initio* and may be subject to additional sanctions as this court may determine**.**

**PLEASE TAKE FURTHER NOTICE** that the requirements set forth in the Order are in addition to the requirements of applicable law and do not excuse compliance therewith.

3

Houston, Texas
May 15, 2023

/s/ Rebecca Blake Chaikin
**JACKSON WALKER LLP**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Rebecca Blake Chaikin (TX Bar No. 24133055)
Vienna Anaya (TX Bar No. 24091225)
Javier Gonzalez (TX Bar No. 24119697)
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone:   (713) 752-4200
Facsimile:      (713) 752-4221
Email:            rchaikin@jw.com
                     vanaya@jw.com
                     jgonzalez@jw.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Nicole L. Greenblatt, P.C. (*pro hac vice* pending)
Anne G. Wallice (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022
Telephone:        (212) 446-4800
Facsimile:         (212) 446-4900
Email:             esassower@kirkland.com
                    jsussberg@kirkland.com
                    ngreenblatt@kirkland.com
                    anne.wallice@kirkland.com

- and -

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
John R. Luze (*pro hac vice* pending)
Annie L. Dreisbach (*pro hac vice* pending)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:        (312) 862-2000
Facsimile:         (312) 862-2200
Email:             john.luze@kirkland.com
                    annie.dreisbach@kirkland.com

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*

United States Bankruptcy Court
Southern District of Texas

In re:                                         Case No. 23-90342-cml

Envision Healthcare Corporation                          Chapter 11
       Debtor

# CERTIFICATE OF NOTICE

| District/off: 0541-4 | User: ADIuser | Page 1 of 11 |
|---|---|---|
| Date Rcvd: May 16, 2023 | Form ID: pdf002 | Total Noticed: 23 |

The following symbols are used throughout this certificate:

**Symbol**       **Definition**

\+            Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 18, 2023:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | | Envision Healthcare Corporation, 1A Burton Hills Boulevard, Nashville, TN 37215-6187 |
| aty | + | Angela K. Herring, Wachtell, Lipton, Rosen & Katz, 51 West 52nd St, New York, NY 10019-6150 |
| aty | + | Anne G. Wallice, Kirland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022-4643 |
| aty | + | Anne I. Salomon, 300 North LaSalle St, Chicago, IL 60654, UNITED STATES 60654-3406 |
| aty | + | Annie Dreisbach, Kirkland & Ellis LLP, 300 North LaSalle St, Chicago, IL 60654, UNITED STATES 60654-5412 |
| aty | + | C. Lee Wilson, 200 Park Avenue, New York, NY 10166-0005 |
| aty | + | Casey James McGushin, Kirkland & Ellis LLP, 300 N. LaSalle, Chicago, IL 60654-5412 |
| aty | + | David M. Feldman, Gibson Dunn & Crutcher, 200 Park Avenue, New York, NY 10166-4799 |
| aty | + | Eli J. Vonnegut, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017-3982 |
| aty | + | Gene S. Goldmintz, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017-3982 |
| aty | | Gianfranco Finizio, Kilpatrick Townsend & Stockton LLP, 1114 Avenue of the Americas, NYC, NY 10036-7703 |
| aty | + | Jeffrey R. Goldfine, Kirkland & Ellis LLP, 601 Lexington Ave., New York, NY 10022, UNITED STATES 10022-4643 |
| aty | + | John R. Luze, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, IL 60654-5412 |
| aty | + | Joshua A. Sussberg, Kirkland & Ellis LLP, 601 Lexington Avenue, New York, NY 10022-4643 |
| aty | + | Joshua Greenblatt, 601 Lexington Ave., New York, NY 10022, UNITED STATES 10022-4611 |
| aty | + | Margaret Reiney, Kirkland & Ellis LLP, 601 Lexington Ave., New York, NY 10022-4643 |
| aty | | Mary Beth Maloney, 200 Park Avenue, New York, NY 10166-0005 |
| aty | + | Michael Pera, Davis Polk & Wardwell LLP, 450 Lexington Avenue, New York, NY 10017-3982 |
| aty | + | Ruth Mulvihill, Kirkland & Ellis LLP, 300 North LaSalle St, Chicago, IL 60654, UNITED STATES 60654-5412 |
| aty | + | William Arnault, Kirkland & Ellis LLP, 300 North LaSalle, Chicago, IL 60654-5412 |
| cr | + | AHS Staffing, c/o Liz George and Associates, Attn: Lysbeth L. George, 8101 S. Walker, Suite F, Oklahoma City, OK 73139-9406 |
| cr | | Envision Ad Hoc Group, c/o Gibson, Dunn & Crutcher LLP, 200 Park Avenue, New York, NY 10166-0005 |

