IN THE UNITED STATES BANKRUPTCY CASE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ENVISION HEALTHCARE CORPORATION, *et al.*,[1] | ) Case No. 23-90342 (CML) |
| | ) |
| | ) (Jointly Administered) |
| Debtors. | ) |

**PV 1 PROPERTIES, LLC'S, OBJECTION TO DEBTORS' MOTION FOR THE ENTRY OF AN ORDER (I) AUTHORIZING (A) THE REJECTION OF CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (B) ABANDONMENT OF CERTAIN PERSONAL PROPERTY, IF ANY, EACH EFFECTIVE AS OF THE PETITION DATE, AND (II) GRANTING RELATED RELIEF**

PV 1 Properties, LLC ("**Landlord**"), by and through undersigned counsel, submits this objection (the "**Objection**") to the Debtors' *Motion for the Entry of an Order (I) Authorizing (A) the Rejection of Certain Executory Contracts and Unexpired Leases and (B) Abandonment of Certain Personal Property, If Any, Each Effective as of the Petition Date, and (II) Granting Related Relief* [Docket No. 19] (the "**Motion**"). In support of the Objection, Landlord states as follows:

**Preliminary Statement**

1.  Debtor Envision Healthcare Corporation ("**Envision**") is the tenant of commercial office space consisting of suites 1300, 1400, and 1500 located at 6363 South Fiddler's Green Circle, Greenwood Village, Colorado 80111 (the "**Premises**") pursuant to that certain Lease Agreement dated May 1, 2015 between Landlord and Envision (as amended and supplemented,

---

[1] A complete list of each of the Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Envision. The Debtors' service address is 1A Burton Hills Boulevard, Nashville, Tennessee 37215.

4893-4319-1656.3

the "**Lease**"). In turn, Envision sublets the entirety of the Premises to Air Medical Group Holdings, Inc. (the "**Sublessee**"), pursuant to a Sublease Agreement (the "**Sublease**").

2. Landlord objects to the Motion, *inter alia*: (i) the proposed effective date of the rejection constitutes an impermissible request for retroactive relief to the detriment of Landlord, (ii) even the entry of an Order authorizing the rejection of the Lease as of the effective date requested in the Motion would be unwarranted and unjust because Envision has not, and cannot, for the foreseeable future, deliver possession of the Premises back to Landlord, and (iii) to the extent the Sublessee seeks to exercise any rights under section 365(h) of title 11 of the United States Code (the "**Bankruptcy Code**"), on account of the Motion which also rejects the Sublease, there is no mechanism that ensures the rent payable by the Sublessee to Envision is ever paid to Landlord for the ongoing use of Landlord's Premises and who enforces the Sublessee's obligations in the event of future defaults.

3. The Lease cannot be deemed rejected as of May 15, 2023 because Envision has failed to surrender possession of the Premises to Landlord. Furthermore, as of the date hereof, Sublessee continues to occupy the Premises pursuant to the Sublease and there is no inclination whether Sublessee will exercise any rights arising under section 365(h) of the Bankruptcy Code.

3. Sublessee's occupancy of the Premises has continued since these bankruptcy cases were commenced and neither Sublessee nor Envision have paid Landlord for the June 2023 rent, which was due on June 1, 2023.

4. In short, if the Motion were to be granted, Envision would be able to continue to collect rent under the Sublease even though it has breached the Lease and failed to surrender the Premises to Landlord. Landlord, by contrast, would suffer ongoing prejudice. Not only has Envision failed to surrender possession of the Premises to Landlord, Landlord may be unable to

4893-4319-1656.3

recover possession of the Premises for the foreseeable future and while rent is not being paid to Landlord.

5. Based on the equities of the present situation, the rejection date of the Lease can only occur on the date when Envision unequivocally and fully surrenders the Premises to Landlord, which requires Sublessee to also surrender possession of (or be evicted from) the Premises to Landlord, or from the date there is an enforceable mechanism for Landlord to be able to recover rent directly from the Sublessee, and enforce other obligations, in the event an election under section 365(h) of the Bankruptcy Code is made. Until such actions are accomplished, Landlord is entitled to post-petition rent under section 365(d)(3).

## Background

6. On May 15, 2023 (the "**Petition Date**"), Envision and each of the above-captioned debtors (collectively, the "**Debtors**") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. Landlord is the owner of the Premises under which Envision is a tenant pursuant to the Lease.

8. Under the Lease, Envision is required to pay monthly rent, plus additional costs, charges and expenses accruing under the terms of the Lease, in the amount of approximately $293,151.99 throughout 2023. The term of the Lease expires September 30, 2026.[2]

---

[2] Additionally, the Lease obligates Envision for parking charges which are ultimately payable to a business improvement district.

3

4893-4319-1656.3

9. In connection with Envision's occupancy of the Premises, Envision, as sublandlord, entered into the Sublease with the Sublessee as subtenant. As of the date hereof, Sublessee remains in possession and currently occupies the entirety of the Premises.

10. On the Petition Date, the Debtors filed the Motion, seeking rejection of both the Lease and Sublease effective as of the Petition Date [*see* Docket No. 19].

