**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| ENVISION HEALTHCARE CORPORATION, *et al.*,[1] | ) | Case 23-90342 (CML) |
| Reorganized Debtors. | ) | (Jointly Administered) |

**REORGANIZED DEBTORS' MOTION FOR ENTRY OF A
FINAL DECREE CLOSING CERTAIN OF THE CHAPTER 11 CASES**

**If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this application was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this application was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.**

The above-captioned reorganized debtors (collectively, the "Reorganized Debtors," and before the Effective Date[2] of the Plans, collectively, the "Debtors") state as follows in support of this motion:

[1] A complete list of each of the Reorganized Debtors in these chapter 11 cases may be obtained on the website of the Reorganized Debtors' claims and noticing agent at https://cases.ra.kroll.com/Envision. The Reorganized Debtors' service address is 1A Burton Hills Boulevard, Nashville, Tennessee 37215.

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to such terms in the *Third Amended Joint Chapter 11 Plan of Reorganization of the AmSurg Debtors (Technical Modifications)* [Docket No. 1650] (as may be amended, supplemented, or otherwise modified from time to time, and including all exhibits thereto, the "AmSurg Plan") or the *Third Amended Joint Chapter 11 Plan of Reorganization of the EVPS Debtors (Technical Modifications)* [Docket No. 1651] (as may be amended, supplemented, or otherwise modified from time to time, and including all exhibits thereto, the "EVPS Plan," and, together with the AmSurg Plan, the "Plans") or the Confirmation Orders (defined below), as applicable.

## Relief Requested

1. The Reorganized Debtors seek entry of a final decree, substantially in the attached form (the "Final Decree"), (a) closing each of the Debtors' Chapter 11 Cases other than the case of ED Solutions, LLC, Case No. [23-90367] (the "Remaining Case"), and (b) granting related relief.

## Jurisdiction and Venue

2. The United States Bankruptcy Court for the Southern District of Texas (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). The Reorganized Debtors confirm their consent to the entry of a final order by the Court.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The bases for the relief requested herein are sections 105(a) and 350(a) of title 11 of the United States Code (the "Bankruptcy Code"), rule 3022 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 1075-1 and 9013-1 of the Bankruptcy Local Rules for the Southern District of Texas (the "Bankruptcy Local Rules").

## Background

5. On May 15, 2023, each Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.[3] The same day, the Court entered an order [Docket No. 61] authorizing

---

3 A detailed description of the facts and circumstances of these Chapter 11 Cases is set forth in the *Declaration of Paul Keglevic, Chief Restructuring Officer of Envision Healthcare Corporation, in Support of the Debtors' Chapter 11 Petitions* [Docket No. 2] and *the Declaration of Dennis Stogsdill, Managing Director of Alvarez & Marsal North America, LLC, in Support of (I) the Debtors' First Day Motions and (II) the Debtors' Emergency Motion for Entry of Interim and Final Orders (A) Authorizing the Debtors to Use Cash Collateral, (B) Granting Adequate Protection to Prepetition Secured Parties, (C) Scheduling a Final Hearing, (D) Modifying the Automatic Stay, and (E) Granting Related Relief* [Docket No. 3], detailing the facts and circumstances of these Chapter 11 Cases.

the joint administration of these Chapter 11 Cases under the case of Envision Healthcare Corporation, Case No. 23-90342 (the "Lead Case"). The Chapter 11 Cases other than the Lead Case are as follows:

