United States Bankruptcy Court
Southern District of Texas
**ENTERED**
January 16, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ENVISION HEALTHCARE CORPORATION, *et al.*,[1] | ) ) ) ) | Case No. 23-90342 (CML) |
| Reorganized Debtors. | ) ) ) | (Jointly Administered) |

**STIPULATION AND AGREED ORDER GRANTING
LIMITED RELIEF FROM THE AUTOMATIC STAY AND PLAN INJUNCTION**

This Stipulation and Agreed Order (the "Stipulation") is entered into by and among (a) the above-captioned reorganized debtors (collectively, the "Reorganized Debtors") and (b) Nancy Pineda Guion and Jenery E. Guion (collectively, the "Claimants," and together with the Reorganized Debtors, the "Parties"). The Parties hereby stipulate and agree as follows:

WHEREAS, on May 15, 2023 (the "Petition Date"), each Reorganized Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court").

WHEREAS, on November 11, 2023, Claimants commenced a civil action by filing and serving a complaint against, among other parties, Reorganized Debtor Envision Physician Services, LLC and Envision Healthcare Corporation[2] in the Eighth Judicial District Court, Clark County, Nevada (the "Nevada Court"), under Case No. A-23-881396-C, which is currently

---

[1] A complete list of each of the Reorganized Debtors in these chapter 11 cases and the last four digits of their federal tax identification numbers may be obtained on the website of the Reorganized Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Envision. The Reorganized Debtors' service address is 20 Burton Hills Boulevard, Suite 500, Nashville, Tennessee 37215.

[2] As of November 3, 2023, Envision Healthcare Operating, Inc. will be the go-forward defendant in place of Envision Healthcare Corporation.

captioned *NANCY PINEDA GUION and JENERY E. GUION, vs. VALLEY HOSPITAL MEDICAL CENTER, INC., d/b/a VALLEY HOSPITAL MEDICAL CENTER; VALLEY HEALTH SYSTEM, LLC, d/b/a VALLEY HOSPITAL MEDICAL CENTER and CENTENNIAL HILLS HOSPITAL; UNIVERSAL HEALTH SERVICES, INC., d/b/a VALLEY HOSPITAL MEDICAL CENTER, LLC, VALLEY HOSPITAL MEDICAL CENTER, and CENTENNIAL HILLS HOSPITAL; ENVISION PHYSICIAN SERVICES, LLC; ENVISION HEALTHCARE COPORATION; DESERT RADIOLOGY IMAGING, LLC, d/b/a DESERT RADIOLOGY; RADIOLOGY PARTNERS IMAGING, INC., d/b/a DESERT RADIOLOGY IMAGING and DESERT RADIOLOGY; GARET ZAUGG, DO; GARET ZAUGG, DO, PC, d/b/a GARET ZAUGG, DO; MARKO MARBELLA, MD; VAN T. NGUYEN, MD; SURESH RODIL, MD; ROBIN MYERS, SLP; GENEVIEVE DEROUEN, RN; CHEYENNE CODILLA, RN; DOES 1 through 15; and ROE BUSINESS ENTITIES 1 through 15,* (the "Guion Action"). As more fully set forth therein, the Guion Action asserts certain medical negligence claims against the defendants (the "Claims").

WHEREAS, the Reorganized Debtors may have insurance policies in place that would provide coverage in connection with the Claims (the "Insurance Policies").

WHEREAS, Claimants seek limited relief from the Automatic Stay and Plan Injunction to pursue the Claims in the Guion Action for the limited purpose of recovering solely from the proceeds of the Insurance Policies of the Reorganized Debtors, if any, and other named parties and not from the Reorganized Debtors or their employees, and/or the assets of any of the foregoing other than the applicable insurance policies, notwithstanding whatever recovery may be obtained by Claimants from any of the applicable Insurance Policies, including any deficiency which may arise by virtue of a judgment in an amount greater than the limits of coverage.

WHEREAS, the Parties have agreed, subject to approval of the Bankruptcy Court, to modify section 362 of the Bankruptcy Code (the "Automatic Stay") and the injunction provision (the "Plan Injunction") imposed by Article VIII.F of the *Third Amended Joint Chapter 11 Plan of Reorganization of the EVPS Debtors (Technical Modifications)* [Docket No. 1651] for the limited purpose and subject to the terms and conditions set forth below.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON APPROVAL BY THE BANKRUPTCY COURT OF THIS STIPULATION, IT IS SO ORDERED as follows:

1. The foregoing recitals are hereby incorporated by reference into this Stipulation with the same force and effect as if fully set forth hereinafter.

2. The Automatic Stay and Plan Injunction shall be modified to a limited extent to permit the Claimants to pursue the Claims for the limited purpose of recovering solely from the proceeds of the Insurance Policies, if any, and not from any of the Reorganized Debtors or their estates.