TOTAL: 22

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| op | + | Email/Text: EBN@primeclerk.com | | |
| | | | May 16 2023 20:22:00 | Kroll Restructuring Administration LLC, (f/k/a Prime Clerk LLC), 55 East 52nd Street, 17th Floor, New York, NY 10055-0002 |

TOTAL: 1

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| cr | | Ad Hoc Group of AmSurg Lenders |
| cr | | Ad Hoc Group of First Lien AmSurg Lenders |
| intp | | Ankura Trust Company, LLC, in its capacity as Envi |
| cr | | Citibank, N.A. |
| intp | | Credit Suisse AG, Cayman Islands Branch, as AmSurg |
| cr | | Funds and Accounts Managed by Kohlberg Kravis Robe |
| cr | | HCA-EMS Holdings, LLC |
| cr | | Thermo Fisher Scientific |

District/off: 0541-4                                    User: ADIuser                                         Page 2 of 11
Date Rcvd: May 16, 2023                           Form ID: pdf002                                    Total Noticed: 23
TOTAL: 8 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 18, 2023                        Signature:        /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 15, 2023 at the address(es) listed below:**

| Name | Email Address |
| --- | --- |
| Aaron James Power | on behalf of Interested Party Credit Suisse AG  Cayman Islands Branch, as AmSurg RCF Agent apower@porterhedges.com, egarfias@porterhedges.com;ysanders@porterhedges.com |
| Beau Butler | on behalf of Debtor Medical Information Management Solutions  LLC bbutler@jw.com, kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com |
| Beau Butler | on behalf of Debtor New Generations Babee Bag  Inc. bbutler@jw.com, kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com |
| Beau Butler | on behalf of Debtor Jupiter Healthcare  LLC bbutler@jw.com, kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com |
| Beau Butler | on behalf of Debtor MSO Newco  LLC bbutler@jw.com, kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com |
| Beau Butler | on behalf of Debtor Long Beach NSC  LLC bbutler@jw.com, kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com |
| Beau Butler | on behalf of Debtor NAC Properties  LLC bbutler@jw.com, kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com |
| Beau Butler | on behalf of Debtor North Florida Anesthesia Consultants  Inc. bbutler@jw.com, kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com |
| Beau Butler | on behalf of Debtor KMAC  Inc. bbutler@jw.com, kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com |
| Beau Butler | on behalf of Debtor Jupiter Anesthesia Associates  L.L.C. bbutler@jw.com, kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com |
| Beau Butler | on behalf of Debtor North Florida Perinatal Associates  Inc. bbutler@jw.com, kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com |
| Beau Butler | on behalf of Debtor Kenwood NSC  LLC bbutler@jw.com, kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com |
| Beau Butler | on behalf of Debtor MedAssociates  LLC bbutler@jw.com, kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com |
| Beau Butler | on behalf of Debtor Millennium Vision Surgical  LLC bbutler@jw.com, kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com |
| Beau Butler | on behalf of Debtor Medi-Bill of North Florida  Inc. bbutler@jw.com, |

kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

**Beverly Weiss Manne**

on behalf of Creditor Thermo Fisher Scientific bmanne@tuckerlaw.com

**Bruce J Ruzinsky**

on behalf of Debtor AmSurg Temecula CA  Inc. bruzinsky@jw.com, msalinas@jw.com;kgradney@jw.com;dtrevino@jw.com

**Bruce J Ruzinsky**

on behalf of Debtor AmSurg Physicians HoldCo  LLC bruzinsky@jw.com, msalinas@jw.com;kgradney@jw.com;dtrevino@jw.com

**Bruce J Ruzinsky**

on behalf of Debtor AmSurg Ocala  Inc. bruzinsky@jw.com, msalinas@jw.com;kgradney@jw.com;dtrevino@jw.com

**Bruce J Ruzinsky**

on behalf of Debtor AmSurg Northwest Florida  Inc. bruzinsky@jw.com, msalinas@jw.com;kgradney@jw.com;dtrevino@jw.com

**Bruce J Ruzinsky**

on behalf of Debtor AmSurg Palmetto  Inc. bruzinsky@jw.com, msalinas@jw.com;kgradney@jw.com;dtrevino@jw.com

**Bruce J Ruzinsky**

on behalf of Debtor AmSurg Scranton PA  Inc. bruzinsky@jw.com, msalinas@jw.com;kgradney@jw.com;dtrevino@jw.com

**Bruce J Ruzinsky**

on behalf of Debtor AmSurg Oakland CA  Inc. bruzinsky@jw.com, msalinas@jw.com;kgradney@jw.com;dtrevino@jw.com