11. Since the Petition Date, Landlord has sought information from both Debtor and Sublessee regarding how rent payable by the Sublessee will be paid and turned over to Landlord and whether Sublessee intends on making an election under section 365(h) of the Bankruptcy Code. However, as of the date of this Objection, Landlord has not received: (a) possession of the Premises from Envision; (b) any information as to whether Sublessee intends on exercising any rights under section 365(h) of the Bankruptcy Code; and (c) most importantly, June 2023 rent for the Sublessee's continued possession of the Premises. Accordingly, Landlord was left with no other choice than to file this Objection to protect its rights.

**Objection**

12. Landlord objects to the Motion because the proposed rejection date of the Lease is impermissible unless and until (i) the Sublessee vacates (or is evicted from) the Premises and (ii) Envision, upon the Sublessee's surrender of possession of the Premises that it occupies, duly surrenders possession of the entire Premises to Landlord. Furthermore, to the extent that Sublessee makes an election under section 365(h) of the Bankruptcy Code, the Motion provides no information, let alone a mechanism, that ensures rent will be paid to Landlord for the occupation of the Premises, or adequate enforcement measures to ensure that the Sublessee pays rent in the event of a section 365(h) election. Unless and until that occurs, Landlord is entitled to recover, among other things, post-petition rent under section 365(d)(3) of the Bankruptcy Code.

4893-4319-1656.3

**A.      The Proposed Rejection Date of May 15, 2023 Is Impermissible.**

13.      Bankruptcy courts are reluctant to grant retroactive relief. *See In re Federal-Mogul Global Inc.*, 222 F. App'x 196, 201 (3d Cir. 2007) (citing *In re Elder-Beerman Stores Corp.*, 201 B.R. 759, 764 (Bankr. S.D. Ohio 1996)). Indeed, a majority of courts hold that a debtor "effectively rejects a lease when the bankruptcy court enters an order authorizing rejection," and not before then. *See In re New Valley Corp.*, Civil Action No. 98-982, 2000 U.S. Dist. LEXIS 12663, at *44 (D.N.J. Aug. 31, 2000); *In re CCI Wireless, LLC*, 297 B.R. 133, 140 (Bankr. D. Colo. 2003) (providing that a request for *nunc pro tunc* relief on a motion to reject an unexpired real property lease "is the exception to the general rule that rejection is effective upon entry of the order").

14.      When *nunc pro tunc* relief is requested, a bankruptcy court must first weigh the equities before it authorizes such rejection. *See New Valley Corp.*, 2000 U.S. Dist. LEXIS 12663, at *45; *see also In re Thinking Machs. Corp.*, 67 F.3d 1021, 1028 (1st Cir. 1995); *In re Phila. Newspapers, LLC*, 424 B.R. 178, 185 (Bankr. E.D. Pa. 2010). When doing so, the burden is on the moving party—*i.e.*, the Debtors in this case—to demonstrate that such relief is appropriate. *See TW, Inc. v. Angelastro (In re TW, Inc.)*, Civ. No. 03-533-SLR, 2004 U.S. Dist. LEXIS 671, at *5 (D. Del. Jan. 14, 2004) ("An order granting relief *nunc pro tunc* is not a remedy that should be given as a matter of course, but only after a balancing of the equities in a particular case. *It is the burden of the moving party to show that relief, of this character, is appropriate*." (emphasis added)).

15.      In instances where a debtor fails to properly surrender leased premises before the proposed rejection date, the equities strongly favor denying retroactive relief. *See TW, Inc.*, 2004 U.S. Dist. LEXIS 671, at *5–6 (affirming the bankruptcy court's denial of retroactive relief, and

4893-4319-1656.3

noting, "In the present case, the bankruptcy court placed emphasis on the fact that possession of the Premises was not properly surrendered and that fault, in this regard, indisputably rested with the debtor. *Unlike circumstances where possession has been surrendered prior to the petition date, a landlord without actual possession may face a greater risk and greater uncertainty as to whether the lease will ultimately be rejected.*" (emphasis added)).

16. If a subtenant remains in possession of leased premises, retroactive relief is inappropriate; the appropriate date for rejection is when the debtor actually returns possession of the property to the debtor, which includes removing the subtenants. *See In re Amicus Wind Down Corp.*, Case No. 11-13167 (KG), 2012 Bankr. LEXIS 662, at *8–9 (Bankr. D. Del. Feb. 24, 2012) (finding that, absent state court eviction proceedings, the debtors could not unilaterally surrender the subtenant's possessory rights in the leased premises); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) (declining to find that the debtors had surrendered the premises where subtenants remained in the premises and instead concluding, "The more appropriate date is the day the Debtors surrendered the premises to the Landlords, and the Landlords were able to enter into agreements with the current tenants").