| Affiliate Debtors | Case No. |
|---|---|
| Acute Management, LLC | 23-90341 |
| Affilion, Inc. | 23-90538 |
| All Women's Healthcare Holdings, Inc. | 23-90540 |
| All Women's Healthcare of Dade, Inc. | 23-90542 |
| All Women's Healthcare of Sawgrass, Inc. | 23-90543 |
| All Women's Healthcare of West Broward, Inc. | 23-90544 |
| All Women's Healthcare Services, Inc. | 23-90547 |
| All Women's Healthcare, Inc. | 23-90549 |
| AllegiantMD, Inc. | 23-90550 |
| Alpha Physician Resources, L.L.C. | 23-90551 |
| American Emergency Physicians Management, Inc. | 23-90552 |
| AmSurg Abilene Eye, Inc. | 23-90553 |
| AmSurg Abilene, Inc. | 23-90554 |
| AmSurg Altamonte Springs FL, Inc. | 23-90555 |
| AmSurg Anesthesia Management Services, LLC | 23-90556 |
| AmSurg Arcadia CA, Inc. | 23-90348 |
| AmSurg Burbank, Inc. | 23-90355 |
| AmSurg Colton CA, Inc. | 23-90362 |
| AmSurg Crystal River, Inc. | 23-90369 |
| AmSurg EC Beaumont, Inc. | 23-90378 |
| AmSurg EC Centennial, Inc. | 23-90385 |
| AmSurg EC Santa Fe, Inc. | 23-90394 |
| AmSurg EC St. Thomas, Inc. | 23-90401 |
| AmSurg EC Topeka, Inc. | 23-90409 |
| AmSurg EC Washington, Inc. | 23-90419 |
| AmSurg El Paso, Inc. | 23-90429 |
| AmSurg Escondido CA, Inc. | 23-90439 |
| AmSurg Finance, Inc. | 23-90446 |
| AmSurg Fresno Endoscopy, Inc. | 23-90454 |
| AmSurg Glendale, Inc. | 23-90386 |
| AmSurg Glendora CA, Inc. | 23-90416 |

| | |
|---|---|
| AmSurg Hillmont, Inc. | 23-90433 |
| AmSurg Holdco, LLC | 23-90450 |
| AmSurg Holdings, LLC | 23-90464 |
| AmSurg Inglewood, Inc. | 23-90482 |
| AmSurg KEC, Inc. | 23-90491 |
| AmSurg Kissimmee FL, Inc. | 23-90497 |
| AmSurg La Jolla, Inc. | 23-90500 |
| AmSurg Lancaster PA, LLC | 23-90504 |
| AmSurg Main Line PA, LLC | 23-90510 |
| AmSurg Maryville, Inc. | 23-90512 |
| AmSurg Melbourne, Inc. | 23-90517 |
| AmSurg Miami, Inc. | 23-90519 |
| AmSurg Naples, Inc. | 23-90372 |
| AmSurg New Port Richey FL, Inc. | 23-90391 |
| AmSurg Northwest Florida, Inc. | 23-90415 |
| AmSurg Oakland CA, Inc. | 23-90432 |
| AmSurg Ocala, Inc. | 23-90456 |
| AmSurg Palmetto, Inc. | 23-90480 |
| AmSurg Physicians Arizona, LLC | 23-90494 |
| AmSurg Physicians HoldCo, LLC | 23-90501 |
| AmSurg Pottsville PA, LLC | 23-90506 |
| AmSurg San Antonio TX, Inc. | 23-90514 |
| AmSurg San Luis Obispo CA, Inc. | 23-90545 |
| AmSurg Scranton PA, Inc. | 23-90525 |
| AmSurg Suncoast, Inc. | 23-90528 |
| AmSurg Temecula CA, Inc. | 23-90531 |
| AmSurg Temecula II, Inc. | 23-90345 |
| AmSurg Torrance, Inc. | 23-90353 |
| AmSurg, LLC | 23-90343 |
| Anesthesiologists of Greater Orlando, Inc. | 23-90364 |
| Anesthesiology Associates of Tallahassee, Inc. | 23-90373 |
| Apex Acquisition LLC | 23-90381 |
| APH Laboratory Services, Inc. | 23-90396 |
| Arizona Perinatal Care Centers, LLC | 23-90407 |
| ASDH I, LLC | 23-90417 |
| ASDH II, LLC | 23-90425 |
| Austin NSC, LLC | 23-90431 |