3. The Claimants shall not seek any recovery from the Reorganized Debtors, their estates, or their successors for any amounts that may be awarded to Claimants in connection with the Claims.

4. The Claimants shall not make any demand or seek to collect any sum from any other entity including the Reorganized Debtors, the Reorganized Debtors' employees, and/or the assets of any of the foregoing other than the applicable insurance policies, notwithstanding whatever recovery may be obtained by Claimants from any of the applicable Insurance Policies, including any deficiency which may arise by virtue of a judgment in an amount greater than the limits of coverage.

5. To the extent applicable, the Automatic Stay and Plan Injunction are hereby modified, if and to the extent necessary, to permit any insurer from which coverage is sought pursuant to the Claimants' Claims (or any third-party administrator with respect to such Claims) to administer, handle, defend, settle, and/or pay such claims in the ordinary course of business and without further order of this Bankruptcy Court.

6. Nothing herein (a) precludes or limits, in any way, the rights of any insurer to contest and/or litigate the existence, primacy, and/or scope of available coverage under any allegedly applicable insurance policy or to otherwise assert any defenses to coverage; (b) constitutes, or should be construed as, a determination or admission that coverage exists with respect to any claims; or (c) precludes or limits, in any way, the rights of the Claimants to pursue their Claims in the Guion Action against the other parties and/or any applicable insurance policies.

7. Neither this Stipulation, nor any terms contained herein shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the parties hereto, other than as may be necessary: (a) to obtain approval and to enforce this Stipulation; (b) to seek damages or injunctive relief in connection therewith; or (c) to prove that the Automatic Stay and Plan Injunction have been modified to allow prosecution of the Guion Action to proceed in the Nevada Court.

8. The Claimants must file this Stipulation in the court in which the Guion Action is pending within five (5) business days after the approval by the Bankruptcy Court and the entry of this Stipulation on the Bankruptcy Court docket.

9. By entering into this Stipulation, the Reorganized Debtors are not waiving and will not be deemed to have waived any available defenses, including at law, equity, or otherwise, including with respect to the Guion Action.

10. Neither this Stipulation nor any negotiations and writings in connection with this Stipulation will in any way be construed as or deemed to be evidence of or an admission on behalf of any party regarding any claim or right that such party may have against the other party.

11. Each of the parties hereto represents and warrants it is duly authorized to enter into and be bound by this Stipulation.

12. The terms and conditions of this Stipulation will be immediately effective and enforceable upon its entry.

13. The Reorganized Debtors are authorized to take all actions necessary to effectuate the relief granted in this Stipulation.

14. The Bankruptcy Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Stipulation.

**THE FOREGOING STIPULATION IS HEREBY APPROVED AND SO ORDERED.**

Signed: January 16, 2024

_____
Christopher Lopez
United States Bankruptcy Judge

Stipulated and agreed by:

Houston, Texas
January 12, 2024

| | |
|---|---|
| */s/ Vienna Anaya* | |
| **JACKSON WALKER LLP** | **KIRKLAND & ELLIS LLP** |
| Matthew D. Cavenaugh (TX Bar No. 24062656) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Rebecca Blake Chaikin (TX Bar No. 24133055) | Edward O. Sassower, P.C. |
| Vienna Anaya (TX Bar No. 24091225) | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Javier Gonzalez (TX Bar No. 24119697) | Nicole L. Greenblatt, P.C. (admitted *pro hac vice*) |
| 1401 McKinney Street, Suite 1900 | 601 Lexington Avenue |
| Houston, TX 77010 | New York, New York 10022 |
| Telephone: (713) 752-4200 | Telephone: (212) 446-4800 |
| Facsimile: (713) 752-4221 | Facsimile: (212) 446-4900 |
| Email: rchaikin@jw.com | Email: esassower@kirkland.com |
| vanaya@jw.com | jsussberg@kirkland.com |
| jgonzalez@jw.com | ngreenblatt@kirkland.com |
| | |
| | - and - |
| | |
| | **KIRKLAND & ELLIS LLP** |
| | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| | John R. Luze (admitted *pro hac vice*) |
| | 300 North LaSalle Street |
| | Chicago, Illinois 60654 |
| | Telephone: (312) 862-2000 |
| | Facsimile: (312) 862-2200 |
| | Email: john.luze@kirkland.com |
| | |
| *Co-Counsel to the Reorganized Debtors* | *Co-Counsel to the Reorganized Debtors* |

-and-

*/s/ Brett A. Carter*
**BERTOLDO CARTER SMITH & CULLEN**
Brett A. Carter, Esq.
748 West Sahara Avenue
Las Vegas, Nevada 89117
Telephone: (702) 228-2600
Facsimile: (702) 228-2333
Email: carter@nvlegaljustice.com

*Counsel to Claimants*