**Bruce J Ruzinsky**

on behalf of Debtor AmSurg New Port Richey FL  Inc. bruzinsky@jw.com, msalinas@jw.com;kgradney@jw.com;dtrevino@jw.com

**Bruce J Ruzinsky**

on behalf of Debtor AmSurg Physicians Arizona  LLC bruzinsky@jw.com, msalinas@jw.com;kgradney@jw.com;dtrevino@jw.com

**Bruce J Ruzinsky**

on behalf of Debtor AmSurg Pottsville PA  LLC bruzinsky@jw.com, msalinas@jw.com;kgradney@jw.com;dtrevino@jw.com

**Bruce J Ruzinsky**

on behalf of Debtor AmSurg Naples  Inc. bruzinsky@jw.com, msalinas@jw.com;kgradney@jw.com;dtrevino@jw.com

**Bruce J Ruzinsky**

on behalf of Debtor AmSurg Suncoast  Inc. bruzinsky@jw.com, msalinas@jw.com;kgradney@jw.com;dtrevino@jw.com

**Bruce J Ruzinsky**

on behalf of Debtor AmSurg San Antonio TX  Inc. bruzinsky@jw.com, msalinas@jw.com;kgradney@jw.com;dtrevino@jw.com

**Christopher R. Bankler**

on behalf of Debtor Partners in Medical Billing  Inc. cbankler@jw.com, kgradney@jw.com

**Christopher R. Bankler**

on behalf of Debtor Provider Account Management  Inc. cbankler@jw.com, kgradney@jw.com

**Christopher R. Bankler**

on behalf of Debtor Practice Account Management Services  LLC cbankler@jw.com, kgradney@jw.com

**Christopher R. Bankler**

on behalf of Debtor Physician Office Partners  Inc. cbankler@jw.com, kgradney@jw.com

**Christopher R. Bankler**

on behalf of Debtor Phoenix Physicians  LLC cbankler@jw.com, kgradney@jw.com

**Christopher R. Bankler**

on behalf of Debtor Northwood Anesthesia Associates  L.L.C. cbankler@jw.com, kgradney@jw.com

**Christopher R. Bankler**

on behalf of Debtor NSC West Palm  LLC cbankler@jw.com, kgradney@jw.com

**Christopher R. Bankler**

on behalf of Debtor NSC Healthcare  Inc. cbankler@jw.com, kgradney@jw.com

**Christopher R. Bankler**

on behalf of Debtor NSC RBO East  LLC cbankler@jw.com, kgradney@jw.com

**Christopher R. Bankler**

on behalf of Debtor Pinnacle Consultants Mid-Atlantic  L.L.C. cbankler@jw.com, kgradney@jw.com

**Christopher R. Bankler**

on behalf of Debtor Physician Account Management  Inc. cbankler@jw.com, kgradney@jw.com

**Christopher R. Bankler**

on behalf of Debtor Proven Healthcare Solutions of New Jersey  LLC cbankler@jw.com, kgradney@jw.com

Christopher R. Bankler

on behalf of Debtor Phoenix Business Systems  LLC cbankler@jw.com, kgradney@jw.com

Christopher R. Bankler

on behalf of Debtor Parity Healthcare  Inc. cbankler@jw.com, kgradney@jw.com

Christopher Ross Travis

on behalf of U.S. Trustee US Trustee C.Ross.Travis@usdoj.gov

Emily Meraia

on behalf of Debtor AmSurg Maryville  Inc. emeraia@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Emily Meraia

on behalf of Debtor AmSurg La Jolla  Inc. emeraia@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Emily Meraia

on behalf of Debtor AmSurg Glendale  Inc. emeraia@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Emily Meraia

on behalf of Debtor AmSurg Holdings  LLC emeraia@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Emily Meraia

on behalf of Debtor AmSurg Glendora CA  Inc. emeraia@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Emily Meraia

on behalf of Debtor AmSurg Kissimmee FL  Inc. emeraia@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Emily Meraia

on behalf of Debtor AmSurg KEC  Inc. emeraia@jw.com, kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Emily Meraia

on behalf of Debtor AmSurg Holdco  LLC emeraia@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Emily Meraia

on behalf of Debtor AmSurg Hillmont  Inc. emeraia@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Emily Meraia

on behalf of Debtor AmSurg Lancaster PA  LLC emeraia@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Emily Meraia

on behalf of Debtor AmSurg Inglewood  Inc. emeraia@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Emily Meraia

on behalf of Debtor AmSurg Main Line PA  LLC emeraia@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Emily Meraia

on behalf of Debtor AmSurg Melbourne  Inc. emeraia@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Emily Meraia