17. Here, the balance of the equities favors Landlord, and the Debtors should not be entitled to reject the Lease as of May 15, 2023—or, for that matter, at any time until Landlord has recovered possession of the Premises. The Debtors have not yet surrendered possession of the Premises to Landlord, and the Sublessee continues to possess the Premises under the Sublease Agreement. *See Amicus Wind Down*, 2012 Bankr. LEXIS 662, at *8–9; *Chi-Chi's, Inc.*, 305 B.R. at 399. Therefore, the Debtors have failed to duly surrender possession of the Premises.

18. Prior to filing this Objection, Landlord attempted to raise the status of the Sublease with the Debtors and Sublessee to understand: (a) whether Sublessee was vacating or

making an election under section 365(h) of the Bankruptcy Code, (b) the status of payment of rent for June 2023, and (c) whether Sublessee would execute a direct lease with Landlord, but to no avail.

19. The Debtors have enjoyed the benefit of the Sublease and should bear any burden that results from the Sublease. The Debtors can remedy the situation by either paying the rent directly for each month and seek to recover such rent directly from the Sublessee, or facilitate a payment mechanism of each month's rent directly from the Sublessee to Landlord. If the Debtors were permitted to reject the Lease as of May 15, 2023—or at any time while the Sublessee is in possession of the Premises—the result would be wholly inequitable. Regardless, the Debtors cannot be permitted to reject the Lease and Sublease, and simultaneously be in a position to retain any rent paid from the Sublessee in the event of a section 365(h) election. Moreover, Landlord lacks privity of contract with the Sublessee and thus is not as well-situated as Envision to seek relief with respect to the Sublease Agreement in the event that Sublessee fails to pay all required rent in the event of a section 365(h) election. *See Amicus Wind*, 2012 Bankr. LEXIS 662, at *7–8 ("The Debtors, not Park Tysen, are in privity of contract with the Subtenant, and the Debtors are best legally situated to resolve this situation in the New York courts.").

20. Accordingly, any rejection date should, therefore, (i) give the parties time to sort through the issues relating to the Sublease and, in all events, should be effective no sooner than the date on which Envision can properly surrender possession of the Premises (assuming no section 365(h) election), provide a payment mechanism to Landlord of rent received from (assuming a section 365(h) election) the Sublessee, and (iii) provide clarity on how Landlord will be restored possession of its Premises if Sublessee fails to pay rent in the future.

7

**B.     Landlord Is Entitled to an Administrative Expense Claim to the Extent of Rent Received from Sublessee.**

21.     Landlord is entitled to post-petition rent for the continued occupancy of the Premises from Sublessee and Envision for June 2023 and for all subsequent months during which Envision fails to surrender possession of the Premises to Landlord, and/or any rent received from Sublessee.

22.     Section 365(d)(3) of the Bankruptcy Code requires the Debtors to "timely perform all obligations . . . arising from and after the order for relief under any unexpired lease of nonresidential property, until such lease is assumed or rejected, notwithstanding Section 503(b)(1)." 11 U.S.C. 365(d)(3). "The clear and express intent of § 365(d)(3) is to require [Debtors] to perform the lease in accordance with its terms." *In re Montgomery Ward Holding Corp.*, 268 F.3d 205, 209 (3d Cir. 2001). By failing to pay rent for June of 2023 (and for all subsequent months during which Envision fails to surrender possession of the Premises), the sum of post-petition amounts Envision owes to Landlord under the Lease/Sublease equals no less than $293,151.99 (plus rent and all other sums accruing under the terms of the Lease after June 2023).

**Reservation of Rights**

23.     Landlord files this Objection to fully preserve and reserve all of its rights, claims, and remedies pertaining to the Lease, at law and equity, including, without limitation any and all claims that Landlord may have in connection with the Lease and the Debtors' rejection of the same (including, without limitation, claims for unpaid rent, additional rent, costs, fees, and charges under the Lease), together with all rights and remedies that Landlord may have or assert with respect to the Premises or any occupants thereof.

WHEREFORE, Landlord requests that the Court enter an order consistent with this Objection and grant such other and further relief as is just and equitable.

Respectfully submitted,

Dated: June 5, 2023 */s/ Timothy M. Swanson*
Timothy M. Swanson (Colo. 47267)
Patrick R. Akers (Colo. 54803)
MOYE WHITE LLP
1400 16th Street, 6th Floor
Denver, Colorado 80202
(303) 292-2900
(303) 292-4510 (facsimile)
tim.swanson@moyewhite.com
patrick.akers@moyewhite.com

*Counsel for PV 1 Properties, LLC*

**CERTIFICATE OF SERVICE**

I certify that June 5, 2023, a copy of the foregoing *PV 1, LLC's Objection to Debtors' Motion for the Entry of an Order (I) Authorizing (A) the Rejection of Certain Executory Contracts and Unexpired Leases and (B) Abandonment of Certain Personal Property, If Any, Each Effective as of the Petition Date, and (II) Granting Related Relief* was electronically filed using the Court's electronic filing system. Notice of this filing will be sent by all parties by operation of the Court's system. Parties may access this filing through the Court's system.

*/s/ Timothy M. Swanson*
Timothy M. Swanson (Colo. 47267)
*Counsel for PV 1, LLC*