| | |
|---|---|
| Austin NSC, LP | 23-90442 |
| Bay Area Anesthesia, L.L.C. | 23-90452 |
| BestPractices, Inc. | 23-90463 |
| Bethesda Anesthesia Associates, Inc. | 23-90475 |
| Boca Anesthesia Service, Inc. | 23-90349 |
| Bravo Reimbursement Specialist, L.L.C. | 23-90358 |
| EMSC ServicesCo, LLC | 23-90377 |
| Broad Midwest Anesthesia, LLC | 23-90366 |
| Centennial Emergency Physicians, LLC | 23-90374 |
| Chandler Emergency Medical Group, L.L.C. | 23-90383 |
| Children's Anesthesia Associates, Inc. | 23-90395 |
| Clinical Partners Management Company, LLC | 23-90404 |
| CMORx, LLC | 23-90411 |
| Coastal Anesthesiology Consultants, LLC | 23-90421 |
| Coral Springs NSC, LLC | 23-90428 |
| Davis NSC, LLC | 23-90438 |
| Desert Mountain Consultants in Anesthesia, Inc. | 23-90449 |
| Discovery Clinical Research, Inc. | 23-90459 |
| Doctors Billing Service, Inc. | 23-90469 |
| Drs. Ellis, Rojas, Ross & Debs, Inc. | 23-90359 |
| EDIMS, L.L.C. | 23-90380 |
| EHR Management Co. | 23-90392 |
| EmCare Anesthesia Providers, Inc. | 23-90406 |
| EmCare HoldCo, LLC | 23-90448 |
| EmCare Holdings, LLC | 23-90470 |
| EmCare of California, Inc. | 23-90493 |
| EmCare Physician Providers, Inc. | 23-90516 |
| EmCare Physician Services, Inc. | 23-90534 |
| EmCare, LLC | 23-90523 |
| Emergency Medical Services LLC | 23-90526 |
| Emergency Medicine Education Systems, Inc. | 23-90529 |
| EMS Management LLC | 23-90530 |
| Enterprise Intermediate Holdings Inc. | 23-90389 |
| Enterprise Parent Holdings, Inc. | 23-90402 |
| Envision Anesthesia Services of Delaware, Inc. | 23-90414 |
| Envision Anesthesia Services of Sierra Vista, Inc. | 23-90426 |

| | |
|---|---|
| Envision Children's Healthcare Services of North Mississippi, Inc. | 23-90455 |
| Envision Healthcare Clinical Research, Inc. | 23-90471 |
| Envision Healthcare Scientific Intelligence, Inc. | 23-90489 |
| Envision Physician Services, LLC | 23-90498 |
| Evolution Mobile Imaging, LLC | 23-90502 |
| Flamingo Anesthesia Associates, Inc. | 23-90505 |
| FM Healthcare Services, Inc. | 23-90509 |
| FMO Healthcare Holdings, LLC | 23-90511 |
| FO Investments II, Inc. | 23-90515 |
| FO Investments III, Inc. | 23-90507 |
| FO Investments, Inc. | 23-90520 |
| Fullerton NSC, LLC | 23-90524 |
| Global Surgical Partners, Inc. | 23-90527 |
| Greater Florida Anesthesiologists, LLC | 23-90532 |
| Gynecologic Oncology Associates, Inc. | 23-90533 |
| Hawkeye Holdco LLC | 23-90535 |
| Healthcare Administrative Services, Inc. | 23-90536 |
| Holiday Acquisition Company, Inc. | 23-90537 |
| Illinois NSC, Inc. | 23-90539 |
| Imaging Advantage LLC | 23-90541 |
| Infinity Healthcare, Inc. | 23-90557 |
| iSelect Healthcare LLC | 23-90546 |
| Jacksonville Beaches Anesthesia Associates, Inc. | 23-90548 |
| Jupiter Anesthesia Associates, L.L.C. | 23-90347 |
| Jupiter Healthcare, LLC | 23-90352 |
| Kenwood NSC, LLC | 23-90361 |
| KMAC, Inc. | 23-90368 |
| Long Beach NSC, LLC | 23-90379 |
| MedAssociates, LLC | 23-90390 |
| Medi-Bill of North Florida, Inc. | 23-90398 |
| Medical Information Management Solutions, LLC | 23-90413 |
| Millennium Vision Surgical, LLC | 23-90427 |
| MSO Newco, LLC | 23-90437 |
| NAC Properties, LLC | 23-90445 |
| New Generations Babee Bag, Inc. | 23-90458 |
| North Florida Anesthesia Consultants, Inc. | 23-90468 |