on behalf of Debtor AmSurg Miami  Inc. emeraia@jw.com, kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Genevieve Marie Graham

on behalf of Debtor Discovery Clinical Research  Inc. ggraham@jw.com,
dtrevino@jw.com;kgradney@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Genevieve Marie Graham

on behalf of Debtor Coastal Anesthesiology Consultants  LLC ggraham@jw.com,
dtrevino@jw.com;kgradney@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Genevieve Marie Graham

on behalf of Debtor Clinical Partners Management Company  LLC ggraham@jw.com,
dtrevino@jw.com;kgradney@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Genevieve Marie Graham

on behalf of Debtor Doctors Billing Service  Inc. ggraham@jw.com,
dtrevino@jw.com;kgradney@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Genevieve Marie Graham

on behalf of Debtor Children's Anesthesia Associates  Inc. ggraham@jw.com,
dtrevino@jw.com;kgradney@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Genevieve Marie Graham

on behalf of Debtor Davis NSC  LLC ggraham@jw.com,
dtrevino@jw.com;kgradney@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Genevieve Marie Graham

on behalf of Debtor Coral Springs NSC  LLC ggraham@jw.com,
dtrevino@jw.com;kgradney@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Genevieve Marie Graham

on behalf of Debtor Centennial Emergency Physicians  LLC ggraham@jw.com,
dtrevino@jw.com;kgradney@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Genevieve Marie Graham

on behalf of Debtor Boca Anesthesia Service  Inc. ggraham@jw.com,
dtrevino@jw.com;kgradney@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Genevieve Marie Graham

on behalf of Debtor Bravo Reimbursement Specialist  L.L.C. ggraham@jw.com,
dtrevino@jw.com;kgradney@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Genevieve Marie Graham

on behalf of Debtor Chandler Emergency Medical Group  L.L.C. ggraham@jw.com,
dtrevino@jw.com;kgradney@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Genevieve Marie Graham

on behalf of Debtor Broad Midwest Anesthesia  LLC ggraham@jw.com,
dtrevino@jw.com;kgradney@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Genevieve Marie Graham

on behalf of Debtor Desert Mountain Consultants in Anesthesia  Inc. ggraham@jw.com,
dtrevino@jw.com;kgradney@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Genevieve Marie Graham

on behalf of Debtor CMORx  LLC ggraham@jw.com,
dtrevino@jw.com;kgradney@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Ha Minh Nguyen

on behalf of U.S. Trustee US Trustee ha.nguyen@usdoj.gov

J Scott Rose

on behalf of Debtor QRx Medical Management  LLC srose@jw.com, kgradney@jw.com

J Scott Rose

on behalf of Debtor Sheridan Children's Healthcare Services of Louisiana  Inc. srose@jw.com, kgradney@jw.com

J Scott Rose

on behalf of Debtor San Antonio NSC  LLC srose@jw.com, kgradney@jw.com

J Scott Rose

on behalf of Debtor Sheridan Anesthesia Services of Virginia  Inc. srose@jw.com, kgradney@jw.com

J Scott Rose

on behalf of Debtor Rose Radiology  LLC srose@jw.com, kgradney@jw.com

J Scott Rose

on behalf of Debtor Sheridan Anesthesia Services of Alabama  Inc. srose@jw.com, kgradney@jw.com

J Scott Rose

on behalf of Debtor Sheridan CADR Solutions  Inc. srose@jw.com, kgradney@jw.com

J Scott Rose

on behalf of Debtor Sheridan Children's Healthcare Services of Arizona  Inc. srose@jw.com, kgradney@jw.com

J Scott Rose

on behalf of Debtor Reimbursement Technologies  Inc. srose@jw.com, kgradney@jw.com

J Scott Rose

on behalf of Debtor Radstaffing Management Solutions  Inc. srose@jw.com, kgradney@jw.com

J Scott Rose

on behalf of Debtor Sheridan Anesthesia Services of Louisiana  Inc. srose@jw.com, kgradney@jw.com

J Scott Rose

on behalf of Debtor Sentinel Healthcare Services  LLC srose@jw.com, kgradney@jw.com

J Scott Rose

on behalf of Debtor Radiology Staffing Solutions  Inc. srose@jw.com, kgradney@jw.com

J Scott Rose

on behalf of Debtor Sheridan Children's Healthcare Services of Kentucky  Inc. srose@jw.com, kgradney@jw.com