| | |
|---|---|
| North Florida Perinatal Associates, Inc. | 23-90478 |
| Northwood Anesthesia Associates, L.L.C. | 23-90351 |
| NSC Healthcare, Inc. | 23-90356 |
| NSC RBO East, LLC | 23-90363 |
| NSC West Palm, LLC | 23-90370 |
| Parity Healthcare, Inc. | 23-90382 |
| Partners in Medical Billing, Inc. | 23-90393 |
| Phoenix Business Systems, LLC | 23-90405 |
| Phoenix Physicians, LLC | 23-90418 |
| Physician Account Management, Inc. | 23-90434 |
| Physician Office Partners, Inc. | 23-90443 |
| Pinnacle Consultants Mid-Atlantic, L.L.C. | 23-90453 |
| Practice Account Management Services, LLC | 23-90466 |
| Proven Healthcare Solutions of New Jersey, LLC | 23-90479 |
| Provider Account Management, Inc. | 23-90486 |
| QRx Medical Management, LLC | 23-90346 |
| Radiology Staffing Solutions, Inc. | 23-90354 |
| Radstaffing Management Solutions, Inc. | 23-90365 |
| Reimbursement Technologies, Inc. | 23-90375 |
| Rose Radiology, LLC | 23-90387 |
| San Antonio NSC, LLC | 23-90400 |
| Sentinel Healthcare Services, LLC | 23-90412 |
| Sheridan Anesthesia Services of Alabama, Inc. | 23-90424 |
| Sheridan Anesthesia Services of Louisiana, Inc. | 23-90436 |
| Sheridan Anesthesia Services of Virginia, Inc. | 23-90447 |
| Sheridan CADR Solutions, Inc. | 23-90461 |
| Sheridan Children's Healthcare Services of Arizona, Inc. | 23-90474 |
| Sheridan Children's Healthcare Services of Kentucky, Inc. | 23-90485 |
| Sheridan Children's Healthcare Services of Louisiana, Inc. | 23-90492 |
| Sheridan Children's Healthcare Services of New Mexico, Inc. | 23-90344 |
| Sheridan Children's Healthcare Services of Ohio, Inc. | 23-90350 |
| Sheridan Children's Healthcare Services of Virginia, Inc. | 23-90360 |
| Sheridan Children's Healthcare Services, Inc. | 23-90376 |