Javier Gonzalez, Jr

on behalf of Debtor AmSurg EC Centennial  Inc. jgonzalez@jw.com,

kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Javier Gonzalez, Jr

on behalf of Debtor Envision Healthcare Corporation jgonzalez@jw.com
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Javier Gonzalez, Jr

on behalf of Debtor AmSurg Escondido CA  Inc. jgonzalez@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Javier Gonzalez, Jr

on behalf of Debtor AmSurg Finance  Inc. jgonzalez@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Javier Gonzalez, Jr

on behalf of Debtor AmSurg Burbank  Inc. jgonzalez@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Javier Gonzalez, Jr

on behalf of Debtor AmSurg EC Santa Fe  Inc. jgonzalez@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Javier Gonzalez, Jr

on behalf of Debtor AmSurg Colton CA  Inc. jgonzalez@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Javier Gonzalez, Jr

on behalf of Debtor AmSurg EC Washington  Inc. jgonzalez@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Javier Gonzalez, Jr

on behalf of Debtor AmSurg Crystal River  Inc. jgonzalez@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Javier Gonzalez, Jr

on behalf of Debtor AmSurg EC St. Thomas  Inc. jgonzalez@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Javier Gonzalez, Jr

on behalf of Debtor AmSurg EC Beaumont  Inc. jgonzalez@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Javier Gonzalez, Jr

on behalf of Debtor AmSurg Fresno Endoscopy  Inc. jgonzalez@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Javier Gonzalez, Jr

on behalf of Debtor AmSurg El Paso  Inc. jgonzalez@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Javier Gonzalez, Jr

on behalf of Debtor AmSurg EC Topeka  Inc. jgonzalez@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Javier Gonzalez, Jr

on behalf of Debtor AmSurg Arcadia CA  Inc. jgonzalez@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Jennifer F Wertz

on behalf of Debtor Sheridan Healthcare  LLC jwertz@jw.com,
kgradney@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Jennifer F Wertz

on behalf of Debtor Sheridan Healthcorp  Inc. jwertz@jw.com,
kgradney@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Jennifer F Wertz

on behalf of Debtor Sheridan Healthy Hearing Services  Inc. jwertz@jw.com,
kgradney@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Jennifer F Wertz

on behalf of Debtor Sheridan Healthcorp of California  Inc. jwertz@jw.com,
kgradney@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

John David Cornwell

on behalf of Creditor Envision Ad Hoc Group jcornwell@munsch.com  hvalentine@munsch.com;CourtMail@munsch.com

John F Higgins, IV

on behalf of Interested Party Credit Suisse AG  Cayman Islands Branch, as AmSurg RCF Agent jhiggins@porterhedges.com,
emoreland@porterhedges.com;eliana-garfias-8561@ecf.pacerpro.com;mwebb@porterhedges.com

John Machir Stull

on behalf of Debtor Greater Florida Anesthesiologists  LLC mstull@jw.com,

kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;dtrevino@jw.com;azuniga@jw.com;steso@jw.com;jpupo@jw.com

John Machir Stull

on behalf of Debtor FO Investments  Inc. mstull@jw.com,
kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;dtrevino@jw.com;azuniga@jw.com;steso@jw.com;jpupo@jw.com

John Machir Stull

on behalf of Debtor Holiday Acquisition Company  Inc. mstull@jw.com,
kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;dtrevino@jw.com;azuniga@jw.com;steso@jw.com;jpupo@jw.com

John Machir Stull

on behalf of Debtor Imaging Advantage LLC mstull@jw.com
kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;dtrevino@jw.com;azuniga@jw.com;steso@jw.com;jpupo@jw.com

John Machir Stull

on behalf of Debtor Infinity Healthcare  Inc. mstull@jw.com,
kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;dtrevino@jw.com;azuniga@jw.com;steso@jw.com;jpupo@jw.com

John Machir Stull

on behalf of Debtor Hawkeye Holdco LLC mstull@jw.com
kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;dtrevino@jw.com;azuniga@jw.com;steso@jw.com;jpupo@jw.com

John Machir Stull

on behalf of Debtor Global Surgical Partners  Inc. mstull@jw.com,
kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;dtrevino@jw.com;azuniga@jw.com;steso@jw.com;jpupo@jw.com

John Machir Stull

on behalf of Debtor Illinois NSC  Inc. mstull@jw.com,
kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;dtrevino@jw.com;azuniga@jw.com;steso@jw.com;jpupo@jw.com

John Machir Stull

on behalf of Debtor Fullerton NSC  LLC mstull@jw.com,
kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;dtrevino@jw.com;azuniga@jw.com;steso@jw.com;jpupo@jw.com

John Machir Stull

on behalf of Debtor Gynecologic Oncology Associates  Inc. mstull@jw.com,
kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;dtrevino@jw.com;azuniga@jw.com;steso@jw.com;jpupo@jw.com