| | |
|---|---|
| Sheridan Children's Services of Alabama, Inc. | 23-90388 |
| Sheridan Emergency Physician Services of Missouri, Inc. | 23-90399 |
| Sheridan Emergency Physician Services of North Missouri, Inc. | 23-90408 |
| Sheridan Emergency Physician Services of South Florida, Inc. | 23-90420 |
| Sheridan Emergency Physician Services, Inc. | 23-90435 |
| Sheridan Healthcare of Louisiana, Inc. | 23-90444 |
| Sheridan Healthcare of Missouri, Inc. | 23-90457 |
| Sheridan Healthcare of Vermont, Inc. | 23-90467 |
| Sheridan Healthcare of Virginia, Inc. | 23-90477 |
| Sheridan Healthcare of West Virginia, Inc. | 23-90484 |
| Sheridan Healthcare, LLC | 23-90357 |
| Sheridan Healthcorp of California, Inc. | 23-90371 |
| Sheridan Healthcorp, Inc. | 23-90384 |
| Sheridan Healthy Hearing Services, Inc. | 23-90397 |
| Sheridan Holdings, Inc. | 23-90410 |
| Sheridan Hospitalist Services of Florida, Inc. | 23-90422 |
| Sheridan InvestCo, LLC | 23-90430 |
| Sheridan Leadership Academy, Inc. | 23-90440 |
| Sheridan Radiology Management Services, Inc. | 23-90451 |
| Sheridan Radiology Services, Inc. | 23-90462 |
| Sheridan ROP Services of Alabama, Inc. | 23-90472 |
| Sheridan ROP Services of Florida, Inc. | 23-90483 |
| Sheridan ROP Services of Virginia, Inc. | 23-90490 |
| SHI II, LLC | 23-90495 |
| Southeast Perinatal Associates, Inc. | 23-90403 |
| Spotlight Holdco LLC | 23-90423 |
| St. Lucie Anesthesia Associates, LLC | 23-90441 |
| Streamlined Medical Solutions LLC | 23-90460 |
| Sun Devil Acquisition LLC | 23-90476 |
| Sunbeam Asset LLC | 23-90488 |
| Tampa Bay NSC, LLC | 23-90496 |
| Templeton Readings, LLC | 23-90499 |
| Tennessee Valley Neonatology, Inc. | 23-90503 |
| Tiva Healthcare, Inc. | 23-90508 |
| Torrance NSC, LLC | 23-90513 |

| | |
|---|---|
| Towson NSC, LLC | 23-90518 |
| Twin Falls NSC, LLC | 23-90521 |
| Valley Anesthesiology Consultants, Inc. | 23-90522 |
| Valley Clinical Research, Inc. | 23-90465 |
| West Fairview Emergency Physicians, LLC | 23-90473 |
| Weston NSC, LLC | 23-90481 |
| Wilton NSC, LLC | 23-90487 |

6. On October 11, 2023, the Court entered (i) the *Revised Order Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of the EVPS Debtors (Technical Modifications)* [Docket No. 1687] (the "EVPS Confirmation Order") and (ii) the *Order Confirming the Third Amended Joint Chapter 11 Plan of Reorganization of the AmSurg Debtors (Technical Modifications)* [Docket No. 1688] (the "AmSurg Confirmation Order," and together with the EVPS Confirmation Order, the "Confirmation Orders"). The Effective Date occurred on November 3, 2023, and the Plans have been substantially consummated. *See Notice of (I) Entry of Orders Confirming (A) the Third Amended Joint Chapter 11 Plan of Reorganization of the EVPS Debtors (Technical Modifications) and (B) the Third Amended Joint Chapter 11 Plan of Reorganization of the AmSurg Debtors (Technical Modifications) and (II)Occurrence of Effective Date* [Docket No. 1807]. The Confirmation Orders are final, non-appealable, and not subject to any pending appeal.[4]

7. To date, approximately 1,558 Proofs of Claim have been filed in these Chapter 11 Cases. The Reorganized Debtors are continuing to review the Proofs of Claim and may object to certain Proofs of Claim in the future (the "Claims Reconciliation Process").[5] Similarly, the

[4] *See* AmSurg Confirmation Order, ¶ 149 and EVPS Confirmation Order, ¶162 ("[This] Confirmation Order is a Final Order, and the period in which an appeal must be Filed shall commence upon the entry hereof."). Pursuant to Bankruptcy Rule 8002, an appeal must have been filed, within fourteen days of entry of the Confirmation Order. No such appeal of the Confirmation Order has been filed.

[5] *See* Article VII.G of the Plans.

Reorganized Debtors continue to negotiate pending Cure objections and may bring Cure disputes before the Court in the future pursuant to Article VII of the Plans (the "Cure Reconciliation Process"). In addition, pursuant to the Plans, all requests for payment of Professional Claims for services rendered and reimbursement of expenses incurred prior to the Effective Date must be filed no later than forty-five days after the Effective Date (the "Fee Applications").