John Machir Stull

on behalf of Debtor FO Investments III  Inc. mstull@jw.com,
kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;dtrevino@jw.com;azuniga@jw.com;steso@jw.com;jpupo@jw.com

John Machir Stull

on behalf of Debtor ISelect Healthcare LLC mstull@jw.com
kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;dtrevino@jw.com;azuniga@jw.com;steso@jw.com;jpupo@jw.com

John Machir Stull

on behalf of Debtor Jacksonville Beaches Anesthesia Associates  Inc. mstull@jw.com,
kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;dtrevino@jw.com;azuniga@jw.com;steso@jw.com;jpupo@jw.com

John Machir Stull

on behalf of Debtor Healthcare Administrative Services  Inc. mstull@jw.com,
kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;dtrevino@jw.com;azuniga@jw.com;steso@jw.com;jpupo@jw.com

Keith Richard Martorana

on behalf of Creditor Envision Ad Hoc Group kmartorana@gibsondunn.com

Kristhy M Peguero

on behalf of Debtor Emergency Medical Services LLC kpeguero@jw.com
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Kristhy M Peguero

on behalf of Debtor EmCare Physician Services  Inc. kpeguero@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Kristhy M Peguero

on behalf of Debtor EmCare Holdings  LLC kpeguero@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Kristhy M Peguero

on behalf of Debtor EDIMS  L.L.C. kpeguero@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Kristhy M Peguero

on behalf of Debtor Drs. Ellis  Rojas, Ross & Debs, Inc. kpeguero@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Kristhy M Peguero

on behalf of Debtor Emergency Medicine Education Systems  Inc. kpeguero@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Kristhy M Peguero

on behalf of Debtor EmCare Holdco  LLC kpeguero@jw.com,

kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Kristhy M Peguero

on behalf of Debtor EmCare of California  Inc. kpeguero@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Kristhy M Peguero

on behalf of Debtor EmCare Anesthesia Providers  Inc. kpeguero@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Kristhy M Peguero

on behalf of Debtor EMS Management LLC kpeguero@jw.com
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Kristhy M Peguero

on behalf of Debtor EmCare  LLC kpeguero@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Kristhy M Peguero

on behalf of Debtor EHR Management Co. kpeguero@jw.com
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Kristhy M Peguero

on behalf of Debtor ED Solutions  LLC kpeguero@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Kristhy M Peguero

on behalf of Debtor EmCare Physician Providers  Inc. kpeguero@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Lysbeth Lou George

on behalf of Creditor AHS Staffing liz@georgelawok.com  karen@georgelawok.com

Mark Curtis Taylor

on behalf of Creditor HCA-EMS Holdings  LLC mark.taylor@hklaw.com,
tammy.greenblum@wallerlaw.com;annmarie.jezisek@wallerlaw.com

Matthew D Cavenaugh

on behalf of Debtor All Women's Healthcare of Dade  Inc. mcavenaugh@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Matthew D Cavenaugh

on behalf of Debtor All Women's Healthcare  Inc. mcavenaugh@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Matthew D Cavenaugh

on behalf of Debtor Alpha Physician Resources  L.L.C. mcavenaugh@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Matthew D Cavenaugh

on behalf of Debtor Affilion  Inc. mcavenaugh@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Matthew D Cavenaugh

on behalf of Debtor All Women's Healthcare Services  Inc. mcavenaugh@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Matthew D Cavenaugh

on behalf of Debtor All Women's Healthcare of West Broward  Inc. mcavenaugh@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Matthew D Cavenaugh

on behalf of Debtor AllegiantMD  Inc. mcavenaugh@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Matthew D Cavenaugh

on behalf of Debtor AmSurg Anesthesia Management Services  LLC mcavenaugh@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Matthew D Cavenaugh

on behalf of Debtor All Women's Healthcare of Sawgrass  Inc. mcavenaugh@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Matthew D Cavenaugh

on behalf of Debtor All Women's Healthcare Holdings  Inc. mcavenaugh@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Matthew D Cavenaugh

on behalf of Debtor AmSurg Abilene Eye  Inc. mcavenaugh@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Matthew D Cavenaugh

on behalf of Debtor American Emergency Physicians Management  Inc. mcavenaugh@jw.com,

kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Matthew D Cavenaugh

on behalf of Debtor AmSurg Abilene  Inc. mcavenaugh@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Matthew D Cavenaugh

on behalf of Debtor AmSurg Altamonte Springs FL  Inc. mcavenaugh@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com

Michael A. Garza

on behalf of Creditor Ad Hoc Group of First Lien AmSurg Lenders mgarza@velaw.com

Michael Anthony Drab

on behalf of Debtor Sheridan Healthcare of Missouri  Inc. mdrab@jw.com, kgradney@jw.com