8. Although the Reorganized Debtors do not anticipate any further significant contested matters related to their Chapter 11 Cases, miscellaneous motions, applications, pleadings, or other matters or proceedings may arise from time to time (together with the Claims Reconciliation Process, the Cure Reconciliation Process, and the Fee Applications, collectively, the "Remaining Matters"). Any Remaining Matters related to any of the Reorganized Debtors can be filed, administered, and adjudicated in the Remaining Case without any substantive or negative impact on any party in interest.[6]

9. The Reorganized Debtors believe that closing these Chapter 11 Cases other than the Remaining Case is in the best interest of the Reorganized Debtors as it will greatly reduce the fees attributable to remaining in chapter 11.

**Basis for Relief**

10. Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case." 11 U.S.C. § 350(a). Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, further provides that "[a]fter an estate is fully administered in a chapter 11

[6] The Reorganized Debtors reserve all rights to dispute any outstanding claims, and the failure of the Reorganized Debtors to object to any claim filed in these Chapter 11 Cases prior to entry of the Final Decree shall not cause such claim to be deemed allowed. The Reorganized Debtors request that the Court permit any objections to claims against or interests in any of the Chapter 11 Cases to be filed, administered, and adjudicated in the Remaining Case.

reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case." Fed. R. Bankr. P. 3022.

11. The term "fully administered" is not defined in the Bankruptcy Code, the Bankruptcy Rules, or the Bankruptcy Local Rules. The Advisory Committee Note to Bankruptcy Rule 3022 (the "Advisory Committee Note"), however, sets forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

i. whether the order confirming the plan has become final;

ii. whether deposits required by the plan have been distributed;

iii. whether the property proposed by the plan to be transferred has been transferred;

iv. whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;

v. whether payments under the plan have commenced; and

vi. whether all motions, contested matters, and adversary proceedings have been finally resolved.

Fed. R. Bankr. P. 3022, Advisory Comm. Note (1991). Courts look "to the advisory committee's notes on Bankruptcy Rule 3022 in seeking guidance as to the meaning of 'fully administered.'" *In re JCP Props., Ltd.*, 540 B.R. 596, 605 (Bankr. S.D. Tex. 2015).

12. In addition to the factors set forth in the Advisory Committee Note, courts have considered whether the plan of reorganization has been substantially consummated. *See, e.g.*, *In re JCP Props., Ltd.*, 540 B.R. at 605 (commenting that "substantial consummation is the pivotal question here to determine the propriety of closing the [case]"). Section 1101(2) of the Bankruptcy Code defines substantial consummation as the: (A) transfer of all or substantially all of the property proposed by the plan to be transferred; (B) assumption by the debtor or by the

successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and (C) commencement of distribution under the plan.

13. Bankruptcy courts have adopted the view that "[the Advisory Committee Note] factors are but a guide in determining whether a case has been fully administered, and not all factors need to be present before the case is closed." *In re SLI, Inc.*, Case No. 02-12608 (WS), 2005 WL 1668396, at *2 (Bankr. D. Del. June 24, 2005).

14. Courts have also noted that entry of a final decree is appropriate to stop the accrual of fees paid to the U.S. Trustee pursuant to section 1930 of the United States Code (the "Section 1930 Fees"). *See In re Jay Bee Enters., Inc.*, 207 B.R. 536, 539 (Bankr. E.D. Ky. 1997) (concluding that "it seems appropriate to close this case to stop the financial drain on the debtor" due to accrual of Section 1930 Fees).

15. Here, the foregoing factors weigh strongly in favor of closing all of the Chapter 11 Cases except for the Remaining Case (collectively, the "Affiliate Cases"). The Confirmation Orders are final orders, the Effective Date of the Plans have occurred, and the Plans are substantially consummated.[7] Closing the Affiliated Cases is consistent with the confirmed Plans, which provide that the Reorganized Debtors "shall, promptly after the full administration of the Chapter 11 Cases, File with the Bankruptcy Court all documents required by Bankruptcy Rule 3022 and any applicable order of the Bankruptcy Court to close the Chapter 11 Cases." AmSurg Plan at Art. XII.M.; EVPS Plan at Art. XII.M.