Michael Anthony Drab

on behalf of Debtor Sheridan Children's Healthcare Services of New Mexico  Inc. mdrab@jw.com, kgradney@jw.com

Michael Anthony Drab

on behalf of Debtor Sheridan Healthcare of Vermont  Inc. mdrab@jw.com, kgradney@jw.com

Michael Anthony Drab

on behalf of Debtor Sheridan Healthcare of Louisiana  Inc. mdrab@jw.com, kgradney@jw.com

Michael Anthony Drab

on behalf of Debtor Sheridan Emergency Physician Services of North Missouri  Inc. mdrab@jw.com, kgradney@jw.com

Michael Anthony Drab

on behalf of Debtor Sheridan Children's Healthcare Services of Ohio  Inc. mdrab@jw.com, kgradney@jw.com

Michael Anthony Drab

on behalf of Debtor Sheridan Healthcare of Virginia  Inc. mdrab@jw.com, kgradney@jw.com

Michael Anthony Drab

on behalf of Debtor Sheridan Emergency Physician Services of Missouri  Inc. mdrab@jw.com, kgradney@jw.com

Michael Anthony Drab

on behalf of Debtor Sheridan Children's Healthcare Services  Inc. mdrab@jw.com, kgradney@jw.com

Michael Anthony Drab

on behalf of Debtor Sheridan Children's Healthcare Services of Virginia  Inc. mdrab@jw.com, kgradney@jw.com

Michael Anthony Drab

on behalf of Debtor Sheridan Children's Services of Alabama  Inc. mdrab@jw.com, kgradney@jw.com

Michael Anthony Drab

on behalf of Debtor Sheridan Healthcare of West Virginia  Inc. mdrab@jw.com, kgradney@jw.com

Michael Anthony Drab

on behalf of Debtor Sheridan Emergency Physician Services of South Florida  Inc. mdrab@jw.com, kgradney@jw.com

Michael Anthony Drab

on behalf of Debtor Sheridan Emergency Physician Services  Inc. mdrab@jw.com, kgradney@jw.com

Nicole Greenblatt

on behalf of Debtor Envision Healthcare Corporation ngreenblatt@kirkland.com

Paul E Heath

on behalf of Creditor Ad Hoc Group of First Lien AmSurg Lenders pheath@velaw.com

Philip M. Guffy

on behalf of Creditor Citibank  N.A. pguffy@huntonak.com

Rebecca Blake Chaikin

on behalf of Debtor Acute Management  LLC rchaikin@jw.com,
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Rebecca Blake Chaikin

on behalf of Debtor Envision Healthcare Corporation rchaikin@jw.com
kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Rebecca Blake Chaikin

on behalf of Debtor AmSurg  LLC rchaikin@jw.com, kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;steso@jw.com

Robert Bernard Bruner

on behalf of Creditor Funds and Accounts Managed by Kohlberg Kravis Roberts & Co. L.P. bob.bruner@nortonrosefulbright.com