16. While the Reorganized Debtors acknowledge that the payment of certain claims may be pending, such claims will be paid pursuant to the Plans in the Remaining Case or outside

---

[7] Articles IX.D of both the EVPS Plan and the AmSurg Plan provide: "Substantial Consummation... as defined in 11 U.S.C. § 1101(2), shall be deemed to occur on the Effective Date."

the Chapter 11 Cases in accordance with the Bankruptcy Code and the Plans. Bankruptcy courts in the Fifth Circuit have entered final decrees and closed cases despite certain claims being unpaid. *See, e.g.*, *In re Anachoreta, Inc.*, No. 18-36960 (MI) (Bankr. S.D. Tex. Jun. 26, 2020); *In re EXCO Services, Inc.*, No. 18-30167 (MI) (Bankr. S.D. Tex. Nov. 12, 2019). "The court should not keep [a] case open only because of the possibility that the court's jurisdiction may be invoked in the future." Fed. R. Bankr. P. 3022, Advisory Comm. Note (1991). Moreover, the entry of the Final Decree closing the Affiliate Cases would be without prejudice to creditors' rights to petition the Court to reopen any of such cases pursuant to section 350(b) of the Bankruptcy Code.

17. The Reorganized Debtors will work to resolve the Remaining Matters. To the extent issues arise relating to the Reorganized Debtors, such matters can be resolved under the Remaining Case without keeping the dockets of the Affiliate Cases open. Closing the dockets of the Affiliate Cases will have no impact on the resolution of any remaining claims or distributions, other legal entitlements under the Plans, or the substantive rights of any party in interest, and would stop the accrual of Section 1930 Fees associated with the Affiliate Cases. Accordingly, entry of the Final Decree closing the Affiliate Cases is in the best interests of the Reorganized Debtors and an appropriate use of the Court's equitable powers pursuant to section 105(a) of the Bankruptcy Code.

**Notice**

18. The Debtors will provide notice of this motion to the following: (a) the U.S. Trustee for the Southern District of Texas; (b) counsel to the Committee; (c) counsel to the ABL Agent; (d) counsel to the RCF Agent; (e) counsel to the Ad Hoc Group of First Lien AmSurg Lenders; (f) counsel to the AmSurg 2L Group; (g) counsel to the Envision Ad Hoc Group; (h) counsel to the Unsecured Notes Group; (i) counsel to the Consenting Sponsors; (j) the United States Attorney's Office for the Southern District of Texas; (k) the Internal Revenue Service; (l) the United States

Securities and Exchange Commission; (m) the state attorneys general for states in which the Debtors conduct business; and (n) any party that has requested notice pursuant to Bankruptcy Rule 2002 and Bankruptcy Local Rule 9013-1(d). In light of the nature of the relief requested, no other or further notice is required.

WHEREFORE, the Reorganized Debtors request that the Court enter the Final Decree granting the relief requested herein and such other relief as the Court deems appropriate under the circumstances.

Houston, Texas
November 20, 2023

*/s/ Rebecca Blake Chaikin*

**JACKSON WALKER LLP**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Rebecca Blake Chaikin (TX Bar No. 24133055)
Vienna Anaya (TX Bar No. 24091225)
Javier Gonzalez (TX Bar No. 24119697)
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone: (713) 752-4200
Facsimile: (713) 752-4221
Email: rchaikin@jw.com
vanaya@jw.com
jgonzalez@jw.com

*Co-Counsel to the Reorganized Debtors*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Edward O. Sassower, P.C.
Nicole L. Greenblatt, P.C. (admitted *pro hac vice*)
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: esassower@kirkland.com
jsussberg@kirkland.com
ngreenblatt@kirkland.com

- and -

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
John R. Luze (admitted *pro hac vice*)
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: john.luze@kirkland.com

*Co-Counsel to the Reorganized Debtors*

**Certificate of Service**

I certify that, on November 20, 2023, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

*/s/ Rebecca Blake Chaikin*
Rebecca Blake Chaikin