Timothy Alvin Davidson, II

on behalf of Creditor Citibank  N.A. taddavidson@andrewskurth.com

Todd C Meyers

District/off: 0541-4

Date Rcvd: May 16, 2023

User: ADIuser

Form ID: pdf002

Page 10 of 11

Total Noticed: 23

|  |  |
|---|---|
|  | on behalf of Interested Party Ankura Trust Company  LLC, in its capacity as Envision Term Loan Facility Agent tmeyers@kilpatricktownsend.com, kmoynihan@kilpatricktownsend.com;gfinizio@kilpatricktownsend.com;jborey@kilpatricktownsend.com |
| US Trustee | USTPRegion07.HU.ECF@USDOJ.GOV |
| Veronica Ann Polnick | on behalf of Debtor Evolution Mobile Imaging  LLC vpolnick@jw.com, kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com |
| Veronica Ann Polnick | on behalf of Debtor Envision Physician Services  LLC vpolnick@jw.com, kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com |
| Veronica Ann Polnick | on behalf of Debtor Enterprise Parent Holdings  Inc. vpolnick@jw.com, kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com |
| Veronica Ann Polnick | on behalf of Debtor Envision Anesthesia Services of Sierra Vista  Inc. vpolnick@jw.com, kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com |
| Veronica Ann Polnick | on behalf of Debtor Flamingo Anesthesia Associates  Inc. vpolnick@jw.com, kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com |
| Veronica Ann Polnick | on behalf of Debtor FMO Healthcare Holdings  LLC vpolnick@jw.com, kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com |
| Veronica Ann Polnick | on behalf of Debtor FO Investments II  Inc. vpolnick@jw.com, kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com |
| Veronica Ann Polnick | on behalf of Debtor Envision Healthcare Clinical Research  Inc. vpolnick@jw.com, kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com |
| Veronica Ann Polnick | on behalf of Debtor Envision Children's Healthcare Services of North Mississippi  Inc. vpolnick@jw.com, kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com |
| Veronica Ann Polnick | on behalf of Debtor Envision Healthcare Scientific Intelligence  Inc. vpolnick@jw.com, kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com |
| Veronica Ann Polnick | on behalf of Debtor EMSC ServicesCo  LLC vpolnick@jw.com, kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com |
| Veronica Ann Polnick | on behalf of Debtor Envision Anesthesia Services of Delaware  Inc. vpolnick@jw.com, kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com |
| Veronica Ann Polnick | on behalf of Debtor FM Healthcare Services  Inc. vpolnick@jw.com, kgradney@jw.com;dtrevino@jw.com;jpupo@jw.com;JacksonWalkerLLP@jubileebk.net;steso@jw.com |
| Vienna Flores Anaya | on behalf of Debtor Anesthesiology Associates of Tallahassee  Inc. vanaya@jw.com, kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;jpupo@jw.com;dtrevino@jw.com;azuniga@jw.com;steso@jw.com |
| Vienna Flores Anaya | on behalf of Debtor Anesthesiologists of Greater Orlando  Inc. vanaya@jw.com, kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;jpupo@jw.com;dtrevino@jw.com;azuniga@jw.com;steso@jw.com |
| Vienna Flores Anaya | on behalf of Debtor AmSurg Torrance  Inc. vanaya@jw.com, kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;jpupo@jw.com;dtrevino@jw.com;azuniga@jw.com;steso@jw.com |
| Vienna Flores Anaya | on behalf of Debtor Bethesda Anesthesia Associates  Inc. vanaya@jw.com, kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;jpupo@jw.com;dtrevino@jw.com;azuniga@jw.com;steso@jw.com |
| Vienna Flores Anaya | on behalf of Debtor ASDH II  LLC vanaya@jw.com, kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;jpupo@jw.com;dtrevino@jw.com;azuniga@jw.com;steso@jw.com |
| Vienna Flores Anaya | on behalf of Debtor Arizona Perinatal Care Centers  LLC vanaya@jw.com, kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;jpupo@jw.com;dtrevino@jw.com;azuniga@jw.com;steso@jw.com |

Vienna Flores Anaya

on behalf of Debtor Bay Area Anesthesia  L.L.C. vanaya@jw.com,
kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;jpupo@jw.com;dtrevino@jw.com;azuniga@jw.com;steso@jw.com

Vienna Flores Anaya

on behalf of Debtor Envision Healthcare Corporation vanaya@jw.com
kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;jpupo@jw.com;dtrevino@jw.com;azuniga@jw.com;steso@jw.com

Vienna Flores Anaya

on behalf of Debtor Austin NSC  LLC vanaya@jw.com,
kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;jpupo@jw.com;dtrevino@jw.com;azuniga@jw.com;steso@jw.com

Vienna Flores Anaya

on behalf of Debtor AmSurg San Luis Obispo CA  Inc. vanaya@jw.com,
kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;jpupo@jw.com;dtrevino@jw.com;azuniga@jw.com;steso@jw.com

Vienna Flores Anaya

on behalf of Debtor ASDH I  LLC vanaya@jw.com,
kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;jpupo@jw.com;dtrevino@jw.com;azuniga@jw.com;steso@jw.com

Vienna Flores Anaya

on behalf of Debtor Austin NSC  LP vanaya@jw.com,
kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;jpupo@jw.com;dtrevino@jw.com;azuniga@jw.com;steso@jw.com

Vienna Flores Anaya

on behalf of Debtor AmSurg Temecula II  Inc. vanaya@jw.com,
kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;jpupo@jw.com;dtrevino@jw.com;azuniga@jw.com;steso@jw.com

Vienna Flores Anaya

on behalf of Debtor APH Laboratory Services  Inc. vanaya@jw.com,
kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;jpupo@jw.com;dtrevino@jw.com;azuniga@jw.com;steso@jw.com

Vienna Flores Anaya

on behalf of Debtor BestPractices  Inc. vanaya@jw.com,
kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;jpupo@jw.com;dtrevino@jw.com;azuniga@jw.com;steso@jw.com

Vienna Flores Anaya

on behalf of Debtor Apex Acquisition LLC vanaya@jw.com
kgradney@jw.com;JacksonWalkerLLP@jubileebk.net;jpupo@jw.com;dtrevino@jw.com;azuniga@jw.com;steso@jw.com

TOTAL: 207